FILED
2004 FEB -9 P 4: 57
U.S. DISTRICT COURT
HARTFORD, CT.

Ignatius Omeadi Okonkwo
B.O.P #16057-265
Federal Detention Center
P.O Box 5010
Oakdale, LA. 71463.

February 3rd, 2004.

Honorable Alvin W. Thompson
United States District Judge
For The District of Connecticut
450 Main Street
Hartford, Ct. 06103

RE: <u>Petitioner Okonkwo, Objects To Respondent Second Motion For Enlargement Of Time Civ. No 3:02-CV-1733 (AWT)</u>

Dear Judge Thompson:

Petitioner now, objects to respondent second motion for enlargement of time. Petitioner is not waiting for adjustment of status pursuant to 8usc 1225, Immigration and Nationality Act Section 245, that petition has been long conspired against since 2001, and will be denied, according to the INS counsel Carl E. Perry.

petitioner's status has been already adjusted to the status of that of a Lawful permanent Resident, since September 6, 1990, and that was the Constitutional issues petitioner brought to this Court for Consideration, as respondent alleged that he is an arriving alien.

petitioner, only re-filed this application when he filed for freedom of Information Act to obtain all the necessary information on his immigration file, but the government, has made away with most of the documents on his file, including his alien card. The government now told petitioner, that he was only issued employment authorization card, not alien card, to go ahead and refiled for another one.

petitioner found out that his status has been adjusted to that of a Lawful permanent Resident, since September 6, 1990, when he went to writ hearing at middle District Court of pennsylvania. petitioner's appointed assistant federal public defender D. Toni Byrd, then told petitioner, that he is not an arriving alien, as alleged by the government, that I have an alien card. She also told me, to go and challenge it, on administratwe level before coming back to

Federal Court, in that way I should exhaust my administrative remedy. See Fact No. 2, 3, 4, and 5, of Joint Statement of uncontested Facts, previously submitted as exhibit on this case.

Petitioner now alleged, that it is unconstitutional, to have two alien cards, as Congress has passed the law on identity fraud or theft. Petitioner then brought the allegation, to the immigration court, to challenged it on an administrative level, that he is not an arriving alien as alleged, on August 6, 2002, that the proceedings should be terminated as a result of newly discovered evidence and materially changed in circumstances. The immigration Judge noted that something is not right, and he said, "That I am getting tired of this case and I'm about to get rid of it," he further stated, "I'm surprised to hear that the petitioner was issued a temporary resident card, since September 6, 1990, and here we are waiting for another one.

The INS Assistant chief Counsel, Carl E. Perry, then objected, and said to the court, in 1987, that petitioner was granted voluntary departure until January 15, 1988, but he failed to depart. In respond, petitioner presented the INS Counsel, with his airticket of departure 1988, and a Certificate

of eligibility for his extension of voluntary departure from the government to depart after his graduation on may 27, 1988. He asked petitioner, second questioned, how did I come back to the country, again, I presented him with a copy of my visa and I-94 showing that I was admitted back to the United States, after my voluntary departure, on June 28, 1989. After I have presented him with all the necessary evidence and convince he beyound the reasonable doubt, He then said, that I am not musa mohammed. Nevertheless, petitioner objected and asked the court Three Questions:

(1) whether, if petitioner Okonkwo, is not musa mohammed, then who is musa mohammed, and whose finger printing is in the surface of the said alien card, united states is best in the world, in forensic science, the government can match the finger printing and determine, whether Okonkwo, is musa mohammed.

(2) my second question to the court, is "whether, if petitioner Okonkwo, is not musa mohammed, then the court should let petitioner Okonkwo, go and the government should then look for musa mohammed. See fact No, 7 and 12, of the Joint statement of uncontested facts. On fact No. 7, it said, on November 22, 1995, Okonkwo, as musa mohammed was paroled into the united states until November

22, 1996, and on fact No. 12, it said Musa Mohammed charging Okonkwo as an arriving alien.

(3) My Third question to the Court, is whether, if Cacious Clay, is not Mohammed Ali, then who is Mohammed Ali. The immigration Judge, Charles A. Wiegand, III laughed and I presented him with the joint statement of uncontested facts, from The Middle District Court, of Pennsylvania, as evidence. Since it was said, that findings of fact or conclusions of law, which are not disputed are noted with a "U" in parenthesis after each such findings. But the immigration Judge Charles A. Wiegand, did not buy that idea, he said, sometimes the federal courts, don't know what they are doing.

Petitioner, then brought to his notion that the Second petition he filed for adjustment of status, has been transferred to Oakdale, Louisiana deportation Center. Petitioner called Mesquites, Texas Service Center, regarding the status of his petition, and spoke to an officer Ms. Gail, Badge number 6614, she told petitioner that his file has long been transferred to Oakdale, deportation center, that they needed it. Petitioner, also brought to the attention and



knowledge of the immigration Judge charles A. Wiegand, III with a sworn affidvit motion, on what his formal immigration lawyer, Mr. Nesom told petitioner, and his family. That the INS counsel Mr. carl E. perry, said "he will do anything and everything to ensure petitioner's deportation back to his country, irrespective of the fact that his conviction upon which petitioner's detention and deportation are based has been vacated", that he will rather die to see petitioner released, from custody and is likely to deny petitioners petition for adjustment of status", which is un-ethical statement.

petitioner now knew, that he was misled to filed for another petition for adjustment of status, and that his first alien card, was maliciously withheld, when his file was transferred from mesquite, Texas service center, by INS counsel Mr. carl E. perry to oakdale, deportation center, and when his formal immigration attorney, Mr. Nesom, told him and his family, what the INS counsel said, that the only court that will release him, is the federal court, that my release will not come from oakdale, Louisiana. That is when petitioner knew his second petition will be denied, irrespective, that mesquite, Texas service center,

issued him, employement Authorization card, on July 10, 2001 to July 10, 2002. However, denying, petitioner Second petition, after he was issued employment Authorization card means that, he has first been issued an alien card since, 1990. Furthermore, God almight adhered to petitioner prayers, when I found out during the writ hearing at middle District Court, of pennsylvania, that his status has been adjusted to that of a permanent resident, since september 6, 1990.

Now the <u>question</u> for this Court <u>Consideration</u> is "whether in the light of petitioners religious believes, as federal law prohibits Discriminations on the grounds, of race, color, age, and religion, whether petitioner Okonkwo, has the right to change his name to Musa Mohammed, on grounds of his religious believes. Suggestion Answer: Affirmative.

On or about march 13, 2003, petitioner then filed motion for reconsideration and redetermination of bond, based on newly discovered evidence and materially changed in circumstances challenging the issues of arriving alien as alleged by respondent and the court. that he has not exhaust his administrative remedies, on

(8)

the issues of arriving aliens. The immigration judge denied the motion, saying, "there no materially changed in circumstances and that he has no authority over the apprehension, custody, and detention of arriving aliens, and is without authority to consider a bond request from an arriving alien. petitioner, then appealed the immigration judge decision, to Board of immigration Appeals, challenging the issue of an arriving aliens based on the newly discovered evidence, materially changed in circumstances and federal code regulations of an arriving aliens. However, The Board of immigrations appeals affirmed the immigration Judge decision, per curiam, without opinion, then petitioner brought it to this federal Court, consideration as a Constitutional issue.

Now the <u>Second question</u> for this <u>Court Considerations</u> is, "whether an alien with a resident card, and has no conviction, is he an arriving alien." Suggestion Answer: affirmative.

Finally but not the least, like the special agent who issued my Notice to appear, at Hartford Connecticut, said to me, good luck, Oakdale,