UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD, CONNECTICUT

IGNATIUS UMEADI OKONKWO )
PETITIONER, ) CIV. NO. 3:02CV1733
   -vs- ) (AWT)
JOHN ASHCROFT, ET. AL., )
RESPONDENT )

## UP TO DATE STATUS REPORT

① On or about August 6, 1989, petitioner Okonkwo, changed his name to Musa Mohammed, based on his religious believes. (See Exhibit I — A sworn affidavit as previously submitted, to the service, when petitioner applied for legalization on June 20, 1990.)

② On or about June 20, 1990, petitioner was legalized under his religious name Musa Mohammed and his two other native names were also included in the application form as required. Other names used or known by (including maiden name, if married). Petitioner also specified in the application form that he have dual citizenship (Nigeria/Ghana)

③ On or about September 6, 1990, INS, now known as ("BICE") issued Employment Authorization, to petitioner Okonkwo, as Musa Mohammed, with a discrepancy as to petitioner's age and place of birth, instead of June 25, 1960, and place of birth, Nigeria.

(3) The erroneously entered August 6, 1960, and Born in Accra, Ghana. Nevertheless, this might be the fault of petitioner's Attorney, who filed the petition the first time for the petitioner. Petitioner, brought the discrepancy to the attention of the front desk immigration officer, by the name of "**Bruce**", the next day, at 450 main Street, Hartford, Connecticut, third or Fourth Floor. With a sworn affidavit as to his actual age and place of birth, he promised that they would make the necessary charge, but never did. Petitioner also specified this on his first habeas previously submitted to this honorable Court, on August 26, 2002.

(4) Also, on or about September 6, 1990, INS (BICE) issued a temporary resident card, to petitioner Okonkwo, as Musa Mohammed. Petitioner never had any knowledge that he was issued temporary resident card, on September 6, 1990, untill he went to writ trial in the United States District Court for the Middle District of Pennsylvania. All the time the INS, has been telling petitioner, that he has no status in the United States, it appeared that the INS maliciously sat on his temporary Resident Card, and continued detaining petitioner, unlawfully since December 14, 1999, under the allegation of being inadmissible under section 212(7)(A)(I)(I) of the Immigration and Nationality

③

Act. Although IIRIRA eliminated Judicial review of claims under C.S.S, that was not effective until April 1, 1997. The memo means that, had petitioner not previously applied for adjustment, petitioner would have been without legal status now. Thus the conclusion does not effect his status at entry in 1995, two years before IIRIRA, as lawful at entry.

⑤ On or about **October, 2000**, INS now (BICE) indicated it will adjust status to CSS aliens using form I-687, this process is explained in the accompanying text from interpreter release, VOl. 77, NO. 34. September 4, 2000. Petitioner then completed the interpreter release, VOl. 77. (**See Exhibit 2** — The Completed interpreter releases dated October 17, 2000), and sent it, to Vermont Service Center.

⑥ On or about March 31, 2001, The Immigration And Naturalization Vermont Service Center sent a letter and Form I-687, to petitioner Okonkwo, advising him "our review indicates you have established your claim", to submit a form I-687, Application for status as a temporary resident, and other required documents and mail it, with the notice to Mesquite, Texas Service Center. (**See Exhibit 3** — The Memo from Vermont Service Center, and also see Fact NO: 39, of Joint statement of un contested

Facts), previously submitted as exhibits to this court.

(7) On or about ~~march~~ May 15, 2001, petitioner Okonkwo, completed the form I-687, in the same manner, he did, when he first applied in June 20, 1990, using his native name, Since INS (BICE) is alleging that his name is not "Musa Mohammed," whereas the Service (INS) were charging him as Musa Mohammed, (See Exhibit 4 - The completed Form I-687).

8. The immigration and Naturalization Mesquite Texas Service Center, sent petitioner Okonkwo, an Employment Authorization card, along with Form I-797D (Rev. 3-1-00), saying your application has been approved. (See Exhibit 5 - The Employment Authorization and the Approval Notice)

(9) On or about June 15, 2001, The Texas Service Center sent petitioner a "Notice of Action", after petitioner ~~Ser~~ have sent all the necessary requirments for the application for status as a temporary resident. (See Exhibit 6 - The Receipt of the payments), it usually takes 120 to 180 days from the date of this receipt for us to process this type of case.

(10) On or about August 6, 2002, after the writ trial

in the middle District Court of Pennsylvania, petitioner Okonkwo, brought with him, the joint statement of un-contested facts, during the removal proceedings and show it, to immigration Judge, on fact No:5, it said, also that on september 6, 1990, Okonkwo as musa mohammed, was issued a temporary resident card. The immigration Judge saw with me and noted that something is wrong and stated, (see it at Exhibit 6, at 2, of the Supplemental petition for writ of habeas Corpus filed on this Court, dated November 21, 2003).

(11) ~~In or about~~ On the same exhibit 6, at 2, Petitioners Attorney Mr Nesom, told petitioners family and Petitioner, what the INS Counsel Mr. Carl E. perry said, (see the said, statement at exhibit 6 at 2 or at page 11 of the Supplemental petition for writ of habeas Corpus to this Court, dated November 21, 2003)

(12) petitioner Okonkwo, Hassent three correspondence, at different occasions requesting for the status of his petition as a temporary resident, to the Director, Mr. James J. Burzynski, of Texas Service Center. The first ~~on~~ September 3, 2002, the second on february 13, 2003, and the third on April 14, 2003. Since it was Said, that it

Center, and transferred to Oakdale, Louisiana. It was never adjudicated by Missouri Service Center.

(15) On or about May 22, 2002, petitioner's Federal Public Defender, D. Toni Byrd, sent him some legalization forms for Life Act, inviting the class memberships in the Catholic Social Service (CSS) v. Reno, 113 S.ct. 2485 (1993). Whether you are initially denied or not, to come and adjust their status to Permanent Resident (under section 485 of the Immigration and Nationality Act). Petitioner filled out the application forms and sent the fees and all the documents that was required to the Chicago Service Center. (See Exhibit 9 — The receipt of the payments).

(16) Now, Chicago Service Center, transferred this action for the adjustment of status as a Permanent Resident, under Section 1-485 of the Immigration and Nationality Act, to Missouri Service Center. who sent petitioner, "Request for Additional Evidence" Form G-325A (Biographic Information), which petitioner did sent to them. (See Exhibit 10 — The Request for Evidence and A copy of Form G-325A, Biographic information).

(17) On or about February 26, 2003, Missouri Service

Center, sent another "Notice Type": Request For Evidence, for my fingerprinting And Biometrics, which petitioner paid for. But the government refused to process my fingerprinting And Biometrics. (See Exhibit 11 — The request and the receipt of my payment).

(18) On or about April 28, 2003, During the removal proceeding, petitioner Okonkwo, brought to the attention of the Immigration Judge, that he paid $50.00, for fingerprinting and Biometrics, but the government refused to process my finger print. See it on exhibit 11, the receipt of the payment. Immigration Judge then, instructed the Service to process petitioners fingerprint and photograph, and send it, on petitioners behalf, to missouri Service Center. Again they refused to send it.

(19) On or about July 1, 2003, During the removal proceeding, Again petitioner brought to the knowledge of immigration Judge, Charle A. Wiegand III, that the government never sent his fingerprinting and Photograph, as he instructed them. The immigration Judge now instructed the INS counsel Mr. Jerry A. Beatmann, to make sure he send it on my behalf to the missouri service Center,

instructed by the immigration Judge, Charles A. Wiegand III, ". He claimed that he did sent it, but he did not, because my mail from the Service Center don't come to me, direct. (See Exhibit 15 — Notice of Intent to Deny).

24) On or about February 13, 2004, petitioner Okonkwo, write to missouri Service center, requesting for enlargement of time of thirty (30) days, up to and including march 31, 2004, to file a comprehensive status report on this case, that petitioner Okonkwo, is actually musa mohammed, as as has applied for class membership prior to october 1, 2000, with a sworn affidavit. petitioner also stated, that he is being detained at Federal Detention center, Oakdale, louisiana, and has no immediate access to support his pending application as requested by the service center. The petitioner will first request it, from his family to send it to him, before he could sent it, to service center. (see Exhibit 16 — The receipt of the certified mail for extension of time).

please read this exhibit very carefully. very important ★

25) On or about February 18, 2004, the missouri Service center, sent petitioner Okonkwo, a "Transfer Notice", Stating that "We have transferred the above application or petition to the INS office at:" We transferred this case because the record

for class memberships, in one of the legalization class action lawsuit, mentioned above. Petitioner was astonished, because he received a transfer Notice, from missouri service center, that they lack jurisdiction, that the action is transferred to chicago service center. Petitioner immediately object, brought it to the attention of immigration judge, that, that decision is fraudulent, that I recewed a transfer Notice from missouri service center, stating that they transferred the petition because of lack of jurisdiction. The immigration Judge, charles A. wiegand now asked, the INS counsel mr. Jerry A. Beatmann, did he, received the transfer Notice, he said no, and the immigration judge, rescheduled the hearing until march 23, 2004, to enable me, bring the transfer notice to the court. On march 23, 2004, During the removal proceedings, petitioner Okonkwo, brought with him to the court, the transfer notice to immigration judge, from missour service center. stating that they transferred the petition to chicago service center, because the lack jurisdiction. The immigration Judge, was astonished and saw with me. (See Exhibit 18 — Notice of Decision.)

(27)      <u>From Here is very important Note.</u>
   Now, the first temporary Resident card, was issued, to petitioner okonkwo, as musa mohammed, on september 6, 1990. which

petitioner never received from the government.

The second was approved under his native name, from mesquite, Texas Service Center, and transferred to Oakdale, Louisiana, after waiting for four (4) years, still petitioner do not know the status of the one transfer to Louisiana. See exhibit 8 — The Notice of the transfer.

Now the government "want to use one stone, to kill two birds". The government want to use the petition, the petitioner filed under section I-485, application to register permanent Resident or Adjust status, to deny the two that was approved under section 245A of the immigration Nationality Act.

To clarify these cloud engenders by these convoluted record of these proceedings, That petitioner Okonkwo, did filed a timely application or written claim for class memberships in the catholic social service (CSS) v. Reno, 113 S.Ct. 2485 (1993), on or about october 1, 2000.

Petitioner Okonkwo, will now call on this Honorable Court, Honorable senior Judge, Alvin W. Thompson, and the Assistant United States attorney, Mr. William M. Brown, Jr. To be his witness, that the government, said it all on his behalf, that I did filed for legalization as class membership under catholic social service (CSS) v. Reno, before october 1, 2000.

28) Attached herewith as Exhibit "19", — are true and accurate copies of government "Opposition To Motion To Reconsider Petitioner's Bond", date August 11, 2000, at page 3, paragraph I. The government said it all, on behalf of petitioner, that petitioner Okonkwo, filed a legalization application on or about June 20, 1990, with the Service and was granted employment authorization as a class member in Catholic Social Service, (CSS) v. Reno 113. S. Ct 2485 (1993).

29) Attached herewith as Exhibit "20", — are true and accurate copies of government "Supplemental Response to Order to Show Cause, from middle District Court of pennsylvania, dated January 17, 2002, and the other one dated February 14, 2002, both; The government said it all again, on behalf of petitioner Okonkwo, at page 2, paragraph 2. That In 1990, petitioner Okonkwo, filed an application to adjust his status to lawful Permanent Resident.

30) Also, See Facts NO: 2, 3, 4, 5, 39 and 40, of Joint Statement of uncontested facts, I said it all, on behalf of petitioner. And it is uncontested and undisputed, that petitioner Okonkwo, also has identified himself as musa mohammed, musa mohammed, is my religious name. See also Exhibit I

EXHIBIT "1"

## AFFIDAVIT OF DECLARATION OF NAME CHANGE

I, Ignatius Okonkwo, of full age, first duly sworn state as follow:

1) On or about August 6, 1989, I changed my name to Musa Mohammed, based on religious believes;

2) I have also identified myself as Musa Mohammed;

3) Musa Mohammed is my religious name;

4) On or about June 20, 1990, I legalized under my religious name, Musa Mohammed, and my two other native names were also included in the application form as follows: Other names used or known by (including maiden name, if married). I also specified in the application form that I have dual citizenship (Nigeria/Ghana).

5) On or about September 6, 1990, INS, now known as "BICE" issued me employment authorization, with a discrepancy as to my age and place of birth instead of June 25, 1960 and place of birth, Nigeria. They erroneously entered August 6, 1960, and born in Accra, Ghana. Nevertheless, I brought this issue to the attention of the front desk immigration officer by the name of "**Bruce**", with a sworn affidavit as to my actual age and place of birth, he promised that they would make the necessary change, but never did.

6) Also, on September 6, 1990, INS (BICE) issued me a temporary resident card as Musa Mohammed. I never had any knowledge that I was issued temporary resident card on September 6, 1990, until I went to writ trial in the United States District Court for the Middle District of Pennsylvania. INS informed me that I have no status in the United States, and maliciously has been detaining me since December 14, 1999, on the allegation of being inadmissible under section 212(a)(7)(A(i)(I) of the Immigration and Nationality Act.

I swear under penalty of perjury pursuant to 28 U.S.C. § 1746, that the forgoing is true and correct to the best of my knowledge and belief.

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF March, 2004.

_____
NOTARY PUBLIC

_____
Ignatius Okonkwo

EXHIBIT "2"

Appendix I

U.S. Department of Justice
Immigration and Naturalization Service

## Legalization Front-Desking Questionnaire

"A" Number (list all A-numbers relating to you)
**A26 792 202**

1. Name (Family Name in CAPITAL letters, First, Middle) (list all names used, if applicable)
**OKONKWO, IGNATIUS UMEADI** [Musa Mohammed, Okonkwo Nwankeoma]

2. Present Address (Apt. No.)
(Number and Street) (Town or City) (State) (Zip)
**121 Smith Drive, East Hartford CT. 06118**

3. Country of Citizenship/Nationality
**NIGERIA / NIGERIAN**

4. Date of birth (DD/MM/YYYY) **6/25/60**
Place of birth **NIGERIA**

5. Did you file an application for legalization (amnesty) under the Immigration Reform and Control Act of 1986 ("IRCA")? ☐ Yes ☒ No
If your answer is "yes", where did you file that application? Place of filing _____ Date of filing _____

6. If your answer to question 5 above is "yes", please explain the circumstances under which you filed. If your answer to question 5 above is "no", please explain why you did not file an application. You may continue your explanation on additional sheets.

I was told by Qualified Designated Entity (QDE) that the due date of one year for the application period has passed, and that I was ineligible because I left the country without informing the INS, or without Advance parole after May 1st, 1987.

7. Did you visit an Immigration and Naturalization Service (INS) office or a Qualified Designated Entity (QDE) to apply for legalization? ☒ Yes ☐ No

8. If yes, which office (QDE or INS) did you visit? **New York** where was the office located? **New York**

9. If your answer to question 7 is "yes", please describe in detail exactly what happened during your visit. You may continue your explanation on additional sheets.

I was told by the Qualified Designated Entity (QDE) that the due date of one year for the application period has passed, and that I was ineligible because I left the country without an advance parole or without informing the INS after May 1st, 1987.

10. Did you attempt to file a complete legalization (amnesty) application along with the appropriate fee at an INS office or at a QDE? ☒ Yes ☐ No
If your answer is "yes", where (INS or QDE) did you attempt to file? Place of filing **New York** Office location **New York** Date of filing **1989**

11. If your answer to question 10 is "yes", explain in detail what happened when you attempted to file and state what you brought with you to the INS or QDE office. You may continue your explanation on additional sheets.

I was told by Qualified Designated Entity (QDE) that the due date of one year for the application period has passed, and that I was ineligible because I left the country without informing the INS and without advance parole after May 1st 1987. I brought with me a copy of my Airline Ticket, Passport, $185 application fee, mails, post-dated pictures, receipts, declaration from a 3rd party and other documents showing that I have lived in the U.S. prior to January 1st, 1982.

13. I certify under penalty of perjury that the statements I have made in this application are true and correct to the best of my knowledge and belief.

10-17-00

10/17/00
Notary public

77 INTERPRETER RELEASES      1296      September 1, 2000

Appendix I. continued

AFFIDAVIT FOR DETERMINATION OF CLASS MEMBERSHIP IN LEAGUE OF UNITED LATIN AMERICAN CITIZENS v. INS (LULAC)

APPLICANT: IF YOU REQUIRE MORE SPACE TO FULLY ANSWER ANY QUESTIONS ON THIS FORM YOU MAY ATTACH A SEPARATE SHEET AND IDENTIFY EACH ANSWER WITH THE NUMBER OF THE CORRESPONDING QUESTION. YOU MUST BRING THE FORM, PROPERLY NOTARIZED, WITH THE OTHER REQUIRED FORMS AND EVIDENCE TO THE OFFICE OF IMMIGRATION LEGALIZATION HAVING JURISDICTION OVER YOUR ACTUAL PLACE OF RESIDENCE.

1. Name      2. Date of Birth    3. Place of Birth

Okonkwo, Ignatius Umeadi     6/25/60     NIGERIA

Last    First    M.I.

4. Other Names Used

Musa Mohammed, okonkwo Nwankeoma

5. Have you ever applied for legalization? (If yes, give the date, place of filing, file number, and final disposition) Yes, under CSS v. Reno with Alien No. A93 028 854. This application was pending untill 4/1/97 when IIRIRA eliminated juticial review of claims under CSS, and class member are no longer entitled to any immigration benefit.

6. Do you have any records with the Immigration Service? (If yes, explain nature and location)
Yes, I came in on a student visa, was declared out of status in 1983, but re-instated back to student visa status in 1984 at Minnesota.

7. When did you first enter the United States?     6/25/81

8. How did you first enter at that time? (Location, class of admission)

Canada, through Detroit, Michigan without inspection.

9. How did you violate your status?

I came in without inspection or without any status.

10. When, where and how did you last depart from the United States?

8/05/95, through New York, with Balkan Airline.

Appendix I, continued

11. When did you last enter the United States? __November 21st, 1995.__

12. How did you enter at that time? (Location, class of admission)

__With SwissAir Through New York (JFK) paroled until 11/29/96.__

13. How did you violate your status?

__I overstayed my Parole date of 11/29/96__

14. Explain fully why you did not file an application for legalization before May 4, 1988. __Because I was told by the Qualified Designated Entity (QDE) that the due date of one year for the application period has passed, and that I was ineligible for leaving the country without INS permission or advance parole, after May 1st, 87.__

15. Have you resided continuously in the United States since January 1, 1982, and do you believe you are otherwise eligible for legalization but for missing the May 4, 1988 deadline? __YES__

I declare under the penalty of perjury that the foregoing is true and correct.

Applicant (Signature) _[signature]_                                    Date: __10/17/00__

_[signature]_ 10/17/00 Notary Public

E X H I B I T   "3"

U.S. Department of Justice
Immigration and Naturalization Service

Vermont Service Center
75 Lower Welden Street
St. Albans, VT 05479-0001

March 31, 2001

RE:  A26792202
DOB: JUNE 25, 1960

IGNATIUS U OKONKWO
121 SMITH DRIVE
EAST HARTFORD CT 06118

Dear Ignatius Okonkwo:

The Legalization questionnaire you submitted to seek an adjudication of your application for legalization benefits has been reviewed.

The Legalization questionnaire and accompanying information was submitted to address your claim that you physically tendered a completed application with the appropriate fee to an Immigration and Naturalization Service (INS), or Qualified Designated Entity (QDE), office employee between May 5, 1987 and May 4, 1988, but had it rejected by that employee.

Our review indicates you have established your claim. Mail this notice along with the following required documents: (1) A completed Form I-687 application or copy (resign and date your copy). Submit a $185 filing fee for Form I-687 (CSS 1, 2, 3, etc., and others); (2) A Form I-765 (on Form I-765, fill out numbers 1-through 10, print "C22" under number 16, and sign this form); and (3) a $25 fingerprinting fee. Mail these documents to the address shown below:

> Immigration and Naturalization Service
> Texas Service Center
> PO Box 851182
> Mesquite, TX 75185-1182

You must submit evidence to support your claim for eligibility for lawful temporary resident status.

When the required items are received, INS will process your Form I-765 for an employment authorization document and then adjudicate legalization applications for approved claimants.

Sincerely,

*Paul E. Novak Jr.*

Paul E. Novak, Jr.
Center Director