UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

IGNATIUS UMEADI OKONKWO,       :    CIV. NO. 3:02CV1733 (AWT)
Petitioner,                    :
                               :
v.                             :
                               :
JOHN ASHCROFT, Attorney        :
General of the United States,  :
Respondent.                    :    June 1, 2004


            RESPONDENT'S MOTION FOR ENLARGEMENT OF TIME

   Respondent hereby moves for an additional enlargement of time of 120 days, up to and including October 1, 2004, to file a response to petitioner's supplemental petition in this matter filed on November 25, 2003. (Dkt #19).

   As grounds for this motion, counsel for respondent submits that the additional time would allow counsel to further monitor the disposition and status of petitioner's ongoing administrative removal proceedings and to report that information to the Court. As the Court is aware, petitioner remains in custody pending removal at the Federal Correctional Institute in Oakdale, LA.

   As previously reported to the Court,[1] petitioner's applications for cancellation of removal and adjustment of status under INA sections 240A(a) and (b)(1), waiver of inadmissibility under INA section 212(h), and for voluntary departure were denied by Immigration Judge Charles A. Weigand, III, on April 14, 2004.

---

[1] See Petitioner's status reports to the court of March 31, April 19, and April 22, 2004 (Dkt No.'s 27-29).

<u>See</u> Attached. On June 1, 2004, the undersigned was informed by a Department of Homeland Security trial attorney assigned to represent the Department in petitioner's administrative removal proceedings that, on May 3, 2004, petitioner appealed Judge Weigand's ruling to the Board of Immigration Appeals. Accordingly, petitioner's underlying administrative remedies have not been exhausted and it appears that the proceedings below will be ongoing for a period of months, at a minimum.

If petitioner's appeal is granted and his applications for relief are ultimately approved, petitioner's status could be changed to that of a lawful permanent resident which could thereby result in the termination of the ongoing removal proceedings. In addition, if the relief sought is awarded, the habeas proceedings before this Court could well be rendered moot.

Finally, until such time as petitioner fully exhausts his administrative remedies, this Court may not act on the petition. <u>See</u> 8 U.S.C. §1252(d)("A court may review a final order of removal only if-(1) the alien has exhausted all administrative remedies available to the alien as of right . . . "); <u>Theodoropoulos v. INS</u>, 358 F. 3d 162, 169-171 (2d Cir. 2004).

Accordingly, an additional enlargement of time is requested to allow time for completion of the underlying removal proceedings. This is the fourth motion for enlargement of time

2

filed by respondent with regard to petitioner's supplemental petition. The pro se petitioner's position on this motion is unknown.

Respondent notes that petitioner's deportation has been stayed by this Court as of September 29, 2003, and therefore, petitioner's removal is not imminent at this time.

                                Respectfully submitted,

                                KEVIN J. O'CONNOR
                                UNITED STATES ATTORNEY


                                WILLIAM M. BROWN, JR.
                                ASSISTANT UNITED STATES ATTORNEY
                                157 CHURCH STREET
                                NEW HAVEN, CONNECTICUT 06510
                                (203) 821-3700
                                FEDERAL BAR NO. ct20813
                                william.m.brown@usdoj.gov

CERTIFICATION

This is to certify that a copy of the foregoing was sent via United States Mail, postage prepaid, on this date, to:

Ignatius Umeadi Okonkwo
#16057-265
Federal Correctional Institute
Oakdale, LA 71463

Dated at New Haven, Connecticut this 1st day of June, 2004.

_____
WILLIAM M. BROWN, JR.
ASSISTANT UNITED STATES ATTORNEY