UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT
HARTFORD CONNECTICUT

***********************************************

IGNATIUS UMEADI OKONKWO
        Petitioner,

   -Vs-                      Civil. No. 3:02CV1733
                                    (A.W.T.)

JOHN ASHCROFT, ET.AL
        Respondent.

***********************************************

MOTION TO RECONSIDER, AND TO OPPOSE THE RESPONDENT
FOURTH ENLARGEMENT OF TIME, OR TO REDUCE THE
ENLARGEMENT OF TIME TO TWENTY DAY'S,
FAILURE TO COMPLY, TO ISSUE
WRIT RELEASING PETITIONER
FROM FIVE YEARS UNLAWFUL
DETENTION.

***********************************************

    Petitioner, Ignatius Okonkwo, pro-se litigant, (hereinafter "petitioner/plaintiff"), respectfully moves this Honorable Court, to grant his motion to reconsider, to reduce the respondents fourth enlargement of time, to twenty (20) calender day's failure to comply, to issue writ releasing petitioner from five (5) years unlawful detention. Respondent has perpetually and deliberating asking for enlargement of time, in four different occasion to mislead this Honorable Court and maliciously prolonging this case, to frustrate petitioner.

    Petitioner, initiated this action on August 26, 2002,

when he filed a Writ of Habeas Corpus, with all supporting memoranda, challenging the merits of his case and the constitutionality of his unlawful detention pursuant to section 236 (c) and as an "arriving alien pursuant to section 235 (b)(2), since alien with permanent resident card, and no conviction,is not an arriving alien.(See **Exhibit A- service response to petitioner's motion to terminate proceedings)**. The Government claimed that petitioner has not presented evidence that the service granted him lawful temporary resident status. See fact number two of the joint statement of contested facts, previously presented to this Honorable Court, as exhibit.

On or about November 12, 2002, this Honorable Court, issued an order to show cause to the Government, to file a response as to why relief prayed for in the petitioner for Writ of Habeas Corpus (Docket #2) filed by the Petitioner should not be granted.

On November 13, 2002, Government hereby moves **nunc protunc**, for an enlargement of time of 15 days up to and including November 27, 2002. The Government deviated to response to petitioner's **"merit"**, and decided to dribble and mislead this Honorable Court by filing Motion to dismiss for lack of personal jurisdiction, and refused to mention on Petitioner's merits.

On or about January 23, 2003, Petitioner response to Government's <u>motion to dismiss for lack of personal jurisdiction</u>, together with all supporting memoranda, the

Government failed with draw from the issue of jurisdiction and embark on the issue of **successive petition** (abuse of the Writ) citing <u>McCleskey v. Zant</u>, 499, U.S. 467 (1991) just to misled this Honorable Court, when in fact the Supreme Court, in <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991), stated a successive petition is barred as abusive "only if it raised grounds identical to the grounds <u>**heard and decided on the merits**</u>, on the previous petition and if the ends of justice would not be served by reaching the merits of the petition. Again the Government failed, because petitioner's Habeas filed in the middle District Court of Pennsylvania, only requested for a **"stay of deportation"**, and was not adjudicated on the merits, now sort at this Court.

On February 27, 2003, the Government filed a reply brief arguing that Petitioner has failed to sufficiently exhausted his administrative remedies on the issues of **"Arriving Alien"** to the extent that Government relied on matter of <u>Theodoropoulos v. INS</u>, 313 F. 3d. 732, 736-37 (2nd Cir. 2002), for its proposition that petitioner did notexhaust his administrative remedies, which is irrelevant and contrary to Petitioner's situation. <u>**Theodoropoulos**</u>, involved an alien who waived his right to appeal, and whom the Second Circuit found that his alleged constitutional claim was not substantial enough to warrant the waiver of an appeal. Petitioner's case is distinguishable from **Theodoropoulos**, in that Petitioner, did not waive appeals. Even though exhaustion is not required as Congress has not

clearly exhaustion, sound judicial discretion governs. See, **McCarthy v. Madigan**, 503 U.S. 140 at 144 (1992).

In addition, in light of the Supreme Court's decision in **Demore v. Kim**, the Government maliciously alleged, that Petitioner has opparently abandoned his argument that his continued detention pursuant to INA section 236 (c) is unconstitutional or that he is even being detained pursuant to section 236 (c) at all. When in fact, what petitioner actually means is that **Kim**, conceded deportability is Constitutional as a criminal alien, who was convicted of an Aggravated Felony and a crime involving moral turpitude, where as Petitioner is not a criminal alien and did not conced deportability and asserts that the Constitutionality of section 236 (c) as applied to **Kim**, does not retroactively apply to him, and does not authorized his detention.

Notwithstanding, that Immigration Judge and the Board of Immigration Appeals (BIA) are not authorized to rule on the Constitutionality of the INA; See **In Re Fuents-Campos**, Int. Dec. 3319 (BIA may 14, 1997). Petitioner on May 14, 2003, challenged the Constitutionality of his unlawful detention pursuant to section 236 (c) and an "Arriving Alien" pursuant to section 235 (b)(2), in administrative level, as claimed and argued by the Government that petitioner has not exhausted his administrative remedies, on the Constitutionality of his unlawful detention and as an arriving alien.

On October 21, 2003, the Board of Immigration Appeals,

affirms **Percuriam**, without opinion, the decision of Immigration Judge as to the Petitioner's issue of not being an "Arriving Alien" and the Constitutionality of his unlawful detention. Petitioner brought this to the knowledge of this Honorable Court, on his supplement petition for Writ of Habeas Corpus, dated November 21, 2003, that he has exhausted his administrative remedies, on the Constitutionality of his unlawful detention and "Arrival Alien". See **Exhibit 1 and 2**, the Immigration Judge's and the Board decision, on the supplemental petition previously submitted to this court).

As a result of Petitioners exhaustion of his administrative remedies, on December 11, 2003, the Government's filed there **First** motion for enlargement of time, up toand including January 30, 2004 to file a response to Petitioner's supplement petition in this matter filed on November 25, 2003. (DKT #19), and to verify the deposition and status of Petitioner's administrative proceedings and to report that information to the Court. The Government failed to filed there responses and misled the Court.

On January29, 2004, the Government in the same manner filed there **Second**, an additional enlargement of time of sixty(60) days, up to and including March 31, 2004, to file a response to petitioner's supplemental petition in this matter filed on November 25, 2003. (DKT #19). Mentioning that Petitioner has also filed an Application for legalization or Adjustment of Status pursuant to 8 U.S.C. 1225, Immigration and Nationality Act section 245, that is now

being adjudicated by the Departments Missouri Service Center, which is Contrarily and irrelevant to the Constitutional issue, the Petitioner brought to this Honorable Court, after exhausting his administrative remedies. Since the Immigration Judge and the Board of Immigration Appeals are not authorized to adjudicate or to rule on the Constitutionality of the INA. See matter of **Refuents-Campos,** Int. Dec. 3319 (BIA May 14, 1997). Again the Government misled the Court. Although Petitioner objected to the such enlargement of time, on February 3, 2004, but failed because the Court granted the extention of time.

On March 11, 2004, Petitioner during the removal proceedings received a **Notice of decision**, in the Immigration Court, from the INS counsel Mr. Jerry A. Beatman, the Notice of decision was dated February 17, 2004. On the Notice of decision, it said your Application pursuant to section 1104 of the life Act, is hereby **Denied**. That the evidence I submitted does not establish that I filed a timely written claim for class memberships, in one of the legalization class lawsuit, mentioned above on or before October 1, 2000. When in fact. the Government administrative record indicates that the Petitioner, filed for a legalization Application, on or about June 20 1990, with Service and was granted employment authorization as a class menber in **CATHOLIC SOCIAL SERVICES (CSS) V. RENO**, 113. S. Ct. 2485 (1993).

Due to the ambiquity, prejudices and erroneous

circumstances Petitioner urged the Immigration Judge to **Terminate** the proceedings with prejudice to the Government, because errors are ambiguous, deportation is a drastic measure, hence the Supreme Court has stated that any ambiguity in the statute must be construed in favor of the Petitioner. See **INS. V. Cardoza-Fonseca**, 480 U.S. 421, 445 (1981). The element mental state under which the Petitioner was convicted were never established by the Government. See also **Frong How Tan v. Phelan**, 333 U.S. 6. 10 (1948), because deportation is a drastic measure, any ambiguity in the statute must be construed narrowly in favor of the respondent. The Immigration Judge postponed the removal hearing to April 30, 2004.

On March 25, 2004, the Government again, for the **Third time**, in the same manner, requested additional enlargement of time, of sixty (60) days, up to and including June 1, 2004, to file a response to Petitioner supplemental petition in this matter filed on November 25, 2003. (DKT#19). And it was granted, and the Government did not file any response, again the Government misled the Court.

On April 14, 2004, the Immigration Judge ordered Petitioner's removal on absential, denying Petitioner right to be presented at the Court for his removal proceedings as a pro-se litigant. Petitioner's procedural Due process and equal protection component of the Fifth, Six, and Fourteenth Amendments, of the United States, Constitution

was violated, when in fact Petitioner, is currently housed, at Federal Correctional Institution, by the agent of the respondent, at Oakdale, Louisiana, two minutes walks to the Court room. (See **Exhibit one**, of the "most current status report", Petitioner filed in this Honorable Court).

The Immigration Judge abuse his discretion when he ordered Petitioner deported on absential, using his 1995, conviction which was **Vacated**, on legal defect and Constitutional issues, on October 30, 2000, precluded him from demonstrating the good moral character required for that relief. Citing the **Matter of Dickering**, 23 I&N Dec. 621 (BIA 2003), and the case of **Renteria-Gonzalez v. INS**, 322 F. 3d 804, 812 (5th Cir. 2002). Petitioner, is not seeking for such relief from removal **but termination.**

Petitioner seek for such relief from removal, when the Third Circuit Court issued and order on December 13, 2000, staying Petitioner's removal for Petitioner, to file a timely motion to reopen before the Board of Immigration Appeals pursuant to 8 C.F.R. section 3.2 (c) advising the Board, **Inter-alia** of the vacation of the conviction in Connecticut of sixth-degree larcey. (See **Exhibit 1**-the Court order dated December 13, 200). On November 8, 2001, the Board reopen the case and remanded it back to Immigration Judge, for the Petitioner to establish his eligibility for relief from removal or **Seek Termination**; The Board further **"Question"** whether there is now a criminal conviction rendering the

Petitioner not only removable, but also statutorily ineligible for under section 1101 (a)(48(A) 2001, as in the matter of **Roldan-Santoyo** interim decision 3377 (BIA 1999), finding that the Petitioner's Court order was not within the **Parameter's"**, of **Roldom-Santoyo,** because the law under which the conviction was **Vacate** was **not** an **expungement** or **rehabilitative statute.** See Exhibit 2- the Board decision dated **November 8 2001).** the Immigration Judge, denied Petitioner s**o**me relief, saying that he is an **ARRIVING ALIEN**, when the case was reopened, on November 8, 2001, and schedule for removal hearing on January 11, 2002.

Consequently, there is no new evidence found to bar Petitioner's for relief from removal, rather in light of the favorable change's in circumstances, the United States District Court, for the middle District of Pennsylvania, during the Writ trial, on July 11, 2002, disclosed to the Petitioner, on joint statement of unconnected facts, that he was issued a **"Temporary Resident Card"**, on September 6, 1990, and the service administrative record show's that Petitioner filed for a legalization Application on or before October 1, 2000. Therefore, Petitioner is not seeking for any relief from removal **but Termination.**

The Immigration Judge erred, when he ordered Petitioner removal, citing the matter of **Pickering,** and **Renteria-Gonzalez.** The Petitioner's case is contrarily to matter of **Pickering,** and **Renteria-Gonzalez's.** The Immigration Judge contention

is erred, because Petitioner's Court, order was not within Parameters, of the matter Pickering and Renteria-Gonzalez.

## MATTER OF PICKERING

In the matter of pickering, 23 I&N Dec. 621 (BIA 2003), the Board resolution on that case, turns on whether the conviction was **Quashed**, on the basis of a defect, in the underlying criminal proceedings. In making such determination, **the Board look to the law**, under which the **Canadian Court**, issued its order and the terms of the order **itself**, as well as the reasons **presented**, by the Petitioner in requesting that the Court **vacate** the conviction. The order quashing the conviction in this case does not reference the law pursuant to which the conviction was **vacate**. Although the Petitioner noted in his affidavit that he sought the relief pursuant to section 241 (i) of the **Canadian chater** of rights and freedom and has argued that the purpose of this section is to provide appropriate and just remedies for violation ofcharter rights. Turning to the wording of the order and the Petitioner's request for post conviction relief the Board note that the Judgment only refer as the grounds for ordering the conviction **Quashed** to the Petitioner and his supporting affidavit.

Significantly, neither documents identifies a basis to question the integrity of the underlying criminal proceedings or conviction. The affidavit alleges that the Petitioner's

controlled substance conviction is a bar to his Permanent Residence in the United States and indicates that the sole purpose for the order is to eliminate the bar. Based on that circumstances, the Board find that the **quashing** of the conviction was not based on a **defect** in the conviction or in the proceeding's underlying that conviction, but instead appears to have been entered solely for immigration purposes.

### MATTER OF RENTERIA-GONZALEZ

**JRAD**- Judicial Recommendation Against Deportation. Renteria-Gonzalez's conviction was vacated under the all writs Act, 28 U.S.C. section 1651; All Writ Act, did not confer Jurisdiction to **vacate** alien's conviction for transporting illegal aliens with in the United States. Even if it had jurisdiction, the District Court lack equitable authority to **vacate** such convictions. A properly **vacated** Federal conviction remains valid for purpose of the Immigration laws, even if a District Court has purported to **vacate** the conviction to avoid the Immigration related consequences of the conviction. The magistrate Judge's report does not address the statutory source of the Court's jurisdiction to vacate such conviction.

Thus the INS could not have deported Renteria-Gonzalez, for the offense specified in the JRAD, even after enactment of the Act. To deport an alien, the INA requires only a **showing of, not a conviction of**, unlawful presence in the

United States and alien smuggling activities, 8 U.S.C. section 1227 (a)(i)(E)(i). As stated in concurring opinion, **Benavides**, Circuit Judge, stated that **none** of the **convictions** in the **"Five cases"** cited by the **majority** in Renteria-Gonzalez's was **vacated** based on the **"merit"**, of the underlying criminal proceedings in a violation of a statutory or Constitutional right with respect to the criminal conviction.

Although BIA has not addressed the precise question whether a **vacated** Federal conviction remains valid under section 1101(a)(48)(A).

## MATTER OF PETITIONER OKONKWO

In Petitioner's situation, irrespective that Petitioner was not advised of the immigration consequences of his guilty plea as required by the statutes. Petitioner's conviction was **vacated** based on the legal defect and Constitutional rights unlike the matter pickering and Renteria-Gonzalezs. Petitioner's conviction was vacated on the following grounds;

1. Petitioner notadequately advised of rights at time of plea and can as pursuant to section 39-19(14)

2. Petitioner, specifically not told maximun sentence of charge at the time of the plea, or proceedings.

3. Also pursuant to section 39-19(5), Petitioner was not told right to plead not guilty.

4. Petitioner was not told, right to be tried by Jury or Judge.

5. Also right to be assistance of counsel. See **Exhibit 3-Petitioner order of vacatur.**

Thus like in Renteria-Gonzalez's, INS could not have deported **Petitioner Okonkwo**, for the offense specified in the **Notice to Appear**, even after the enactment of the Act. To deport an alien, the INA **requires only a showing of, not a conviction of**, unlawful presence in the United States. See the matter of **Rodriguez-Ruiz**, 22 I&N Dec. 1378 (BIA 200), like in Petitioner's case, an Immigration Judge, denied Rodriguez-Ruiz's motion to **"terminate"**, the removal proceedings and found him removable based on his Felony conviction that previously had been **"vacated"**, pursuant to Articule 440 of the New York criminal procedure law. On appeal to BIA, the Government argued that the conviction had been **vacated**, in order to avoid removal not because of legal defect or Constitutional in the criminal proceedings, that the respondent conviction should remain a **"conviction** under the Act.

Whereas, on **Okonkwo's** case the Government concedes, that the conviction, upon which Petitioner Okonkwo's, detention and deportation are based has been **vacated**. (See **Exhibit 4-** the Federal Court order, dated January 28, 2002, at page 2, paragraph 1). See also the matter of **Sandoval v. INS**, 240 F. 3d. 577, 583-84. The seventh Circuit, relying upon a decision of the Board of Immigration Appeals, to held that a state conviction **vacted**, during a post-conviction scheme to remedy a Constitutional violation does not constitute a conviction as set forth in section 1101(a)(48)(A). See also **People v. McDonald**, NY 2D--, 2003 NY Slip op

18777 (November 24, 2003). for the interest of justice warrants a second review of defendants claim because the Court of Appeals for the Second Circuit, recently ruled that an Attorney's in correct advice about the deportation consequences of a guilty plea may, depending on the ciscumstances, constitute ineffective assistantce of counsel.

On exhibit one, of the "most current status report", sent to this Honorable Court, on page nine, at paragraph 2, of the removal proceedings, dated April 14, 2004, the Immigration Judge stated, that in footnote 2, of the matter of Pickering 23 I&N Dec. 621 (BIA 2003), that the Board held that the majority opinion in **Renteria-Gonzalez's v. INS**, 322 F. 3d 804, 812 (5th Cir. 2002) states that a vacated conviction remains valid for purposes of immigration laws, irrespective of the reasons why the conviction was vacated, but forgotten to states also, that none of the convictions in the "**Five cases**", cited by the majority in **Renteria-Gonzalez's** was **vacated** based on the **marit**, of the underlying criminal proceedings in a violation of a statutory or Constitutional Right with respect to the criminal conviction. id at 820. Petitioner conviction was vacated on October 30, 2000, and the Board of Immigration Appeals adjudicated and remanded it back to immigration Judge on November 8, 2001 when in fact, Renteira-Gonzalez, case in question was adjudicated on November 11, 2002. Therefore, retroctively it does not apply to Petitioner situation.

In the matter of <u>Walter Antonio Santos-Lopez</u>, 23 I&N Dec. 419 (BIA 2002), the Fifth Circuit's reliance on the reasoning in **Restrepo-Aguilar** and **Briones-Mata**, "whether the Respondent's criminal convictions are for Felonies depends on the classification of those offenses under the law of the convicting jurisdiction. Petitioner is not from Fifth Circuit, and did not commit his crime within that jurisdiction, nor is he convicted in that jurisdiction. Such law is only binding within Fifth Circuit's jurisdiction. Petitioner is from Second Circuit, and his conviction is **vacated**, on legal defect and Constitutional Rights, and that law is not applied to him.

Wherefore, Petitioner pray's that this Honorable Court grant his motion to reconsider, the Government is perpetually and deliberating asking for enlargement of time, in four different occassion to mislead this Honorable Court and maliciously prolonging this case, inform of delay tactics, to frustrate the Petitioner. Petitioner is not seeking for relief from removal, **but termination** of the proceedings. The Immigration Judge erred, when said, that Petitioner 1995 convictions that was **vacated**, on legal defect and Constitutional Rights, precluded Petitioner from demonstrating the legal moral character required for that relief.

The Board of Immigration Appeals, has once Adjudicated on this issue, on November 8, 2001, and found that the Petitioner Court's order of vacatur, was not within the

In the matter of <u>Walter Antonio Santos-Lopez</u>, 23 I&N Dec. 419 (BIA 2002), the Fifth Circuit's reliance on the reasoning in **Restrepo-Aguilar** and **Briones-Mata**, "whether the Respondent's criminal convictions are for Felonies depends on the classification of those offenses under the law of the convicting jurisdiction. Petitioner is not from Fifth Circuit, and did not commit his crime within that jurisdiction, nor is he convicted in that jurisdiction. Such law is only binding within Fifth Circuit's jurisdiction. Petitioner is from Second Circuit, and his conviction is **vacated**, on legal defect and Constitutional Rights, and that law is not applied to him.

Wherefore, Petitioner pray's that this Honorable Court grant his motion to reconsider, the Government is perpetually and deliberating asking for enlargement of time, in four different occassion to mislead this Honorable Court and maliciously prolonging this case, inform of delay tactics, to frustrate the Petitioner. Petitioner is not seeking for relief from removal, **but termination** of the proceedings. The Immigration Judge erred, when said, that Petitioner 1995 convictions that was **vacated**, on legal defect and Constitutional Rights, precluded Petitioner from demonstrating the legal moral character required for that relief.

The Board of Immigration Appeals, has once Adjudicated on this issue, on November 8, 2001, and found that the Petitioner Court's order of vacatur, was not within the

Parameters, of Roldan-Santoyo, interim Dec. 3377(BIA 1999), because the law under which the conviction was vacated, was not an expungement or rehabilitative statute. The Board further "questioned", whether there is now a criminal conviction rendering the Petitioner, not only removable, but also statutorily ineligible for relief under section 1101(a)(48)(A)(2001). Although the ICE has moved the Petitioner from the 5th Circuit jurisdiction, where the Renteria-Gonzalez's Case originated, to Alabama, in the 11th Circuit, Petitioner's Case still remains contrary to Renteria-Gonzalez's situation.

    The Board also requested Petitioner to establish his eligibility for relief from removal or seek termination. Petitioner requested for such relief, in the nature of Cancellation of reomal, but the Immigration Judge would deny him such relief, erroneously determining Petitioner to be"an arriving alien ". Petitioner has since abandoned his quest for the relief of Cancellation of removal and now only seeks termination of the Proceedings in his favor, for which he is clearly entitled, and based on material changes in circumstances in his Case, that he was issued a temporary Resident Card, on September 06, 1990. Meanwhile, the Government has been dilatory by filing sundry frivolous pleadings and in trying to mislead this Court as to the true nature and issues affecting this Case. The Government is currently on its fourth dilatory and frivolous request for enlargement of time. The Government at this point is sanctionable for abuse of Process, as such numerous requests will definitely not be entertained coming from the Petitioner. This Court must move swiftly and to issue an Order of Summary Judgment against the Government, and in favor of the Petitioner. Therefore, this Court should issue a writ Ordering the immediate release of Petitioner from five years of unlawful detention as Petitioner's only conviction has been obviated. However, further detention of Petitioner without conviction is wrong and unconscionable and is causing him irreparable

harm than good.

Nevertheless, it should be noted, that Government, in the past has used the same pattern of deception and delay tactics, now using to mislead this Honorable Court, on Petitioner in the past.

1. For instance, attached here with as **exhibits "5"**- is the true original copy of the Circuit Court, second order noting that the Government is using delay tactics to frustrate Petitioner, so they can perpetually prolonging this case.

2. See **exhibit "4"**- The Court order from middle District Court of Pennsylvania, [noting that the Government is using procedural issues and administrative matter which have since been resolved, to mislead the Court, to prolong the case].

3. On May 15, 2003, Petitioner filed a Notice of Appeals, together with a bond brief, to the Board of Immigration Appeals, to exhaust his administrative remedies on Constitutionality of his unlawful detention and as an arriving alien. When Petitioner called the Board, to requested the status of his Petition. The Board wrote him and said, "our computer records reflect that you filed a motion to reopen/reconsider on May 20, 2003; please submit a copy of your motion to the Board that you apparently filed in May 20, 2003. (See **exhibit "6"**- The Board correspondence to me, dated Augost 19, 2003). Whereas  I did not filed

such a motion, what I filed, was Notice of Appeals, together with a bond brief, challenging the Constitutionality of my unlawful detention, and as an arriving alien on administrative level, and Petitioner sent another brief.

4. On September 15, 2003, I received another Notice of briefing schedule, saying that my bond brief is due on October 2, 2003, whereas I have sent two bond briefs of the same to the Board (See **exhibit "7"**- the Notice of briefing schedule, and my correspondence to priority case management team). All this are delay tactics from the Governments, to frustrate Petitioner. Petitioner pray that this Honorable Court, put to stop, the Government delay tactics, to continue prolonging this case to frustrate Petitioner.

Dated: _____          Respectfully Submitted

                              IGNATIUS UMEADI OKONKWO
                              ETOAW COUNTY JAIL
                              827 FORREST AVENUE
                              GADSDEN ALABAMA 35901

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing motion on the opposing counsel, via U.S. postal service, postage prepaid, properly affixed and addressed to;

William M. Brown, Jr.
Assistant U.S. Attorney
157 Church street
New Haven, Connecticut 06510

on this __6 - 30__ day of __2004__

                                    Ignatius Umeadi Okonkwo

-18-