E X H I B I T "A"

COPY

Craig A. Harlow
Asst. District Counsel
INS
1010 East Whatley Rd.
Oakdale, LA 71463

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
THE IMMIGRATION COURT
OAKDALE, LOUISIANA

| | |
|---|---|
| In the Matter of: | ) |
| | ) |
| Ignatius Umeadi OKONKWO | )    A26 792 202 |
| | ) |
| In Removal Proceedings | ) |

### SERVICE RESPONSE
### TO RESPONDENT'S MOTION TO TERMINATE PROCEEDINGS

Respondent has filed a motion to terminate removal proceedings arguing that the criminal conviction which supports one of the charges of inadmissibility has been vacated. Respondent also states that his application for adjustment of status has recently been approved by the Service and that he is, therefore, no longer inadmissible pursuant to 212(a)(7)(A)(i). The Service is opposed to respondent's motion at this time.

On November 8, 2001, the Board reopened and remanded respondent's case to the Immigration Judge for the purpose of determining whether respondent is now eligible for relief in light of the fact that his criminal case has been vacated, or to seek termination of proceedings. The Immigration Court has not scheduled a hearing in this matter as of today's date. It is the position of the Service that termination of proceedings is not appropriate as respondent remains inadmissible pursuant to section 212(a)(7)(A)(i) of the Act.

Respondent misinterprets the correspondence he received from the Service dated March 31, 2001.  That correspondence advises respondent that he established his claim that he attempted to file a legalization application between May 5, 1987 and May 4, 1988, and that the application was rejected by a Service employee or Qualified Designated Entity.  However, the correspondence advises respondent that he must submit evidence to the Service to establish his claim for eligibility for lawful temporary resident status.  Respondent has not presented evidence that the Service granted him lawful temporary resident status.

ACCORDINGLY, the Service urges the court to deny respondent's motion to terminate.

Respectfully submitted,

Craig A. Harlow
Asst. District Counsel
INS
1010 East Whatley Rd.
Oakdale, LA  71463

## CERTIFICATE OF SERVICE

Ignatius Umeadi OKONKWO

A26 792 202

On December 12, 2001, I, Craig A. Harlow, Asst. District Counsel, sent via 1st class mail a complete copy of this brief and any attached pages to the respondent at the following address:

Ignatius Umeadi OKONKWO
BOP# 16057-265
FDC
P.O. Box 5010
Oakdale, LA  71463

Craig A. Harlow
Asst. District Counsel
INS
1010 East Whatley Rd.
Oakdale, LA  71463

Date: 12-12-01

S E E ∗ E X H I B I T ∗ " 1 "

*AMENDED FPS-8                                    December 4, 2000

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. 00-3852

IGNATIUS OKONKWO

    VS.

JANET RENO

    (AGENCY NO. 26-792-202)

Present:  SLOVITER, ROTH AND AMBRO, CIRCUIT JUDGES

    Submitted are:

(1)    Petitioner's petition for review;

(2)    Petitioner's motion to stay removal;

(3)    Respondent's motion to dismiss for lack of jurisdiction;

(4)    *Petitioner's opposition to respondent's motion to dismiss; and

(5)    *Respondent's notice of withdrawal of jurisdictional argument;

in the above-captioned case.

Respectfully,

Clerk

MMW/SR/zm

_____ORDER_____

The order staying petitioner's removal is continued without prejudice to petitioner's right to file a timely motion to reopen before the Board of Immigration Appeals pursuant to 8 C.F.R. § 3.2(c) advising the Board, inter alia, of the vacation of the conviction in Connecticut of sixth-degree larceny.

By the Court,

Circuit Judge

Dated:  DEC 1 3 2000

SMA ccrc: TJS, AC

JOINT
EXHIBIT
20

S E E ✱ E X H I B I T ✱ " 2 "

U.S. Department of Justice

Executive Office for Immigration Review                     Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A26 792 202 - Oakdale

Date:

In re:  IGNATIUS UMEADI OKONKWO                            NOV - 8 2001

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:    Pro se

ORDER:

PER CURIAM. The respondent's motion is granted. *See Matter of J-J-,* 21 I&N Dec. 976 (BIA 1997). The respondent contends that the criminal conviction which supports one of the charges of removability has been vacated. The question here is whether there is now a criminal conviction rendering the respondent not only removable but also statutorily ineligible for relief. *See* 8 U.S.C. § 1101(a)(48)(A) (2001); *Matter of Roldan-Santoyo,* Interim Decision 3377 (BIA 1999). Consequently, the proceedings will be reopened and the record will be remanded to enable the Immigration Judge to consider the new evidence offered by the respondent relating to removability under section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2001) as an alien convicted of a crime involving moral turpitude; as well as section 212(a)(7)(A)(i) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i) (2001); and to determine whether the respondent can now establish his eligibility for relief from removal, or seek termination. Accordingly, the record is returned to the Immigration Court for further proceedings consistent with this opinion.

FOR THE BOARD

S E E * E X H I B I T * " 3 "

DOCKET NO. CR 95-0021552-S           :       SUPERIOR COURT
STATE OF CONNECTICUT                 :       G.A. 22 AT MILFORD

          -VS-                       :
CHUKWUDUBEM NWANKEONA                :       OCTOBER 1, 2000
          DEFENDANT                  :

## MOTION TO SET VACATE CONVICTION AND SENTENCE

Defendant respectfully requests that the judgment and conviction and sentence
entered in this matter be set aside and vacated on the following grounds:

1.  At the time of the entry of judgment based on a guilty plea defendant was not
    advised of the immigration consequences of his guilty plea as required by
    statutes. See, Affidavit of Nwankeona attached hereto.

2.  Defendant through counsel contacted the Court reporter to request a copy of
    the transcripts but was advised by Ms. Masterson, the Court reporter that said
    transcripts are unavailable.

3.  The defendant is currently detained in a federal detention facility in Oakdale,
    LA. Defendant faces a hearing on an Order to Show Cause issued by the
    Immigration and Naturalization Service on June 2, 2000, wherein it alleged
    that he is deportable based on the guilty plea in the above-entitled matter. The
    allegation of deportability is based solely on the conviction in the instant case.
    The instant conviction will affect whether the defendant, a long-term resident
    of Connecticut and a family man succeeds in defending himself against
    allegations of deportability.

FILED
SUPERIOR COURT
JUDICIAL DISTRICT OF ANSONIA-MILFC:

OCT 2 4 2000

VALERIE A. SHINGARA
DEPUTY CHIEF CLERK
Juris No. 401506

ORAL ARGUMENT NOT REQUESTED
TESTIMONY NOT REQUIRED

*Paul M. Ngobeni*

ATTORNEY & COUNSELOR AT LAW
914 MAIN STREET • SUITE 206 • EAST HARTFORD, CT 06108 • (860) 289-3155

4.      Copies of the Court docket clearly show the defendant did not receive the

required advice.  Accordingly, the Court should grant the Motion to Vacate

Judgment and Withdraw Guilty Pleas.

Wherefore absent proof that defendant was properly advised of the immigration

consequences of his guilty plea, the conviction and sentence in the above matter

should be set aside.


RESPECTFULLY SUBMITTED


PAUL M. NGOBENI
914 Main Street, Suite 206
East Hartford, CT 06108
(860) 289-3155


VERIFICATION

I  Paul M. Ngobeni, state under penalty of perjury that the foregoing allegations in
support of this Motion are true to the best of my knowledge and belief.

Paul M. Ngobeni


Subscribed and sworn to before me this 11th day October 2000.

Commissioner of Superior Court

## ORDER

The Foregoing Motion having been considered, it is hereby ordered

GRANTED / DENIED. *Finding of guilty + plea thereto Vacated. Defendant not adequately advised of rights at time of plea + canvas pursuant to ... this 10/31/00 § 39-19(4) specifically not told maximum sentence + charge; also 39-19(5) right to plead not guilty, right to be tried by judge or jury and to assistance of counsel.*

_____
JUDGE

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to all counsel on October 19, 2000.

_Paul M. Ngobeni_ (signature)
Paul M. Ngobeni

STATE OF CONNECTICUT
SUPERIOR COURT
GEOGRAPHICAL AREA NO. 22
AT MILFORD

10-31-00

CERTIFIED COPY
SEAL AFFIXED
BY: _____
CLERK

S E E * E X H I B I T * " 4"

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

IGNATIUS OKONKWO          :

          Petitioner     :

    vs.                  :    No. 4:CV-00-2057

                         :    Petition Filed 11/27/00

IMMIGRATION AND NATURALIZATION  :    (Judge Muir)
SERVICE,
                              FILED
          Respondent     :    WILLIAMSPORT, PA

                **ORDER**              JAN 2 8 2002

          January 28, 2002     MARY E. D'ANDREA, CLERK
                              Per _____
                                    Deputy Clerk

    THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    Pending before us is the petition for writ of habeas corpus

filed Ignatius Okonkwo (hereinafter "Okonkwo"). Okonkwo claims

that he is being unlawfully detained pursuant to a final order of

deportation because that order is based on a conviction which was

overturned after the order had been issued.  On December 18,

2001, we issued an order requiring the Immigration and

Naturalization Service to submit a supplemental response

addressing the merits of Okonkwo's petition because the

Immigration and Naturalization Service's initial response was

based strictly on procedural issues which have since been

resolved.  We issued the December 18, 2001, order because it

appeared that Okonkwo's petition has merit.

On January 17, 2002, the INS timely filed in Harrisburg its supplemental response to Okonkwo's petition. *In that document, the Immigration and Naturalization Service concedes that the conviction upon which Okonkwo's detention and deportation are based has been vacated. (Document 25, p. 3)  Nonetheless, the Immigration and Naturalization Service argues that Okonkwo's petition should be denied without prejudice or stayed because Okonkwo has filed administrative matters with the Immigration and Naturalization Service which remain pending. *We do not see how the administrative matters referenced by the Immigration and Naturalization Service affect the issues in this matter, and the Immigration and Naturalization Service has not identified any substantive connection.

Okonkwo's petition was filed in this court in November of 2000. *The uncontested evidence of record supports his claim that there is no lawful basis to detain him.* We are of the view that the Immigration and Naturalization Service has had ample time to address Okonkwo's case and that its declination to rule on Okonkwo's pending matters is not a valid reason to either deny his petition or stay this case.

*We will require the Immigration and naturalization to file an explanation of what, if any, legitimate grounds to detain

Okonkwo currently exist. If no such reason exists, we will grant his petition.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The government shall, within 20 days after the date of this order, file an explanation of what, if any, legitimate grounds to detain Okonkwo currently exist.

_____
MUIR, U. S. District Judge

MM:ga

3

S E E * E X H I B I T * " 5 "

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 00-3852

Okonkwo v Atty Gen USA

(A 26 792 202)

O R D E R

By order entered December 13, 2000, the Court continued the stay of removal in the above captioned petition for review without prejudice to petitioner's right to file a timely motion to reopen before the Board of Immigration Appeals pursuant to 8 C.F.R. SEC 3.2(c) advising the Board, inter alia, of the vacation of the conviction in Connecticut of sixth-degree larceny.

It is noted Mr. Okonkwo filed a petition to reopen with the Board of Immigration Appeals on March 27, 2001. At the direction of the Court, it is hereby ordered that within 21 days from the date of this order, the parties shall file a status report regarding the motion to reopen. Thereafter, the parties shall file a status report every 60 days until the matter has concluded before the Board of Immigration Appeals. The parties are directed to promptly inform the Clerk in writing of the decision by the Board of Immigration and provide the Clerk with a copy of the decision.

For the Court,

_____
Clerk

Dated: May 15, 2001
SA/cc:IO, TS

S E E * E X H I B I T * "6 "



**U. S. Department of Justice**

Executive Office for Immigration Review

*Office of the Clerk*
*Board of Immigration Appeals*

*P.O. Box 8530*

*5201 Leesburg Pike, Suite 1300*

*Falls Church, Virginia 22041*

August 19, 2003

Ignatius U. Okonkwo, #16057-265
F.D.C.
P.O. Box 5010
Oakdale, LA 71463

RE:    Okonkwo, Ignatius
       A26 792 202

Dear Mr. Okonkwo:

Our computer records reflect that you filed a motion to reopen/reconsider on May 20, 2003.  Please submit a copy of your motion to the Board that you apparently filed in May 2003.  The Board received your fee waiver request on May 19, 2003, you do not have to submit a copy of this Form.

Your submission must be received at the Board no later than **September 2, 2003**.

Very truly yours,

Priority Case Management Team

Enclosure            *Erica Newman*

cc:    Opposing Counsel:

       District Counsel
       Department of Homeland Security
       P.O. Box 1128
       Oakdale, LA 71463-1128

S E E * E X H I B I T * " 7 "



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*


OKONKWO, IGNATIUS UMEADI                 INS-Litigation Unit/OAK
INMATE #: 16057-265                      P.O. Box 1128
INMATE HOUSING:                          Oakdale, LA 71463-1128
FDC, P. O. BOX 5010
OAKDALE,  LA  71463-0000

Name: OKONKWO, IGNATIUS UMEADI            A26-792-202


Type of Proceeding: Removal               Date of this notice: 09/11/2003

Type of Appeal: Bond Appeal               Appeal filed by:  Alien

Date of Appeal:  05/20/2003

### NOTICE -- BRIEFING SCHEDULE

- o   Appealing party is granted until 10/02/2003 to submit a brief to the Board of
      Immigration Appeals.  The brief must be **RECEIVED** at the Board on or before this
      date.
- o   Opposing party is granted until 10/02/2003 to submit a reply brief to the Board of
      Immigration Appeals .  The brief must be **RECEIVED** at the Board on or before this
      date.


**WARNING:**    If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a
brief or statement, you are expected to file a brief or statement in support of your appeal.  If you fail
to file the brief or statement within the time set for filing in this briefing schedule, the Board may
summarily dismiss your appeal.  *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT:  The Board of Immigration Appeals has included two copies of this notice.
Please attach one copy of this notice to the front of your brief when you mail or deliver it to
the Board, and keep one for records.  Thank you for your cooperation.**

A fee is not required for the filing of a brief.  Your brief must be RECEIVED at the Clerk's
Office at the Board of Immigration Appeals within the prescribed time limits.  It is NOT
sufficient simply to mail the brief and assume your brief will arrive on time.  We strongly
urge the use of an overnight courier service to ensure the timely filing of your brief.

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If the alien is represented by counsel at the appeal level, a Notice of Entry of Appearance as

IGNATIUS U. OKONKWO
16057-265
FEDERAL DETENTION CENTER
P.O. BOX 5010
OAKDALE, LA 71463

SEPTEMBER 17, 2003

PRIORITY CASE MANAGEMENT TEAM
BOARD OF IMMIGRATION APPEALS
P.O. BOX 8530
5201 LEESBURG PIKE, SUITE 1300
FALLS CHURCH, VIRGINIA 22041

RE: OKONKWO, IGNATIUS A#26 792 202

Dear Sir/Ma'am:

Else or I forget, on or about May 15, 2003, I sent my notice of appeal, together with my bond brief to your honorable office by certified mail and return receipt to sign by your office to show that they received my submission. The certified receipt I received, whereas I did not receive the return receipt to show that your office received my submission. As a result of that, I called your office on Friday May 30, 2003, around 2.20PM Central Time and spoke to one of the clerks, by name of **Ms. Felicia Williams** who confirmed that my submission was received by your office on May 20, 2003. Again See **Exhibit "A"** (The certified receipt showing that my submission was sent on May 15, 2003).

On or about August 22, 2003, I received your missive dated August 19, 2003, after I have called your office to inquire the status of my petition. According to your missive to me stated, "Our computer records reflect that you filed a motion to reopen/reconsider on May 20, 2003." Whereas I did not, what I filed was notice of appeal, together with my brief. Your missive went further and said, that I should "please submit a copy of the same motion that I apparently filed in May, 2003. See **Exhibit "B"** (The missive from your honorable office).

Notwithstanding, on August 23, 2003, I sent a cover note for explanation and the same notice of appeal with bond brief to your honorable office by certified and return receipt. I also called and spoke to Priority Case Management Team leader, **Ms. Erica Newman**, on Monday, September 1, 2003, around 2.25PM Central Time. However, she confirmed that they received my second submission of bond brief timely as requested on August 29, 2003, and that she construed it as being received

-1-

on May 20, 2003, since the first submission was received the same date. See **Exhibit "C"** (The certified and returned receipt signed by your office, that the second submission was received on August 29, 2003).

Finally, but not the least, I was disheartened and daunted, when I received another notice for briefing schedule from your honorable office on September 15, 2003, Monday around 5.30PM Central Time, requesting that my bond brief is due on October 2, 2003, whereas I have sent two bond briefs of the same to your honorable office, which both was confirmed received.

Needless saying, I am wondering what is going on, I guess delay tactics, however enclosed is the third submission with a cover note.

Respectfully submitted,

Ignatius Okonkwo

## AFFIRMATION

I swear under penalty of perjury law of the United States, that the foregoing statements are true and accurate to the best of my knowledge and belief, pursuant to 28 U.S.C. § 1746.

Ignatius Okonkwo

Subscribed and Sworn to
Before me this _18th_ Day
of _September_____, 2003.

_____
Notary Public