UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IGNATIUS UMEADI OKONKWO, | : | CIV. NO. 3:02CV1733 (AWT) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN ASHCROFT, Attorney | : | |
| General of the United States, | : | |
| Respondent. | : | July 27, 2004 |

RESPONDENT'S REPLY TO MOTION FOR RECONSIDERATION

    On June 7, 2004, this Court granted respondent's motion to enlarge time until October 1, 2004, to file the government's response.  On July 6, 2004, the *pro se* petitioner moved for reconsideration of the Court's order granting the enlargement of time.  Petitioner seeks a reduction of the enlargement of time to 20 days and for the Court "to issue writ releasing petitioner from five (5) years unlawful detention."  Petitioner's Motion, page 1.

    Respondent requested the additional time to allow sufficient time for petitioner to fully exhaust his administrative remedies. As the Court is aware, petitioner's underlying applications for cancellation of removal and adjustment of status under INA sections 240A(a) and (b)(1), waiver of inadmissibility under INA section 212(h), and for voluntary departure were denied by Immigration Judge Charles A. Weigand, III, on April 14, 2004. Petitioner appealed this decision to the Board of Immigration Appeals (BIA), and a ruling by the BIA remains pending at this

time.  The undersigned has been informed that the BIA's briefing schedule required the parties' submissions to be filed by July 29, 2004.  Petitioner's appeal brief was filed on July 12, 2004, and petitioner also filed an opposition to the government's motion for summary affirmance of Judge Weigand's decision at or near this time.

For reasons set forth previously, this Court should refrain from acting on this habeas petition until such time as the BIA acts on petitioner's appeal.  The BIA's decision on appeal could conceivably render this habeas petition moot if decided in favor of petitioner.  Moreover, the BIA should be afforded the opportunity to review the matter and correct any mistakes that may have occurred during the process without premature intervention by the district court. See Beharry v. Ashcroft, 329 F. 3d 51, 56 (2d Cir. 2001)(discussing "numerous purposes" served by administrative exhaustion) see also McCarthy v. Madigan, 503 U.S. 140, 145 (1992); McKart v. United States, 395 U.S. 185, 193-95 (1969)(one purpose of exhaustion is to allow agencies to carry out their responsibilities and "to discover and correct [their] own errors.") Of course, should the BIA find no error and affirm the decision of the immigration judge, this Court will be promptly notified.

In lieu of an enlargement of time, the Court could dismiss the matter without prejudice for a lack of jurisdiction until such time as petitioner exhausts his administrative remedies. See 8 U.S.C. §1252(d)("A court may review a final order of removal only if-(1) the alien has exhausted all administrative remedies available to the alien as of right . . . "); Theodoropoulos v. INS, 358 F. 3d 162, 169-171 (2d Cir. 2004).

Moreover, based on the recent opinion by the United States Supreme Court in Rumsfeld v. Padilla, ___ U.S. ___, 124 S. Ct. 2711 (2004), and as previously argued by the respondent in this case, the proper respondent to this habeas petition challenging petitioner's continued detention pending removal is the warden of Etowah County Detention Center in Gadsen, AL, the facility where petitioner is now confined. See Padilla, 124 S. Ct. at 2718-20 (explaining that in habeas challenges to "present confinement[,]" the proper respondent is the warden of the facility where a prisoner is being held); see also 28 U.S.C. § 2241(c); accord Billiteri v. U.S. Bd. of Parole, 541 F.2d 938, 948 (2d Cir. 1976) (warden of correctional facility where petitioner is incarcerated, not parole board, is "custodian" of detainee "who is under the control of [the] warden and confined in a prison, and who is seeking, in a habeas corpus action, to be released

from precisely that form of confinement").[1]

Accordingly, this petition is also subject to dismissal for lack of jurisdiction for failure to name the proper respondent. See Billiteri, 541 F.2d at 948 (because habeas petition was not directed at official with custody of petitioner, the "case must be dismissed for lack of jurisdiction"); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988), cert. denied, 490 U.S. 1082 (1989) ("The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment.  Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ.").

In sum, the requested enlargement of time previously approved by the Court is appropriate to allow time for completion of the underlying removal proceedings.  Alternatively, the Court

---

[1] Moreover, to the extent petitioner continues to challenge his final removal order, which is unclear, the proper respondent is the Bureau of Immigration and Customs Enforcement (BICE) Field Office Director who has responsibility for petitioner's removal. Padilla, 124 S. Ct. at 2718-22. This Court has jurisdiction to grant habeas relief within its jurisdiction. 28 U.S.C. sec. 2241(a). However, jurisdiction over petitioner's habeas does not lie in the District of Connecticut as the BICE Field Office Director in Hartford has no control over petitioner's removal since petitioner has been detained in Louisiana, and now, Alabama.

could decide to dismiss this matter without prejudice for a lack of jurisdiction for failure to exhaust administrative remedies and/or for failure to name the proper respondent.

                              Respectfully submitted,

                              KEVIN J. O'CONNOR
                              UNITED STATES ATTORNEY


                              WILLIAM M. BROWN, JR.
                              ASSISTANT UNITED STATES ATTORNEY
                              157 CHURCH STREET
                              NEW HAVEN, CONNECTICUT 06510
                              (203) 821-3700
                              FEDERAL BAR NO. ct20813
                              william.m.brown@usdoj.gov

CERTIFICATION

This is to certify that a copy of the foregoing was sent via United States Mail, postage prepaid, on this date, to:

Ignatius Umeadi Okonkwo
Inmate #16057-265
Etowah County Detention Center
Gadsen, AL 35904

Dated at New Haven, Connecticut this 27th day of July, 2004.

_____
WILLIAM M. BROWN, JR.
ASSISTANT UNITED STATES ATTORNEY