UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

***********************************************

IGNATIUS UMEADI OKONKWO
        Petitioner,

  -Vs-

JOHN D. ASHCROFT, ET, AL,.

3:02-CV-01733
Alvin W. Thompson

U.S. DISTRICT COURT
HARTFORD, CT.

***********************************************

OKONKWO'S THIRD MOST CURRENT STATUS REPORT STATING THAT THIS
CASE HAS BEEN "LITIGATED" IN ADMINISTRATIVE LEVEL
AND WAS REVIEWED AND REMANDED TO THE BOARD OF
IMMIGRATION APPEALS, BY THE THIRD CIRCUIT
COURT OF APPEALS, FOR REOPEN BASED ON
INTER-ALIA OF THE VACATION OF THE
PETITIONER'S CONVICTION

***********************************************

    Firstly, the Service erred when they said, that they agreed with Immigration Judge that the Petitioner is inadmissible as a Alien convicted of a crime involving moral turpitude and as a Alien not in possession of a valid entry document. Nonetheless, this issue has been litigated in the United States Court of Appeals for the Third Circuit, and the Board of Immigration Appeals has once address this issue in Administrative level, it further litigations is forbidden by **Res-Judicata**. See **(Exhibit 1)** the Services Notice of withdrawal of jurisdiction argument, made in motion to dismiss untimely Petition for review, at page **one** paragraph **one**, it said, the Service no longer seeks dismissal on this ground because, since filling the motion to dismiss, she has learned that **Mr. Okonkwo's** underlying conviction provided the basis for a section 242 (a)(2)(c) of the INA dismissal has been **vacated.**

On the same **Exhibit 1-** page **two**, paragraph **one**, it said as a result of this vacatur by the Superior Court, of the State of Connecticut, Okonkwo's conviction is **VOID**, and no longer provides a basis for invoking jurisdiction bar in section 242 (a)(2)(c) of the INA, section U.S.C. section 1252 (a)(2)(c) (1999). Okonkwo, no longer is removal from the United States under section 212 (a)(2)(i) of the INA, 8 U.S.C. section 1182 (a)(2)(i) for having committed a crime involving moral turpitude.

On **exhibit 2-** at page **two** paragraph **one**, of the Court order, of the United States District Court, for the Middle District of Pennsylvania. The service concedes, that the conviction upon which Okonkwo's detention and deportation are based, has bee **vacated.** As a result of the service's **concession**, in the United States Court of Appeals for the Third Circuit, issued an order staying Petitioner's removal, to file a timely motion to reopen before the Board of Immigration Appeals pursuant to 8. C.F.R. section 3.2(c) advising the Board, **inter-alia**, of the vacation of the conviction, in the Connecticut of sixth-degree larceny. See **exhibit 3-the circuit court order.** Therefore, the Third Circuit opinion and order should be respected. See **United States v. Smith**, 354 F.3d 399, (5th Cir. 2003), no subsequent Panel may overrule the decision of another Panel or hold that a prior decision applies only on the limited facts set forth in that opinion.

On **exhibit 4**, the Board decision dated November 8, 2001, the Board remanded Petitioner's case back to the Immigration Court, on November 8, 2001, holding that the Underlying

<u>criminal conviction,</u> which the service had based it charges of removability has been <u>vacated</u>, on legal, structural defects at trial and on Constitutional ground. The Board further questioned, "whether there is now a criminal conviction rendering the Petitioner not only removal, but also statutorily ineligible for relief, under dection 1101 (a)(48)(A) (2001), as in the **Matter of Roldan-Santoyo**, interim decision 3377 (BIA 1999), finding that the Petitioner's Court order was not with in the <u>parameter's</u> of **Roldan**, because the law under which the conviction was <u>vacated</u>, was not an <u>expungement</u> or <u>rehabilitative</u> statute.

The Board also ordered that the Petitioner, to establish his eligibility for relief from removal or **"seek termination"**. Petitioner then moves to request for the relief of concellation of removal on January 11, 2002, but it would be subsequently denied by the immigration Judge, on the mistaken assumption that petitioner was an **"arriving alien"**. As the administrative agency with direct jurisdiction over Appeals of immigration Judge's orders, the decision of the BIA should be given deference, but the immigration Judge and the service chose not to. See <u>Chevron U.S.A. v. Natural Resources Defense Council Inc,</u> 467 U.S. 837 (1984). Since the decision **Renteria-Gonzalez** preceded the decision in pickering, the immigration Judge did not have the benefit of the BIA's reasoning and thus, could not give such deference to the Courts decision. Irrespective that, that decision is <u>only</u> binding <u>within</u> the Fifth Circuit Jurisdiction, not Second Circuit. None of the cases cited by the majority however, hold

or imply that a conviction vacated because of procedural or substantive flaws is a conviction under the INA. These cases support the proposition, that a conviction vacated for rehabilitative purpose remains valid under the INA. See **Murrilo-Eapinoza v. INS**, 261 F. 3d 771, 773-74 (9th Cir. 2001). **Herrera-Inirio v U.S**, 208 F. 3d 299, 305-06 (1st Cir. 2000); **Moosa v. INS**, 171 F. 2d 994, 1005-06, 1009 (5th Cir. 2000); of **United States v. Campbell**, 167 F. 3d. 94, 96-98 (2nd Cir. 1999) [holding conviction vacated for rehabilitative purpose valid for purposes of sentencing guidelines.

The second allegation, that **Okonkwo** remains removable from the United States under section 21 (a)(7)(A)(i)(I) of the INA, 8 U.S.C. section 1182 (a)(7)(i)(I), because is not in possesion of a valid entry documents. See **Exhibit 5**-the service motion for summary affirmance. **"That is not true"**, it is undisputed that petition sought and obtained advance parole in 1995, (permission to travel and re-enter in accordance with U.S. Immigration law), from the Service prior to embarking on his journey to Nigeria. Even the Immigration Judge during petitioner's removal proceeding's, acknowledge the fact that petitioner was granted advance parole. See **Exhibit 6-** at page 3, para. 2 of petitioner's removal proceedings. In fact the regulation "as applied" to petitioner have an impermissible retroactive application in this case in light of **INS v. St. Cyr**, 121 S. Ct. 227 (2001). Additionally, petitioner is a beneficiary of the "exception to the regulatory scheme. See fact No. "7" of the

joint statement of uncontested facts. He was paroled into the United States until November 22, 1996. **id**. See **Exhibit 7**, the service opposition to motion to reconsider bond, dated August 11, 2000, at page 2, the Federal Statute of an "arriving alien".

A simple review of the undisputed facts of this case in conjunction with the "exceptional clause", provision of the regulatory mandate, the issue remains **whether**, petitioner was properly classified as an arriving alien, or **whether** this provision at issue applied to petitioner cicumstances. Petitioner's challenge to section 212 (a)(7)(A)(i)(I) is not directed to it's Constitutionality rather, it is directed to its erroneous application to petitioner circumstances. An "as applied" challenge is distinguished from a facial challenge by which it is asserted that the statute is "invalid in toto", or that there are no circumstances in which the statute can be Constitutionally valid. See **Village of Hoffman v. Flipside Hoffman Estate Inc**, 455 U.S. 489, 494, 102, S.Ct. 1186, 1191, 71L. Ed 362 F. n5. (1981), See also **United States v. Mallory**, 884 F. Supp. 496 (S.D.Fl . 1995), where the Court dismissed an indictment and held the Federal car Jacking, 18 U.S.C. section 2119 unconstitutional "as applied", because the indictment charged nothing other than local crime. Petitioner contend's that his "as applied" challenge to the statutory provision at issue is properly before the Court, as it implicates statutory and retroactive claims.

The Service erred, when they falsely contend that Petitioner

did not filed a timely written claim for class membership, in the <u>catholic social service (CSS) v. Reno</u>, 113, S. Ct. 24 (1993), on or before October 1, 2000, See **exhibit "8"**, the Notice of decision dated February 17, 2004, when in fact the same service administrative record indicates, that the Petitioner filed, for an application for legalization on or about June 20, 1990, with the service and was granted employment authorization as a class member in <u>catholic social service (CSS v. Reno</u>, 113 S. Ct. 2485 (1993). See **Exhibit 7** -at page 3, para. 1.

    Assuming arguendo, the immigration Judge assertion under <u>Renteria Gonzalez</u>, thus INS could not deport, petitioner for the offense specified in the notice to appear, even after enactment of the Act. To deport petitioner, the INA requires only a showing of, not a conviction of, unlawful presence in the United States and alien criminal activities.

    The immigration Judge also abused his discretion when he suppressed material documentation that had been accepted into evidence in the open Court proceedings before the same Judge, and for inclusion as **Exhibit**, but the Judge failed to give deference to these exculpatory documentation in his opinion decision causing petitioner to suffer <u>prejudice.</u> See **exhibit" 9"** the statement of fact, in the proceedings trancript from 110 -116. Had the immigration Judge factored these material documents into his decision making process, the proceedings would have resolved in petitioner's favor and the proceedings would have terminated in his favor.

Finally, but not the least, Petitioner contends the immigration Judge's abused his discretion by ordering him removed, in absentia, when the Immigration and Naturalization Service, now ("BICE"), did not prove deportability by clear, unequivocal, and convincing evidence of a valid conviction for immigration purpose See **Woodby v. INS**, 385, U.S. 276 (1996). The proceeding should be "terminated" because the conviction relied upon has been vacated, on legal defect and Constitutional grounds, not for section 1101 (a)(48)(A) that vacatur order should be respected by the Service, since the Service "conceded" to it. See **Matter of Rodriguez-Ruiz, Int.** DEC. 3436 (BIA 2000) [We will...accord full faith and credit to this state court judgement]. [Vacatur a conviction under New York, States Law]. See also **Sandoval v. INS** 240 F. 3d 577 (7th Cir. 2001).

**Wherefore**, based on all the proven facts Petitioner, is not an alien not in possession of a valid entry documents and, petitioner prays and respectfully urges this Honorable Court to vacate his deportation, and release him from this unlawful detention.

### CERTIFICATE OF SERVICE

I hereby certify that I have serve a true and correct copy of the foregoing motion on the opposing counsel via U.S. postal service, postage prepaid, properly affixed and addressed to:

William M. Brown, Jr.
Assistant United States Attorney
157 Church Street
New Haven, Connecticut 06510

on this July 26, 2004.

Respectfully Submitted

Ignatius Okonkwo Pro-Se
A26-792-202
Etowah County Jail
827 Forrest Ave
Gadsden AL. 35901