E X H I B I T   "1"

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3852

IGNATIUS UMEADI OKONKWO,
A26 792 202,
Petitioner,

v.

JANET RENO,
Attorney General of the United States,
Respondent.

## RESPONDENT'S NOTICE OF WITHDRAWAL OF JURISDICTIONAL ARGUMENT MADE IN MOTION TO DISMISS UNTIMELY PETITION FOR REVIEW

Respondent respectfully notifies this Court that she no longer seeks dismissal of petitioner Okonkwo's petition for review pursuant to section 242(a)(2)(C) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(C) (1999), which divests the Court of jurisdiction to consider petitions filed by certain criminal aliens. Respondent no longer seeks dismissal on this ground because, since filing the motion to dismiss, she has learned that Okonkwo's underlying conviction which provided the basis for a section 242(a)(2)(C) of the INA dismissal has been vacated. The Court, however, must still dismiss this petition for review for lack of subject matter jurisdiction because Okonkwo's petition was filed untimely.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2000, Respondent filed a Motion to Dismiss Okonkwo's petition for review and opposition to motion for stay of removal. One of the bases for dismissal asserted by Respondent was that Okonkwo was precluded from petitioning this Court for review because he had been convicted of Larceny, sixth degree, which constitutes a crime involving moral turpitude

covered in section 212(a)(2) of the INA, 8 U.S.C. § 1182(a)(2).  See INA § 242(a)(2)(C), 8 U.

S.C. § 1252(a)(2)(C) (1999).  On December 7, 2000, Respondent received information from

Okonkwo that his Larceny conviction had been vacated by the State of Connecticut Superior

Court at Milford.  See Exhibit A (Order vacating conviction dated October 30, 2000).

## DISCUSSION

As a result of this vacatur by the Superior Court of the State of Connecticut, Okonkwo's

conviction is void, and no longer provides a basis for invoking the jurisdictional bar in section

242(a)(2)(C) of the INA, 8 U.S.C. § 1252(a)(2)(C) (1999).  Okonkwo no longer is removable

from the United States under section 212(a)(2)(A)(i) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i), for

having committed a crime involving moral turpitude.  However, Okonkwo remains removable

from the United States under section 212(a)(7)(A)(i)(I) of the INA, 8 U.S.C.

§ 1182(a)(7)(A)(i)(I), because he attempted to enter the United States without possessing valid

entry documents.  Moreover, because Okonkwo's petition for review was filed untimely with this

Court, and because Okonkwo cannot cure this jurisdictional defect, this Court lacks jurisdiction

to entertain his petition for review, and must dismiss for the reasons presented in Respondent's

original Motion to Dismiss.

/ / /

/ / /

/ / /

2

## CONCLUSION

For the aforementioned reasons, Respondent respectfully withdraws her argument that

section 242(a)(2)(C) of the INA, 8 U.S.C. § 1252(a)(2)(C), compels dismissal of this petition for

review, but continues to assert that the petition must be dismissed because it was untimely filed.

Respectfully submitted,

DAVID W. OGDEN
Assistant Attorney General
Civil Division

TERRI J. SCADRON
Senior Litigation Counsel

JOHN M. MCADAMS, JR.
Attorney, United States Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
202-616-9339

Dated: December 8, 2000

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2000, I caused one copy of Respondent's Notice of Withdrawal of Jurisdictional Argument Made in Motion to Dismiss Untimely Petition for Review, by having it placed in a mail room of the United States Department of Justice for same-day delivery, postage pre-paid, addressed, as follows:

Mr. Ignatius Umeadi Okonkwo, <u>Pro Se</u>
# 61326
INS Number A26 792 202
York County Prison
3401 Concord Road
York, PA 17402


JOHN M. MCADAMS, JR.
Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
202-616-9339

E X H I B I T   "2"

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

IGNATIUS OKONKWO

        Petitioner       :

    vs.                  :   No. 4:CV-00-2057

                   :   Petition Filed 11/27/00

IMMIGRATION AND NATURALIZATION  :  (Judge Muir)
SERVICE,

        Respondent    :

**FILED**
WILLIAMSPORT, PA

ORDER

JAN 2 8 2002

January 28, 2002

MARY E. D'ANDREA, CLERK
Per ____
           Deputy Clerk

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before us is the petition for writ of habeas corpus filed Ignatius Okonkwo (hereinafter "Okonkwo"). Okonkwo claims that he is being unlawfully detained pursuant to a final order of deportation because that order is based on a conviction which was overturned after the order had been issued. On December 18, 2001, we issued an order requiring the Immigration and Naturalization Service to submit a supplemental response addressing the merits of Okonkwo's petition because the Immigration and Naturalization Service's initial response was based strictly on procedural issues which have since been resolved. We issued the December 18, 2001, order because it appeared that Okonkwo's petition has merit.

On January 17, 2002, the INS timely filed in Harrisburg its supplemental response to Okonkwo's petition. In that document the Immigration and Naturalization Service concedes that the conviction upon which Okonkwo's detention and deportation are based has been vacated. (Document 25, p. 3) Nonetheless, the Immigration and Naturalization Service argues that Okonkwo's petition should be denied without prejudice or stayed because Okonkwo has filed administrative matters with the Immigration and Naturalization Service which remain pending. We do not see how the administrative matters referenced by the Immigration and Naturalization Service affect the issues in this matter, and the Immigration and Naturalization Service has not identified any substantive connection.

Okonkwo's petition was filed in this court in November of 2000. The uncontested evidence of record supports his claim that there is no lawful basis to detain him. We are of the view that the Immigration and Naturalization Service has had ample time to address Okonkwo's case and that its declination to rule on Okonkwo's pending matters is not a valid reason to either deny his petition or stay this case.

We will require the Immigration and naturalization to file an explanation of what, if any, legitimate grounds to detain

2

Okonkwo currently exist. If no such reason exists, we will grant his petition.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The government shall, within 20 days after the date of this order, file an explanation of what, if any, legitimate grounds to detain Okonkwo currently exist.

MUIR, U. S. District Judge

MM:ga

3

E X H I B I T  "3"

*AMENDED FPS-8

December 4, 2000

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. 00-3852

IGNATIUS OKONKWO

    VS.

JANET RENO

    (AGENCY NO. 26-792-202)

Present:  SLOVITER, ROTH AND AMBRO, CIRCUIT JUDGES

        Submitted are.

    (1)    Petitioner's petition for review;

    (2)    Petitioner's motion to stay removal;

    (3)    Respondent's motion to dismiss for lack of jurisdiction;

    (4)    *Petitioner's opposition to respondent's motion to dismiss; and

    (5)    *Respondent's notice of withdrawal of jurisdictional argument;

        in the above-captioned case.

                Respectfully,

                Clerk

MMW/SR/zm

                ORDER

The order staying petitioner's removal is continued without prejudice to petitioner's right to file a timely motion to reopen before the Board of Immigration Appeals pursuant to 8 C.F.R. § 3.2(c) advising the Board, inter alia, of the vacation of the conviction in Connecticut of sixth-degree larceny.

                By the Court,

                Circuit Judge

Dated:  DEC 1 3 2000

SMA CCTC; TJS, AO.

JOINT
EXHIBIT
20