E X H I B I T  "4"

Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A26 792 202 - Oakdale

Date:

In re:  IGNATIUS UMEADI OKONKWO

NOV - 8 2001

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:    Pro se

ORDER:

PER CURIAM.  The respondent's motion is granted.  *See Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997).  The respondent contends that the criminal conviction which supports one of the charges of removability has been vacated.  The question here is whether there is now a criminal conviction rendering the respondent not only removable but also statutorily ineligible for relief.  *See* 8 U.S.C. § 1101(a)(48)(A) (2001); *Matter of Roldan-Santoyo*, Interim Decision 3377 (BIA 1999). Consequently, the proceedings will be reopened and the record will be remanded to enable the Immigration Judge to consider the new evidence offered by the respondent relating to removability under section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2001) as an alien convicted of a crime involving moral turpitude; as well as section 212(a)(7)(A)(i) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i) (2001); and to determine whether the respondent can now establish his eligibility for relief from removal or seek termination. Accordingly, the record is returned to the Immigration Court for further proceedings consistent with this opinion.

FOR THE BOARD

E X H I B I T  "5"

Jerry A. Beatmann                                         +                    DETAINED
Assistant Chief Counsel
Department of Homeland Security
United States Immigration and Customs Enforcement
OAKDALE DISTRICT OFFICE
1010 East Whatley Road
Oakdale, LA 71463


## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## BOARD OF IMMIGRATION APPEALS


_____

In the Matter of:

Ignatius Umeadi OKONKWO                            A26 792 202

In removal proceedings
_____


## DEPARTMENT OF HOMELAND SECURITY MOTION FOR SUMMARY AFFIRMANCE

The Department of Homeland Security, Bureau of Immigration and Customs Enforcement (the "Department") requests that the Board of Immigration Appeals summarily affirm the written decision of the Immigration Judge rendered on April 14, 2004, pursuant to 67 Fed. Reg. 54,878, 54,903 (2002) (to be codified at 8 C.F.R. § 3.1(e)(4)(i)). The Department submits that the decision of the Immigration Judge was correct in all material aspects; that, assuming arguendo, any errors do exist in the decision, they are harmless or immaterial; and that the respondent's appellate arguments are not so substantial that the case warrants the issuance of a written opinion. 67 Fed. Reg. At 54,903 (to be codified at 8 C.F.R. § 3.1(e)(4)(i)(B)).

The Department agrees with the Immigration Judge that the respondent is inadmissible as charged as an alien convicted of a crime involving moral turpitude and as an alien not in possession of a valid entry document. Therefore, the Immigration Judge's decision to order the respondent removed to Nigeria is correct in all respects.

In the alternative, should the Board determine that summary affirmance of the Immigration Judge's decision is not appropriate; the Department submits that none of the six circumstances warranting review by a three-member panel are present in this case, and that the Immigration Judge's decision should otherwise be affirmed by means of a brief order. 67 Fed. Reg. At 54,903 (to be codified at 8 C.F.R. §§ 3.1(e)(5) and (6).

Respectfully submitted,

_July 1 2004_
/Date

Jerry A. Beatmann
Assistant Chief Counsel
Department of Homeland Security
Bureau of Immigration & Customs Enforcement
1010 East Whatley Road
Oakdale, LA 71463
(318) 335-0713, Ext. 142

## PROOF OF SERVICE

Alien Name:  Ignatius Umeadi Okonkwo

Alien Number: A26 792 202

On the 1st day of July 2004, I, Jerry A. Beatmann, mailed, via first class postage, in the United States mail, a copy of this appeal brief to the respondent at the following address:

> Ignatius Umeadi Okonkwo
> BOP# 16057-265
> Etowah County Jail
> 827 Forest Ave.
> Gadsden, AL 35901-0000

Jerry A. Beatmann
Assistant Chief Counsel

NOTE:  On or about June 24, 2004, the respondent was transferred to the Etowah County Jail, 827 Forest Ave., Gadsden, AL 35901.

E X H I B I T  "6"

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
OAKDALE, LOUISIANA

FILE: A26 792 202

IN THE MATTER OF:

Ignatius Umeadi OKONKWO a/k/a Nwankeona Chukwuduben a/k/a Musa MOHAMMED

RESPONDENT IN REMOVAL PROCEEDINGS

CHARGES:    Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act; an alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense).

Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, an immigrant who at the time of application for admission is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document.

APPLICATIONS:    Termination.

Cancellation of removal under section 240A(a) of the Immigration and Nationality Act.

Cancellation of removal under section 240A(b) of the Immigration and Nationality Act.

A waiver under section 212(h) of the Immigration and Nationality Act.

Voluntary departure.

1

NOV-28-2000  08:12      USDOJ/INS/LITIGATION UNIT                        717 840▨242    P.04/11

IN BEHALF OF THE RESPONDENT:                IN BEHALF OF THE SERVICE:

Michael G. Moore                            Jerry A. Beatmann and Monique Harris
20 Maple Street – Suite 302                 Asst. District Counsels
Springfield, MA  01103                      Immigration and Naturalization Service
                                            1010 East Whatley Rd.
                                            Oakdale, LA 71463

## DECISION OF THE IMMIGRATION JUDGE

The respondent is a male native and citizen of Nigeria who arrived in the United States on

November 22, 1995 and was paroled into this country.  His parole expired on November 22,

1996.  It is alleged that he is inadmissible because he is an immigrant not in possession of a valid

unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry

document.  It is also alleged that he is inadmissible because on March 14, 1995 he was convicted

in the state of Connecticut of the offense of larceny in the sixth degree.

In pleading to the Notice to Appear, counsel for the respondent admitted the first, second,

and fifth allegations of fact contained therein.  Allegations three and four were denied and the

hearing was continued in order to receive evidence from the Service regarding the allegations

which were denied.

When the hearing resumed on August 22, 2000, counsel for the Service offered a copy of

a printout from the Service's Nonimmigrant Information System which was received without

objection as Exhibit 2.  That document establishes that on November 22, 1995, the respondent

was paroled into the United States until November 22, 1996.

Regarding the fourth allegation, that the respondent is an immigrant not in possession of a

valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid

2

NOV-28-2000   08:12      USDUJ/INS/LITIGATION UNIT                     717 847 7242    P.05/11

entry document, the respondent testified that he had entered the United States for the first time in 1981. He said he entered without inspection from Canada. He said after six months he returned to Canada and then to Nigeria. He said he came back to the United States in 1982 as a nonimmigrant student. He said he did not leave the United States again until the Spring of 1995 when he returned to Nigeria. He said he came back to the United States on November 22, 1995 as alleged by the Service. Later in the hearing, he testified that he also left the United States for six months in 1988 and returned to Nigeria.

The respondent testified that he married a native born citizen of the United States in 1984 and applied to the Service for adjustment of status based on his marriage to her. He said she died in 1988 while he was in Nigeria. He testified that he then applied to the Service in 1989 for adjustment of status under the legalization provisions of section 245A of the Act. He said he was given a card to authorize his employment and he has been renewing it every year since. A copy of the card issued in 1990 was received as Exhibit 3. The respondent testified that when he needed to travel to Nigeria in 1995, he contacted the Service and was issued a document. Although he could not recall what it was, I concluded, and counsel for the respondent agreed, that the document was an advance parole. The respondent testified that he lost that document while he was in Nigeria and was informed by the Bulgarian airline on which he wanted to return to the United States that he would have to contact the American Embassy. He said he did so and was given two papers, one for the airline and one for the inspecting officer. A copy of one of those was received as Exhibit 4.

Counsel for the respondent argued that the offense for which the respondent was convicted is not a crime involving moral turpitude. Petty larceny has long been held to be a

Since the respondent is removable and eligible for none of the forms of relief he seeks, there is no purpose to be served by conducting further hearings in this matter. Accordingly, the hearing scheduled for September 12, 2000 will be canceled and the following order will be entered.

ORDER:    It is ordered that the respondent's applications for cancellation of removal under sections 240A(a) and (b) of the Act, a waiver under section 212(h) of the Act, and voluntary departure be denied.

It is further ordered that the respondent be removed from the United States to Nigeria on the charges contained in the Notice to Appear.


_Aug. 25, 2000_
Date

_Charles A. Wiegand_
Charles A. Wiegand, III
Immigration Judge

7

E X H I B I T  "7"

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
OAKDALE, LOUISIANA

COPY

IN THE MATTER OF:                    )
                                     )
IGNATIUS OKONKWO                     )
  aka: NWANKEONU CHUKWUDUKEN         )      A26 792 202
       MUSA MOHAMMED                 )      Oakdale, LA
Respondent                           )
                                     )
IN BOND PROCEEDINGS                  )
                                     )

OPPOSITION TO MOTION TO RECONSIDER BOND

COMES NOW, the Immigration and Naturalization Service (hereinafter "the Service"), opposes the respondent's motion to reconsider for the following reason:

In an oral decision rendered on July 24, 2000, the Immigration Judge ruled that the respondent was an "arriving alien", and as such, he lacked jurisdiction over the respondent's bond proceedings.

The respondent is a native and citizen of Nigerian. His initial arrival in the United States was on June 15, 1982 at New York, New York as a nonimmigrant student. He departed the United States. He was paroled into the United States at or near New York, New York on or about November 22, 1995 to November 22, 1996 under the alias of Musa Mohammed. See Nonimmigrant Information System (NIIS) dated June 12, 2000 with INS Status Codes attached. "An alien who is paroled under section 212(d)(5) or permitted to land temporarily as an alien crewman shall not be considered to

1

have been admitted."   See section 101(a)(13)(B) of the Act.   The
Code of Federal Regulations defines the term "arriving alien;"

> (q)  The term arriving alien means an applicant for
> admission coming or attempting to come into the United
> States at a port-of-entry, or an alien seeking transit
> through the United States at a port-of-entry, or an alien
> interdicted in international or United States waters and
> brought into the United States by any means, whether or not
> to a designated port-of-entry, and regardless of the means
> of transport.  An arriving alien remains such even if
> paroled pursuant to section 212(d)(5) of the Act. except
> that an alien who was paroled before April 1, 1997, or an
> alien who was granted advance parole which the alien applied
> for and obtained in the United States prior to the alien's
> departure from and return to the United States, shall not be
> considered an arriving alien for purposes of section
> 235(b)(1)(A)(i) of the Act.

See 8 C.F.R. § 1.1(g)(2000)

     An arriving alien who arrives in the United States pursuant
to a grant of advance parole is an "arriving alien", as that term
is defined in the federal regulation.  Matter of Oseiwusu,
Interim Dec. 3344 (BIA 1998).

     A motion to reconsider asserts that at the time of the
Board's previous decision, an error was made.  It is a "request
that the Board reexamine its decision in light of additional
legal arguments, a change of law, or perhaps an argument or
aspect of the case which was overlooked."  Matter of Cerna, 20
I&N Dec. 399, at 402 n.2 (BIA 1991)(quoting Hurwitz, Motions
Practice Before the Board of Immigration Appeals, 20 San Diego L.
Rev. 79, 90 (1992)).  The regulations require that a motion to
reconsider shall state the reasons for the motion by specifying
the errors of fact or law in the prior Board decision and shall

2

be supported by pertinent authority.  8 C.F.R. § 3.2(b)(1)(2000).

The Service instituted deportation proceedings by the issuance of an Order to Show Cause on March 3, 1987.  The respondent was granted voluntary departure until January 15, 1988 but failed to depart.  A demand was made upon a bonding company to produce the respondent.  Due to the respondent's failure to appear for deportation on May 31, 1988, his $4000 bond was breached.  He filed a legalization application on or about June 20, 1990 with the Service and was granted employment authorization as a class member in Catholic Social Service (CSS) v. Reno, 113 S. Ct. 2485 (1993).  There is no evidence in the alien registration file that the respondent had applied for or was granted advance parole before his departure from the United States.  At the time of his arrival, he was inadmissible to the United States as an alien convicted of a crime involving moral turpitude.  On March 14, 1995, he was convicted in the Superior Court, Milford, Connecticut for the offense of Larceny Sixth Degree, in violation of Section 53a-125b of the Connecticut General Statutes.

As an "arriving alien", the Immigration Judge may not redetermine conditions of custody imposed by the Service with respect to aliens who are "arriving aliens" in removal proceedings, including aliens paroled after arrival pursuant to section 212(d)(5) of the Act after the expiration of the Transition Period Custody Rules.  See 8 C.F.R. § 3.1a(h)(2)(i) (2000).

3

For the foregoing reason, the Service opposes the respondent's motion to reconsider.    —

Respectfully submitted,

11 August 2000

DATE

LORRAINE L. GRIFFIN
Assistant District Counsel
Immigration & Naturalization
Service, Litigation Unit
1010 East Whatley Road
Oakdale, Louisiana  71463
(318) 335-0713, ext. 139

4