E X H I B I T  "8"

U.S. Department of Homeland Security
P.O. Box 648004
Lee's Summit, MO 64064



U.S. Citizenship
and Immigration
Services

February 17, 2004

Ignatius Okonkwo
803 Center Street
Manchester, CT 06040

File:    MSC#02-341-60189
         A#26-792-202
         Form I-485

In RE:  Same as above

### Notice of Decision

This letter is in reference to your Application to Register Permanent Residence or Adjust Status (Form I-485) that you filed on September 6, 2002 under the Legal Immigration Family Equity Act (LIFE Act). Section 1104 of the LIFE Act and its Amendments provide for the legalization of certain eligible aliens who filed a written claim for class membership in the following legalization class action lawsuits: *Catholic Social Services, Inc. (CSS), League of United Latin American Citizens (LULAC)* or *Zambrano*.

Pursuant to Title 8, Code of Federal Regulations, Part 245a.20(a)(2), you were notified of our Intent to Deny your Form I-485 on January 13, 2004. The reason(s) for the intent were provided to you at that time and you were afforded a period of thirty (30) days to provide evidence in support of your application. To date, there has been no response to our notice. Therefore, the Service has made a decision based upon the evidence submitted with your original application.

A review of Service records and indices, your administrative file, and all evidence previously provided by you with your original application fails to establish your claim. Evidence submitted consisted of Form I-485 Rejection and Receipt notices, a copy of your marriage certificate, a copy of your Employment Authorization Document (EAD) under c22 category, a copy of Form I-20AB, Certificate of Eligibility for Non-Immigrant (F-1) Students, a copy of Form I-538, Application by Nonimmigrant Student for Extension of Stay, a copy of a Fingerprint Fee Receipt from the Texas Service Center, copies of your Nigerian passport pages, a copy of your college diploma, copies of money orders, a copy of your resume, a copy of a medical bill, copies of airline tickets, a copy of postmarked mail, copies of letters from the Belgian World Airlines, a copy of a damaged baggage report, and copies of affidavits attesting to your identity. While these documents do provide evidence of your identity and residency, they do not offer any proof that you filed a written claim for class membership.

You also submitted a copy of a Form I-687 Receipt Notice dated June 13, 2001 and a copy of a Vermont Service Center letter regarding your Legalization Questionnaire dated March 31, 2001. The questionnaire was evaluated as part of a separate program in order to determine whether you may be able to file for legalization and to have your application (Form I-687) evaluated as if it had been filed during the original May 1987-May 1988 filing period. Based on your questionnaire the Service advised you that you were

eligible to send a Form I-687 to the Texas Service Center for adjudication. Service records show that your Form I-687 was received at the Texas Service Center on June 13, 2001. But the Legalization Questionnaire from March 2001 cannot serve to establish that you made a timely written claim for class membership in order to qualify for adjustment under the LIFE Act. The LIFE Act defines eligible aliens as those who filed with the Attorney General written claims for class membership before October 1, 2000. It provides for a variety of means for proving that a claim for class membership was made, but a questionnaire filed in March 2001 simply cannot serve to meet the timely filing requirements of the LIFE Act.

In addition, you submitted many forms belonging to a Mohammed Musa, A 93 028 854. You submitted a copy of his Form I-688, a copy of his Form I-689 legalization receipt, a copy of his Form I-687 signed on June 20, 1990, a copy of an appointment notice dated August 16, 1990, and a copy of his Form for Determination of Class Membership in CSS v. Meese signed on August 23, 1990. While you have listed one of your other names used as Mohammed Musa on your Form I-765, you have not provided any proof of a legal name change. Besides the name and A-number differing from your own, Forms I-687, I-688, I-689, the appointment notice, and the Form for Determination of Class Membership all have a different date of birth listed that does not match the date of birth listed on your Form I-485. These factors raise serious questions about the authenticity of any of the forms submitted for a Mohammed Musa.

Service records also indicate that you have another A-number, A 93 410 158. However, a search of Service indices fails to reveal anything under this A-number that would indicate a claim for class membership has been filed.

Service records have failed to reveal anything that would indicate a timely written claim to class membership had ever been filed. Therefore, it has been determined that you are ineligible to adjust status under Title 8, Code of Federal Regulations, Part 245a.10 which states:

> "An eligible alien means an alien . . . who, before October 1, 2000, filed with the Attorney General a written claim for class membership, with or without filing fee, pursuant to a court order issued in the case of: *Catholic Social Services, Inc. v Meese, League of United Latin American Citizens v. INS*, or *Zambrano v. INS*."

The evidence you submitted does not establish that you filed a timely written claim for class membership in one of the legalization class action lawsuits mentioned above. Therefore, your application pursuant to section 1104 of the LIFE Act is hereby denied.

Per Title 8, Code of Federal Regulations, Part 245a.20(b), you may appeal this decision to the Administrative Appeals Office by completing the enclosed Notice of Appeal (Form I-290B) and mailing it, along with a $110.00 filing fee, to the following address:

   U.S. Citizenship and Immigration Services
   National Benefits Center
   Post Office Box 7219
   Chicago, IL 60680

Your Notice of Appeal must be filed within thirty (30) days of this notice. A brief or other written statement in support of your appeal may be submitted with the Notice of Appeal. If no appeal is filed within the time allowed, this decision is final.

Sincerely,



Robert M. Cowan
Director

RMC/Officer #: LA-102

1 Attachment

E X H I B IT   "9"

1    A.    -- of Minnesota.

2    Q.    -- telling me is that you just don't think it was

3  proper for them to deny --

4    A.    It's not that --

5    Q.    -- the application.

6    A.    -- this -- there is a prejudice written on the -- on

7  that uncontested.  I put it on (indiscernible).  Prejudice

8  surrounding this case, and for the fact what --

9    Q.    Okay.

10    A.    -- would the -- this -- the statement Carl Perry made.

11    Q.    I've understand what you're telling me.

12  JUDGE TO MR. BEATMANN

13    Now, Mr. Beatmann, the notice of the decision was offered by

14  the Government.  These other documents all come from the

15  respondent.  You have any problem in receiving these?

16  MR. BEATMANN TO JUDGE

17    Which, which ones are those, Your Honor.

18  JUDGE TO MR. BEATMANN

19    Let's see.  Would be the notice of intent to deny, the --

20  this joint statement from the Middle District of Pennsylvania,

21  and this notice of transfer.

22  MR. BEATMANN TO JUDGE

23    I don't think I have that Pennsylvania thing.

24  JUDGE TO MR. BEATMANN

25    Oh, I'm sorry.

A 26 792 202                    110                    March 23, 2004

```
1   MR. OKONKWO TO JUDGE

2       I --

3   JUDGE TO MR. BEATMANN

4       Maybe --

5   MR. OKONKWO TO JUDGE

6       -- Your Honor --

7   JUDGE TO MR. BEATMANN

8       -- you don't.

9   MR. OKONKWO TO JUDGE

10      -- please --

11  JUDGE TO MR. BEATMANN

12      I don't --

13  MR. OKONKWO TO JUDGE

14      -- can you --

15  JUDGE TO MR. OKONKWO

16      Q.   Quiet.  I'm speaking to --

17      A.   Okay.

18      Q.   -- counsel for the --

19      A.   I'm sorry.

20      Q.   -- Government.

21      A.   Please, I'm sorry.

22  JUDGE TO MR. BEATMANN

23      Oh, yeah.  It does seem to go on for quite awhile.  Would

24  you like a copy?

25  MR. BEATMANN TO JUDGE
```

A 26 792 202                    111                    March 23, 2004

1        Yes, Your Honor.

2    JUDGE TO MR. BEATMANN

3        All right.

4    JUDGE FOR THE RECORD

5        We'll be off the record while we make one.

6                        (OFF THE RECORD)

7                        (ON THE RECORD)

8    JUDGE FOR THE RECORD

9        The record.  Photocopy of the document has been made for the

10   Government.

11   JUDGE TO MR. BEATMANN

12       Mr. Beatmann, you've had an opportunity to review that?

13   MR. BEATMANN TO JUDGE

14       Yes, I have, Your Honor.

15   JUDGE TO MR. BEATMANN

16       All right.  Any problem with receiving it?

17   MR. BEATMANN TO JUDGE

-18      Except for the handwriting at the bottom --

19   JUDGE TO MR. BEATMANN

20       Oh well, of course.

21   MR. BEATMANN TO JUDGE

22       -- Your Honor.

23   JUDGE TO MR. BEATMANN

24       I understand --

25   MR. BEATMANN TO JUDGE

A 26 792 202                    112                    March 23, 2004

1          You know --

2     JUDGE TO MR. BEATMANN

3          -- that that's not --

4     MR. BEATMANN TO JUDGE

5          -- that's not part of the --

6     MR. OKONKWO TO JUDGE

7          Your Honor, I --

8     JUDGE TO MR. BEATMANN

9          That's not --

10    MR. BEATMANN TO JUDGE

11         -- document.

12    JUDGE TO MR. BEATMANN

13         -- part of the document.

14    MR. OKONKWO TO JUDGE

15         That's my own copy.

16    JUDGE TO MR. OKONKWO

17         Q.    I'm sorry?

18         A.    That's my own copy, that one I gave you.

19         Q.    Oh, so you don't have a copy of it either.

20         A.    Well --

21         Q.    In other words, besides the one you gave me.

22         A.    Well, you can make a copy.

23         Q.    I'll be glad to.

24    JUDGE FOR THE RECORD

25         We'll be off the record for that purpose.

A 26 792 202                    113                  March 23, 2004

1          (OFF THE RECORD)

2          (ON THE RECORD)

3   JUDGE FOR THE RECORD

4       On the record.  The document has been copied now and the

5   original photocopy returned to the respondent.

6   JUDGE TO MR. BEATMANN

7       So Mr. Beatmann, you were saying you had no objections to

8   that.

9   MR. BEATMANN TO JUDGE

10      No objection except for the --

11  JUDGE TO MR. BEATMANN

12      Except for the handwritten.

13  MR. BEATMANN TO JUDGE

14      -- extraneous --

15  JUDGE TO MR. BEATMANN

16      I'll tell you --

17  MR. BEATMANN TO JUDGE

18      -- comments.

19  JUDGE TO MR. BEATMANN

20      -- what, I'll, I'll strike through that.  With regard to the

21  notice of intent to deny that he provided.  Any objection to

22  that?

23  MR. BEATMANN TO JUDGE

24      No objection for that.

25  JUDGE TO MR. BEATMANN

A 26 792 202                    114                    March 23, 2004

1        And this notice of action that he provided?

2   MR. BEATMANN TO JUDGE

3        No objection.

4   JUDGE TO MR. BEATMANN

5        All right.  Here's what we're going to do.

6   JUDGE FOR THE RECORD

7        First off, the notice of intent to deny will go into the

8   record as Exhibit 8.

9   MR. BEATMANN TO JUDGE

10       8.

11  JUDGE TO MR. BEATMANN

12       Correct.

13  JUDGE FOR THE RECORD

14       The document from the Middle District of Pennsylvania

15  entitled Joint Statement of Uncontested Facts --

16  JUDGE TO MR. OKONKWO

17       Q.   I'm assuming, by the way, this is -- has something to

18  do with a petition for habeas corpus or something.  Does it?

19       A.   No.  That's when they took me in 2000.  Remember the

20  Government took me on (indiscernible).  We made it on

21  (indiscernible), the, the Federal Court --

22       Q.   I'm sorry.  They took you on what?

23       A.   To deport me.  The Government, the Government took me

24  on December -- they took me out of Oakdale on 14th of November.

25       Q.   Uh-huh.  So --

A 26 792 202                     115                      March 23, 2004

1    A.    After, after my appeal was filed untimely --

2    Q.    So this is a --

3    A.    A force --

4    Q.    -- petition for a writ of habeas corpus that --

5    A.    It's corporeal.  I --

6    Q.    -- was filed with the Middle District of Pennsylvania.

7    A.    Yes.

8    Q.    Is that right?

9    A.    Yes.  I filed for --

10   Q.    That's what I asked you.  Okay.

11   A.    -- I filed for stay of deportation.

12   JUDGE FOR THE RECORD

13        That is going to be received as Exhibit 9.

14   JUDGE TO MR. OKONKWO

15   Q.    Now the notice of decision that the Government provided

16   me at the last hearing --

17   A.    Um-hum.

18   Q.    -- you've been telling me all the reason why they're

19   wrong in doing what they did.  But I think the fact remains that

20   the document is admissible, mainly because you have acknowledged

21   that you received the document that was taken in as Exhibit 8.

22   So I'm going to take this into the record over your objection, as

23   Exhibit 10.

24   A.    Your Honor, my (indiscernible) they said they just got

25   it.

A 26 792 202                    116                    March 23, 2004