UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD, CONNECTICUT

FILED

2004 AUG 11 A 11: 05

U.S. DISTRICT COURT
HARTFORD, CT.

IGNATIUS UMEADI OKONKWO
        Petitioner,

    -vs-                          Civ. No. 3:02CV1733(AWT)

JOHN ASHCROFT, ET. AL.,
        Respondents,

===================================================

PETITIONER'S RESPONSE TO RESPONDENT'S REPLY TO
MOTION FOR RECONSIDERATION AND MOTION FOR
PRELIMINARY INJUNCTION FOR RELEASE FROM CUSTODY
PENDING ADJUDICATION OF PETITION

===================================================

Petitioner, Ignatius Okonkwo, Pro-Se hereby submits this response in opposition to the Government ("Respondent") reply to his Motion For reconsideration. He also uses this opportunity to seek a 'Preliminary Injunction" directed at the respondent to release him from custody pending the final adjudication of the merits of this Petition. Moreso, since the issue of Petitioner's detention has been fully exhausted through both the BIA and the Office of the District Director.

### PRELIMINARY STATEMENT

The Government argued inter alia that (1) That Okonkwo has not exhausted his administrative remedies with regards to the merits of his Order of removal, but the Government made no mention of challenge to the constitutionality and validity of Okonkwo's

-1-

continued detention which is also part of the instant removal
proceedings and which has been fully exhusted. Secondly,  Respondent
relying on a recent Supreme Court's decision in **Padilla v. Rumsfeld**,
125 S. Ct. 2711 (2004) attempts to ressurect matters of personal
jurisdiction over this Habeas petition which has been fully briefed
and laid to rest. However, its half-hearted attempt to ressurect
this claim is belied by the Supreme Court's **clear** instruction
in  that case this decision is inapplicable to alien habeas Petitioner,
and other exceptions noted in Justice kennedy's concurrence., Lastly,
this Court should either rule on the merits of the detention
claims (which has been fully exhausted) or grant a motion for
preliminary injunction directing Petitioner's release pending the
final outcome of this petitioner.

## PERTINENT HISTORY OF THE CASE

Although  the records of this contains substantial documents
and procedural history of this case. petitioner brings the attention
of  the Court to the most pertinent part of the case relevant
to the resolution of this motion:

1. The Government had admitted in a previous judicial
proceeding in a **Joint Statement of uncontested facts** that petitioner
is a Lawful Resident of the United States under his religious
name, "Musa Mohammed" See **Fact No. 5 of the Joint Statement of
Uncontested Facts.**

2. The Government also conceded in the same document that
"The Conviction for which detention and deportation was based
on has been vacated on Legal grounds by the criminal Court. See
**Fact No. 24**  of the Joint Statement of uncontested facts.

-2-

3. See Exhibit **1**, The government response to petitioner's motion to terminate proceedings. The goverment claimed that petitioner has not presented evidence that the service granted him lawful temporary resident status. See fact NO; 5 of the joint statement of contested facts. The same government said that it is undisputed, that Petitioner was issued temporary resident on September 6, 1990.

4. See **Exhibit 2,** The government notice of decision dated February 17, 2004, when the government requested for three enlargements of time, to mislead this honorable court, from December 11, 2003, to January 30, 2004, (50) days, from January 29, 2004 to March 31, 2004, (60) days and from March 25, 2004 to June 1, 2004, another (60) days. Claiming, that petitioner has filed an application for legalization or adjustment of status pursuant to **8 U.S.C 1226**, Immigration and Nationality Act section 245, that is now being adjudicated by the department's Missouri Service Center. Accordingly, Judge Wiegand has continued the pending removal proceedings before him until this application is adjudicated. If petitioner's application is ultimately approved, petitioner's status could be changed to that of a lawful permanent resident, which could thereby result in the termination of the ongoing removal proceedings before Judge Wiegand. In addition, if the application is approved, these Habeas proceedings before this court could well be rendered moot. Judge Wiegand has scheduled a status conference for March 11, 2004 at 1:00 pm. The application was denied, that petitioner did not file a timely written claim for class membership, in one of the legalization lawsuit, mentioned above on or before October 1, 2000. When in fact, the government's admins-

-3-

trative record indicates, that petitioner filed for a legalization application, on or about June 20, 1990, with the service and was granted employment authorization as a class member in **C.S.S. v. Reno,113 S.Ct. 2485 (1993).** See Exhibit **3**, at page 3, para. 1, opposition to motion to reconsider bond from government. Now, when the government found out that they falsely alleged that petitioner did not file an application for legalization on or before October 1, 2000, they withdrew and engaged in the issue of cancellation.

5. See Exhibit **4**, The government's Notice of Withdrawal of jurisdictional argument made in motion to dismiss untimely petition for review, at page 2, para. 1, it said as a result of this vacatur by the superior court of the State of Connecticut, Okonkwo conviction is **Void**, and no longer provides basis for invoking jurisdiction bar in Section 242 (a)(2)(c), 8 U.S.C § 1252 (a)(2)(c) (1999). **Okonkwo** no longer is removable from the United States under Section 212 (a) (7)(A)(i) of the INA, 8 U.S.C. §1182 (a)(2)(A)(i),    for having committed a crime involving moral turpitude. However Okonkwo remains removable from the United States under Section 212(a)(7)(A)(i)(I) of the INA, 8 U.S.C. §1182 (a)(7)(i)(I), because he attempted to enter the United States without possessing valid entry documents. The same government granted petitioner advance parole, (permission to travel and re-enter in accordance with U.S. Immigration law). See Exhibit **5**, at page 3, para. 2 at petitioner's removal proceedings. The immigration judge acknowledge the fact that petitioner was granted advance parole. Also See Exhibit 3, at page 2, motion from the government, opposing petitioner's bond, the government definition of "arriving alien".

6. Most Significantly, this **Joint Statement of uncontested facts** was admitted into evidence by the Immigration Judge, at the administrative proceedings, without any objections by the Government or the "INS District Counsel".

7. Okonkwo was ordered removed by a "written decision" from an Immigration Judge. The IJ's decision found that Okonkwo's conviction was still valid for the purpose of deportation, based on an intervening Fifth Circuit's case law, **Renteria-Gonzales v.INS** 322 F.3d. 802, 812 (5th Cir. 2002)[1] No mention was made of Okonkwo's claim to lawful resident in the United States which was alluded to by the Government in a "judicial admission" in both the administrative proceedings and before the Federal Court in Pennsylvania. Instead, the IJ posited that Petitioner is not eligible for a Cancellation of removal and Adjustment of Status Reliefs which petitioner did not applied for before the IJ, since he is a lawful resident whose conviction has been vacated, and/or whose one crime involving moral turpitude will not subject to deportation.

Contrary to the government's assertion, as the government has misled this Honorobale Court, and was granted the 4th enlargement of time of 120 days, claiming that petitioner has not fully exhausted his administrative remedies for his cancellation of removal and

---

/1 - The **Renteria-Gonzales** case is not a binding precedent before this Court, which is in the jurisdiction of the Second Circuit. In fact, the BIA applies Renteria-Gonzales only in the Fifth Circuit and further, the Fifth Circuit Court of appeals have casted doubt on the viability of its rationale in that case and has urged an en-banc reconsideration which is currently pending. See **Discipio v. Ashcroft,** ___ F.3d. ___ (5th Cir. 2004)[Condemining Renteria-Gonzales]

adjustment of status under INA Sections 240 A and (b)(i), waiver
of inadmissibility under INA Section 212(h) and for voluntary de-
parture. **That is not true";** petitioner, is not seeking any of those
relief's on his appeal, but the **Termination of proceedings,** because
of the prejudice surrounding the case, for the following reasons:

1.  The government (BICE), did not prove deportability by clear,
unequivocal, and convincing evidence of a valid conviction for immi-
gration purposes. See **Woodby V. INS, 385 U.S. 276 (1996).** Therefore
the proceedings should be terminated.

2.  To clarify these clouded engenders by these convoluted record
of these proceedings.

3.  To prove that petitioner is not an arriving alien, as he was
issued a temporary resident card on September 6, 1990, and **the only
conviction**, which formed the basis of his deportation and detention
has been vacated, on legal/structural  defects, and on constitutional
grounds.

4. To prove that petitioner was detained under Section 236 (c),
when in fact the government is classifying him as an **"arriving alien"**.
Both provision . issues, retroactively does not apply to petitioner's
circumstances, as he was granted advance parole, (permission to travel
and re-enter in accordance with U,S  Immigration law), Petitioner is
not a criminal alien and didn't concede deportability.

5.  To prove that petitioner filed a timely written claim for
class membership in the  **Catholic Social Service Inc. (CSS) V. Reno,**
on or before October 1, 2000, as the government falsely claimed,
that petitioner did not.(See Exhibit 2 and 3)

6.  To prove that immigration judge abused his discretion when
he Suppressed material documentation that had been accepted into evidence

in the open court proceedings before the same judge, and for inclusion as exhibits, but the judge failed to give deference to these exculpatory documentation in this opinion decision causing petitioner to suffer **Prejudice.** See the joint statement of uncontested facts, and proceedings transcript, previously submitted evidence in this court.

7. To prove that this case has been reviewed and litigated by the United States Court of Appeals, for the Third Circuit, and remanded to the Board of Immigration Appeals for reopening, based on the **inter-alia,** of the vacation of petitioner's conviction. The board reopened the case and reman-ded it back to the Immigration Judge, on November 8, 2001, holding that the underlying criminal conviction, which supports one of the charges of remova-bility has been vacated. The Board further questioned "**whether there is now a Criminal conviction rendering the petitioner, not only removable, but also statutorily ineligible for relief,** under Section (a) (48) (A) (2001). As in the **Matter of Roldan-Santoyo Int. Dec. 3377 (BIA 1999).** Finding that petitioner's court order was not within the **Parameters** of Roldan, because the law under which the Conviction was vacated, was not **expungement** or **rehabilitative statute.** The board further ordered, petitioner to establish his eligibility for relief from **removal or seek termination.** Petitioner, then moved to request for the relief of Cancellation of Removal on January 11, 2002, but it would be subsequently denied by the Immigration Judge, on the mistaken assumption that petitioner was an **"arriving alien"** . **It Further Litigation Is Forbidden by  Res-Judicata.(See both Court Order's as Exhibits 6 ).**

8. To establish that Renteria-Gonzalez's case retroactively does not apply to petitioner as his conviction was vacated on **JRAD** and is only binding within the Fifth Circuit's jurisdiction. (See Exhibit 5 at page 10), See **Exhibit 12,** the brief on appeal).

## A R G U M E N T

**I. CONTRARY TO THE GOVERNMENT'S POSITION, OKONKWO HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES, AT LEAST WITH REGARDS TO THE ISSUES OF THE CONSTITUTIONALITY OF HIS DETENTION, THEREFORE THE GOVERNMENT'S INVITATION FOR FURTHER DELAYS SHOULD BE REJECTED.**

The instant Petition for Writ of Habeas Corpus, includes inter-alia, the constitutionality of Okonkwo's 5 years continued detention under section 236(c) or section 235(b). He asserts that the issues concerning the constitutionality has already been fully exhausted both before the BIA and the office of the District Director. Thus, this issues is now ripe for review, and the court must decline the Government invitation to cause further delays and thereby perpetuate the detention of this lawful resident without a criminal conviction.

Petitioner's request for custody redetermination hearing before the immigration Judge was denied for "lack of Jurisdiction" on or about May 14, 2003, and an appeal to the BIA was dismissed without an opinion. See **Exhibits 7.** The Immigration Judge posited that Petitioner is an arriving alien and thus he does not have jurisdiction over the custody of an arriving alien. Petitioner appealed the IJ's decision and posited that he is not an arriving alien based, inter alia, on the definition of "arriving aliens" given in the pertinent statute, which clearly states that "aliens paroled into the United States prior to April 1st, 1997, pursuant to the grant of an Advance parole..." shall not be considered an arriving aliens for purposes of INA 235(b)(1)(A)(i). See **8 CFR section 1.1(q)(2000)**.

-8-

In sum, because the BIA explicitly adopted the IJ's position when it affirmed without an opinion, the issue of whether or not Petitioner's continued detention is warranted based on allegation that he is an 'arriving alien' is now ripe for review as it has now been fully exhausted. Therefore, this Court should address this issue and hold that the continued detention of the petitioner under section 236 or 235(b) is not reasonable or constitutional, especially since his criminal conviction has been vacated  and since the government has now conceded that he is a lawful resident.

Nor can the Government continue the detention of the Petitioner even if he is  an arriving alien, which he asserts that he is not, the pertinent regulation provides for release through parole of aliens "on case-by-case basis ... provided that the aliens presents neither security risks nor risk of absconding" See 8 CFR Section 212.5(b).

In this case, although the statute allows the release of aliens in Okonkwo's situation, Okonkwo's request for release was first denied in 2001, without any reasons, or indications that he pose a threat to national security or he is likely to abscond. See **Exhibit 8 - District Director's Letter denying release on bond.** His subsequent request for release from custody was not answered. See **Exhibit 9 - Okonkwo's Request for Release.**

Indeed, the Second Circuit Court of Appeals recently recognized that another alien classified as an arriving alien may be entitled for an individualized determination as to his risk of flight or dangerousness, hence release from custody based on the length of her detention. See **Zgombic v. Farquharson,** 69 Fed. Appx. 2,  2003 U.S. App. LEXIS 10273 (2nd. Cir. 2003)

[citing **Demore v. Kim**, 123 S. Ct. at 1721-22 (2003), and holding that "Because the district Court has not had occassion to consider whether the fact of the case falls within the potential exception noted in concurring opinion of justice Kennedy in **Kim** (explicating his understanding that majority opinion may allow a challenge to detention when, for example, there has been an unreasonable delay by the INS")].

In this case, there has clearly been an unreasonable delay by the INS in completing the instant removal proceedings. The five years detention of the petitioner could not be considered reasonable in light of the facts of this case. More significantly, while the alien in **Zgombic** is a convicted  criminal alien, Okonkwo did not have a valid criminal conviction, since his only conviction for has been vacated by the criminal court./2 Nonetheless, this court ordered an individualized hearing for Zgombic. See **Zgombic v. Farquharson**, 89 F.Supp.2d. 220 (D.Conn. 2002)[Underhill, J.](ordering an induvidualized hearing for an arriving alien], reversed and remanded, 89 Fed. Appx. 2 (2nd. Cir. 2003)[noting that the 'arriving alien' may still be eligible for individualized hearing if there has been an unreasonable delay by the INS]

/2 - Unlike the fifth Circuit, the Second Circuit within whose jurisdiction this court sits has not considered the question of whether a vacated conviction remains valid for the purpose of deportation. However, it indicated in **United States v. Campbell**, 167 F.3d. 94, 98-99 (2nd. Cir. 1999) that "A conviction vacated because of **errors of law or flaws in the underlying proceedings** is not valid for immigration purposes, but denied Campbell's claim because his conviction was vacated because he completed his probation and for reasons ... **unrelated to errors of law**. This is not the case here, as the records shows that okonkwo's conviction was vacated basedon legal and constitutional errors.

In this case, the petitioner has been detained for about five years; his convictions has been vacated; the government has conceded that he is a lawful resident, and he has fully exhausted all available remedies as a matter of law.

Therefore, based on the foregoing, this court must find that the Government argument that he has not exhausted administrative remedies, **at least as it relates to his challenge to his continued detention** is patently meritless. Accordingly, the court should address the merits of his contention that his continued detention is unreaonable and unconstitutional, as he has not been afforded an  individulized hearing of his dangerousness or risk of flight, whether under section 235(b), or under section 236(c).

Therefore, a writ of Habeas Corpus must be issued directing his immediate release from custody pending the BIA and/or this court's determination of his Petition for Writ of Habeas Corpus.

## II. NOTWITHSTANDING THE SUPREME COURT'S DECISION IN PADILLA V. RUMSFELD, THIS COURT RETAINS PERSONAL JURISDICTION AND VENUE OVER THIS PETITION.

the Government, relying on **Padilla v. Rumsfeld**, 124 S. Ct. 2711 (2004) made an half-hearted attempt to ressurect its claim that this court lacks personal jurisdiction over this case. Contending that the warden of Etowah County detention Center, instead of the Attorney general is the petitioner's custodian. See Govt's Reply at page 3.

However, the Government claim that the Warden is the only custodian was foreclosed by the Supreme Court itself at footnote 8 of the same case, wherein it states that:

"In **Ahrens v, Clark**, 335 U.S. 188 (1948), we left open the
question of whether the Attorney general is a proper
Respondent to a Habeas petition filed by an alien detained
pending deportation. Id at 189. The lower Courts have
divided on this question. ... **Because the issue is not
before us today, we again decline to resolve it.** "

See **id. Appended as Exhibit 10.**

The United States Supreme Court clearly indicates by its

plain language as noted above, that it is not considering  issue

of proper custodian as it relates to alien habeas petitioner like

Okonkwo, thus the Government's attmpt to mislead this Court

should be ignored and if possible an appropriate sanction be

imposed on the Government for this dishonesty.

Moreover, the fact that the government has once again moved

the petitioner from Louisiana to Alabama indicates that there is

an extraordianry circumstances warranting the naming of the

Attorney general  in this case as indicated in **Vasquez V. Reno**,

233 F.3d. 688, 693 (1st. Cir. 2000)[noting that extraordinary

circumstances includes where the Government spirited an alien

from place to place in an attempt to manipulate jurisdiction];

**Roman   v. Ascroft**, 340 f.3d. 314 (6th Cir. 2003)[Citing **Vasquez**,

supra and recognizing that "extrordianry circumstances includes

where the government's continual transfer of a detainee to

new District demonstrates clear efforts to evade an alien's habeas

petition].

The fact of this case demonstrate that the government

continual transfer of the Petitioner clearly demonstrate an

attempt to evade his habeas petition. He has been transferred from

Connecticut, to louisiana, pennsylvania, back to Louisiana, and .

now to Alabama, all this transfers occurs at a critical time

when Okonkwo have petition for Writ of habeas Corpus pending in

Courts and to jurisdictions where he will not be granted Stays

of removal and will be removed prior to the adjudications

of his claims. ie. the Western District of louisiana, and the

Eleventh Circuit. See **Oakdale Justice: Routine Vacatur of Stays**

**in the Western District of Louisiana**; Bender's Immigration

Bulletin, Vol.9. No. 1. (January 1, 2004)[Discussing the

Western District of Louisiana practise of vacating stays issued

by transferring courts including the  District of Connecticut];

See also **Bin Weng v. Attorney General**, 287 F.3d. 1335 (11th Cir.

2002)[adopting heightened standards of review under section 12529f)(2)

for issuing Stay of removal].

The fact that this petitoner was removed from Connecticut

and moved to Louisiana and now to Alabama and now aggresively

seeking transfer of his petition to these districts demonstrate

that it is clearly trying to manipulate the jurisdiction of this

case in attempt to evade the meritorious issues raised in his habeas

petition.

As Senior Judge Warren Eginton of this court recently noted

in  denying  a similar Motion to Dismiss:

> "Frequency of transfers and the particularly scattershot
> distribution of aliens in local jails across the nation
> exarcerbate obstacles to bringing habeas Petition. and
> the muddled custodial circumstances created by detention
> of persons via contract arrangement between federal
> immigration authorities and state and local facilities
> poses a particular problem for immigration detainees
> identification   of a custodian who has the power to direct
> his or release.... the immediate custodian rule could
> complicate a petitioner's proceeding with a 'time consuming
> transfer or dismissal' after a detaineee is moved out
> the reviewing court's territorial jurisdiction"

See **Murray v. Ashcroft**, 2004 U.S. Dist. LEXIS 1602 (D. Conn. Feb. 2004), citing **Armentero v. INS**, 340 F.3d. 1058 (9th Cir. 2003). Indeed, Justice Kennedy,  clarified in his concurring opinion in **Padilla** that :

> "If the Government ... keep moving a prisoner so the filing [of a habeas Corpus petition] could not catch up to the prisoner ... habeas jurisdiction would lie in the District of Districts from which he has been removed."

See **Padilla**, supra [Kennedy, J. concurring][**Appended as Exhibit 11**.

Based on the foregoing arguments, citation and authorities from the Supreme Court itself, this court should find that the Government could not find succor in ' **Padilla**  in its attempt to evade the meritorious claim raised by Okonkwo. Accordingly, its request for dismissal of this case for lack of jurisdiction should be rejected, as frivolous, meritless and to use the Government own's word an **"abuse of the writ"**, since this issue has been argued and laid to rest.

### PETITIONER'S REQUEST FOR PRELIMINARY INJUNCTION

In the alternative to making a decision on the merits of Okonkwo's challenge to the constitutionality of his detention at this time, then it should grant the petitioner a preliminary injunction directing his release pending the final adjudication of this case, since there is substantial possibility of success on the merits of okonkwo's claim, and the balance of hardship tips sharply in his favor.

## Standard for issuance of Preliminary Injunction:

In order to prevail in a Motion for preliminary injunction, a petitioner must demonstrate (1) a substantial possibility of success on the merits; (2) that he will suffer irreparable harm absent the reliefs requested; (3) that the Respondent will not be harmed if the requested reliefs is granted; and (4) that public interest supports granting reliefs. **Seretse-Kharma v. Ashcroft**, 215 F. Supp. 2d. 37, 44 (D.D.C. 2002)[citing and collecting cases and ordering release under a 'preliminary injunction'].

Using the standard listed above, this court should grant okonkwo a preliminary injunction directing his release from custody pending the final adjudication of his habeas petition.

As noted above, there is a substantial possiblity of success on the merit of both Okonkwo's claim that he is being unlawfully detained and that he is not removable. His conviction has been vacated and he has been adjudged to be a lawful resident of United States as conceded to by the Government. Thus, there is no doubt that the Government  has no reason to hold the petition. See **Seretse-Kharma**, supra, at 44; See also **Tam v. INS**, 14 F.Supp.2d. 1184, 1190 (E.D. Cal. 1998)[Ordering the release of petitioner from custody pending a decision on habeas Petition, after finding that there is a possibility of success on the merits, and that petitioner's 3 years continued detention constitute an extraordinary circumstances].

## Balance of Harms:

Having found that there is  a strong likelihood of success on the merits of Okonkwo's claim, the court must assess the relative harm of the issue. under the facts of this case, the balance of harms strongly favors petitioner's release.

First, the harm to the petitioner is immeasurably significant. The deprivation of one's physical liberty for almost five years and counting into the future is an undeniably substantial and irreparable harm. **Seretse-Kharma**, at 53; See also **Jolly v. Coughlin**, 76 F.3d.. 468, 482 (2nd. Cir. 1996)[unconstitutional confinement raises presumption of irreparable harm].

To the contrary, the Government will not suffer any injury if the petitioner is release under any appropriate condition while this habeas petition is pending. See **Zadvydas v. Davis**, 533 U.S. at 700 (2001)[of course the alien's release may be and should be conditioned on any of the forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon violation of those conditions]. Thus, the Government will not suffer any injury, compared to the substantial deprivation of liberty Okonkwo is currently being subjected to. If anything, the Government will benefit from savings the cost of detaining Okonkwo pending the outcome of this Habeas proceeding.

Finally, the public interest is served by petitioner's release. In light of the Government's continued detention of the Petitioner, and absent any showing that petitioner presents a danger to the society or risk of flight, there is little doubt that public interest would be better served by protecting the Petitioner's liberty interest. **Seretse-Kharma**, supra at 54.

Based on the foregoing standard, Okonkwo asserts that he is entitled to the grand of preliminary injunction directing his release pending the outcome of this Petition.

Indeed, this court previously granted a preliminary injuctive relief in the form of a Stay of removal pending the outcome of this petition. The fact that this Court had stayed okonkwo's removal based on all this factors further supports his position that he is entitled to be released from custody using the same standard.

Therefore, this Court should Order okonkwo's release under an appropriate condition pending the outcome of this habeas Corpus petition.

## CONCLUSION

WHEREFORE, Based on the foregoing this Court should reject the Government's argument in its latest submission and;

1. Deny the Government  motion for dosmissal for lack of personal jurisdiction and find its reliance on **Padilla** as misplaced;

2. Find that okonkwo has exhausted administrative remedies as to his challenge to his continued detention and address the merits of  his contention that his continued detention is unlawful and unconstitutional, since he is a Lawful Resident, without any valid criminal conviction;[3]  or alternatively;

3. Grant the petitioner a preliminary injunction directing his release pending the final adjudication of this Petition For Writ of Habeas Corpus.  and

/3 - Even if okonkwo's vacated conviction is still valid, which **id is not,** one crime of moral turpitude will not trigger mandatory detention under section 236(c), and he cannot be detained under section 235(b) without any justification of inadmissibility.

4. Grant other reliefs the court may deem just and proper.

Dated: August 3rd, 2004.                     Respectfully Submitted,

                                              Ignatius Umeadi Okonkwo
                                              #A26-792-202
                                              Etowah County Detention Center
                                              827 Forrest Avenue
                                              Gadsden, AL. 35901.


## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of the foregoing motion on the opposing counsel, via U.S. Postal Service, postage prepaid, properly affixed and addressed to:

William Brown, Jr.
Assistant U.S. Attorney
157 Church Street,
New Haven, CT. 06510.

on this 3rd day of August, 2004.

                                              Ignatius U. Okonkwo

E X H I B I T  "1"



Craig A. Harlow
Asst. District Counsel
INS
1010 East Whatley Rd.
Oakdale, LA  71463

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
THE IMMIGRATION COURT
OAKDALE, LOUISIANA

In the Matter of:            )
                             )
Ignatius Umeadi OKONKWO      )    A26 792 202
                             )
In Removal Proceedings       )

### SERVICE RESPONSE
### TO RESPONDENT'S MOTION TO TERMINATE PROCEEDINGS

Respondent has filed a motion to terminate removal proceedings arguing that the criminal conviction which supports one of the charges of inadmissibility has been vacated. Respondent also states that his application for adjustment of status has recently been approved by the Service and that he is, therefore, no longer inadmissible pursuant to 212(a)(7)(A)(i). The Service is opposed to respondent's motion at this time.

On November 8, 2001, the Board reopened and remanded respondent's case to the Immigration Judge for the purpose of determining whether respondent is now eligible for relief in light of the fact that his criminal case has been vacated, or to seek termination of proceedings. The Immigration Court has not scheduled a hearing in this matter as of today's date. It is the position of the Service that termination of proceedings is not appropriate as respondent remains inadmissible pursuant to section 212(a)(7)(A)(i) of the Act.

Respondent misinterprets the correspondence he received from the Service dated March 31, 2001. That correspondence advises respondent that he established his claim that he attempted to file a legalization application between May 5, 1987 and May 4, 1988, and that the application was rejected by a Service employee or Qualified Designated Entity. However, the correspondence advises respondent that he must submit evidence to the Service to establish his claim for eligibility for lawful temporary resident status. Respondent has not presented evidence that the Service granted him lawful temporary resident status.

ACCORDINGLY, the Service urges the court to deny respondent's motion to terminate.

Respectfully submitted,

Craig A. Harlow
Asst. District Counsel
INS
1010 East Whatley Rd.
Oakdale, LA 71463

## CERTIFICATE OF SERVICE

Ignatius Umeadi OKONKWO

A26 792 202

     On December 12, 2001, I, Craig A. Harlow, Asst. District
Counsel, sent via 1st class mail a complete copy of this brief
and any attached pages to the respondent at the following
address:

Ignatius Umeadi OKONKWO
BOP# 16057-265
FDC
P.O. Box 5010
Oakdale, LA  71463

Craig A. Harlow
Asst. District Counsel
INS
1010 East Whatley Rd.
Oakdale, LA  71463

Date: 12-12-01

E X H I B I T   "2"

U.S. Department of Homeland Security
P.O. Box 648004
Lee's Summit, MO 64064

U.S. Citizenship
and Immigration
Services

February 17, 2004

Ignatius Okonkwo
803 Center Street
Manchester, CT 06040

File: MSC#02-341-60189
A#26-792-202
Form I-485

In RE: Same as above

**Notice of Decision**

This letter is in reference to your Application to Register Permanent Residence or Adjust Status (Form I-485) that you filed on September 6, 2002 under the Legal Immigration Family Equity Act (LIFE Act). Section 1104 of the LIFE Act and its Amendments provide for the legalization of certain eligible aliens who filed a written claim for class membership in the following legalization class action lawsuits: *Catholic Social Services, Inc. (CSS), League of United Latin American Citizens (LULAC)* or *Zambrano.*

Pursuant to Title 8, Code of Federal Regulations, Part 245a.20(a)(2), you were notified of our Intent to Deny your Form I-485 on January 13, 2004. The reason(s) for the intent were provided to you at that time and you were afforded a period of thirty (30) days to provide evidence in support of your application. To date, there has been no response to our notice. Therefore, the Service has made a decision based upon the evidence submitted with your original application.

A review of Service records and indices, your administrative file, and all evidence previously provided by you with your original application fails to establish your claim. Evidence submitted consisted of Form I-485 Rejection and Receipt notices, a copy of your marriage certificate, a copy of your Employment Authorization Document (EAD) under c22 category, a copy of Form I-20AB, Certificate of Eligibility for Non-Immigrant (F-1) Students, a copy of Form I-538, Application by Nonimmigrant Student for Extension of Stay, a copy of a Fingerprint Fee Receipt from the Texas Service Center, copies of your Nigerian passport pages, a copy of your college diploma, copies of money orders, a copy of your resume, a copy of a medical bill, copies of airline tickets, a copy of postmarked mail, copies of letters from the Belgian World Airlines, a copy of a damaged baggage report, and copies of affidavits attesting to your identity. While these documents do provide evidence of your identity and residency, they do not offer any proof that you filed a written claim for class membership.

You also submitted a copy of a Form I-687 Receipt Notice dated June 13, 2001 and a copy of a Vermont Service Center letter regarding your Legalization Questionnaire dated March 31, 2001. The questionnaire was evaluated as part of a separate program in order to determine whether you may be able to file for legalization and to have your application (Form I-687) evaluated as if it had been filed during the original May 1987-May 1988 filing period. Based on your questionnaire the Service advised you that you were