UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

IGNATIUS UMEADI OKONKWO,        :    CIV. NO. 3:02CV1733 (AWT)
Petitioner,                     :
                                :
v.                              :
                                :
JOHN ASHCROFT, Attorney         :
General of the United States,   :
Respondent.                     :    August 13, 2004


      RESPONDENT'S OBJECTION TO MOTION FOR PRELIMINARY INJUNCTION

      On August 13, 2004, this office received a copy of petitioner's pleading entitled "Petitioner's Response to Respondent's Reply To Motion for Reconsideration and Motion for Preliminary Injunction For Release From Custody Pending Adjudication of Petition." [Doc#37].

      This Court having denied petitioner's motion for reconsideration on August 11, 2004 for the reasons stated in the government's response thereto, the respondent hereby objects to petitioner's motion for preliminary injunction for the following reasons:

      (1) The legality of the decision to continue petitioner's detention pending his removal is a matter within the discretion of the Attorney General of the United States and is only subject to limited judicial review by way of a petition for writ of habeas corpus under 28 U.S.C. 2241, not by way of an application for injunctive relief.  See 8 U.S.C. 1252(d).  A federal district court does not have jurisdiction to review purely factual or

discretionary determinations made by an immigration judge and the Board of Immigration Appeals.  See Sol v. INS, 274 F.3d 648, 651 (2d Cir. 2001) (*per curiam*), cert. denied, 122 S. Ct. 2624 (2002); Henderson v. INS, 157 F.3d 106, 116 (2d Cir. 1998).  The habeas jurisdiction of the federal courts is limited to reviewing whether the immigration judge and the Board of Immigration Appeals committed a pure error of law or erred in applying the law to the facts as found in administrative proceedings.  See Wang, 320 F.3d at 143 (citing INS v. St. Cyr, 533 U.S. 289, 302 (2001)); see also Liu v. INS, 293 F.3d 36, 41 (2d Cir. 2002) (Immigration and Nationality Act "plainly prohibits" review of "any discretionary determination made by the Attorney General"); 8 U.S.C. § 1252(a)(2)(B)(ii) ("no court shall have jurisdiction to review" ... any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General")

As the § 2241 habeas petition in this matter is ongoing, and the government's motion for enlargement of time has been granted to allow sufficient time for petitioner to exhaust his administrative remedies, this action should be dismissed.

In addition, the public interests are best served in this case by permitting the Attorney General to carry out his responsibilities and exercise his discretion in determining whether to detain a alien pending a final order of removal.  This

is particularly so when the petitioner can show no grounds that his continued detention is unlawful.

(2) Based on the recent opinion by the United States Supreme Court in Rumsfeld v. Padilla, ___ U.S. ___, 124 S. Ct. 2711 (2004), and as previously argued by the respondent in response to petitioner's habeas petition, the proper respondent to a legal challenge to petitioner's continued detention pending removal is the warden of Etowah County Detention Center in Gadsen, AL, the facility where petitioner is now confined. See Padilla, 124 S. Ct. at 2718-20 (explaining that in habeas challenges to "present confinement[,]" the proper respondent is the warden of the facility where a prisoner is being held); see also 28 U.S.C. § 2241(c); accord Billiteri v. U.S. Bd. of Parole, 541 F.2d 938, 948 (2d Cir. 1976) (warden of correctional facility where petitioner is incarcerated, not parole board, is "custodian" of detainee "who is under the control of [the] warden and confined in a prison, and who is seeking, in a habeas corpus action, to be released from precisely that form of confinement").

Accordingly, petitioner's motion should be dismissed for lack of jurisdiction. See Billiteri, 541 F.2d at 948 (because habeas petition was not directed at official with custody of petitioner, the "case must be dismissed for lack of jurisdiction"); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988), cert. denied, 490 U.S. 1082 (1989) ("The writ of habeas

corpus functions to grant relief from unlawful custody or imprisonment. Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ.").

(3) Petitioner can show no substantial possibility of success on the merits since he has not yet exhausted his administrative remedies, his underlying appeals have been unsuccessful, and there is no showing of any abuse of discretion or legal error. "We will only find an abuse of discretion where the [INS's] decision was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group." Arango-Aradondo v. INS, 13 F.3d 610, 613 (2d Cir. 1994); see also Zhao v. United States Dep't of Justice, 265 F. 3d 83, 93 (2d Cir. 2001)(same).

There is no such showing by petitioner. As the Court is now well aware, petitioner's underlying applications for cancellation of removal and adjustment of status under INA sections 240A(a) and (b)(1), waiver of inadmissibility under INA section 212(h), and for voluntary departure were denied by Immigration Judge Charles A. Weigand, III, on April 14, 2004. Petitioner appealed this decision to the Board of Immigration Appeals (BIA), the government filed a motion for summary affirmance, and a ruling by the BIA remains pending at this time. The vacation of

petitioner's Connecticut state court conviction was addressed and rejected by Judge Weigand as a basis for relief from removal. Petitioner has made no showing that this decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group." Arango-Aradondo, 13 F.3d at 613.

Moreover, this Court has already properly determined that it will withhold any review of this decision until such time as the BIA has issued its ruling on appeal.

Accordingly, petitioner fails to establish the necessary elements for a preliminary injunction to issue and the motion should be dismissed.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

WILLIAM M. BROWN, JR.
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510
(203) 821-3700
FEDERAL BAR NO. ct20813
william.m.brown@usdoj.gov

CERTIFICATION

This is to certify that a copy of the foregoing was sent via United States Mail, postage prepaid, on this date, to:

Ignatius Umeadi Okonkwo
Inmate #16057-265
Etowah County Detention Center
Gadsen, AL 35904

Dated at New Haven, Connecticut this 13th day of August, 2004.

_____
WILLIAM M. BROWN, JR.
ASSISTANT UNITED STATES ATTORNEY