UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IGNATIUS UMEADI OKONKWO, | : | CIV. NO. 3:02CV1733 (AWT) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN ASHCROFT, Attorney | : | |
| General of the United States, | : | |
| Respondent. | : | October 1, 2004 |

RESPONDENT'S ADDITIONAL MOTION FOR ENLARGEMENT OF TIME

Respondent hereby moves for an additional enlargement of time of 60 days, up to and including December 1, 2004, to file a response to petitioner's supplemental petition in this matter filed on November 25, 2003. (Dkt #19).

On June 7, 2004, this Court granted respondent's previous motion to enlarge time until October 1, 2004, to file the government's response. Respondent requested the additional time to allow sufficient time for petitioner to fully exhaust his administrative remedies. As the Court is aware, petitioner's underlying applications for cancellation of removal and adjustment of status under INA sections 240A(a) and (b)(1), waiver of inadmissibility under INA section 212(h), and for voluntary departure were denied by Immigration Judge Charles A. Weigand, III, on April 14, 2004. Petitioner appealed this decision to the Board of Immigration Appeals (BIA) on April 29, 2004. Petitioner's most recent brief in support of his BIA appeal was filed on August 2, 2004.

A ruling by the BIA remains pending at this time. On October 1, 2004, the undersigned was informed by the BIA appellate counsel's office that a decision from the BIA can be expected in approximately one month, although the BIA could not commit to a specific time frame.

For reasons set forth previously, this Court should refrain from acting on this habeas petition until such time as the BIA acts on petitioner's appeal. The BIA's decision on appeal could conceivably render this habeas petition moot if decided in favor of petitioner. Moreover, the BIA should be afforded the opportunity to review the matter and correct any mistakes that may have occurred during the process without premature intervention by the district court. See Beharry v. Ashcroft, 329 F. 3d 51, 56 (2d Cir. 2001)(discussing "numerous purposes" served by administrative exhaustion) see also McCarthy v. Madigan, 503 U.S. 140, 145 (1992); McKart v. United States, 395 U.S. 185, 193-95 (1969)(one purpose of exhaustion is to allow agencies to carry out their responsibilities and "to discover and correct [their] own errors.") Of course, should the BIA find no error and affirm the decision of the immigration judge, this Court will be promptly notified.

Finally, until such time as petitioner fully exhausts his administrative remedies, this Court may not act on the petition. See 8 U.S.C. §1252(d)("A court may review a final order of

removal only if-(1) the alien has exhausted all administrative remedies available to the alien as of right . . . "); <u>Theodoropoulos v. INS</u>, 358 F. 3d 162, 169-171 (2d Cir. 2004).

Accordingly, an additional enlargement of time is requested to allow time for completion of the underlying removal proceedings. This is the fifth motion for enlargement of time filed by respondent with regard to petitioner's supplemental petition. The pro se petitioner's position on this motion is unknown.

Respondent notes that petitioner's deportation has been stayed by this Court as of September 29, 2003, and therefore, petitioner's removal is not imminent at this time. Petitioner remains in custody pending removal at Etowah County Detention Center in Gadsen, Alabama.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

WILLIAM M. BROWN, JR.
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510
(203) 821-3700
FEDERAL BAR NO. ct20813
william.m.brown@usdoj.gov

CERTIFICATION

This is to certify that a copy of the foregoing was sent via United States Mail, postage prepaid, on this date, to:

Ignatius Umeadi Okonkwo
#16057-265
Etowah County Detention Center
Gadsen, AL 35904

Dated at New Haven, Connecticut this 1st day of October, 2004.

_____
WILLIAM M. BROWN, JR.
ASSISTANT UNITED STATES ATTORNEY