IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD, CONNECTICUT

FILED
2004 OCT -8  A II: 25

IGNATIUS UMEADI OKONKWO
        Petitioner,

-Vs-

Civ. No. 3:02-CV-1733
(A.W.T.)

JOHN ASHCROFT, Attorney
General of the United
States,
        Respondents.

## PETITIONER OBJECT TO THE RESPONDENT'S FIFTH ENLARGEMENT OF TIME

    Petitioner Ignatius Umeadi Okonkwo, Pro-se, hereby submit this responsive pleadings in opposition to Government's Fifth enlargement of time.

    In support of his objection, Petitioner request for immediate order directing his release from custody, Petitioner avers as follows:

    The Government has abused the four discretionary reliefs of enlargement of time granted them, by this Honorable Court. On or about december 11, 2003, the Government requested the first enlargement of time, up to and including January 30, 2004, to file a response to Petitioner's supplemental Petition in this matter of exhaustion of Petitioner's administrative remedies, on the Constitutionality of his unlawful detention

and the merits of his case. (See the suplemental petition, filed in this Court, with its exhibits, on November 25, 2003, as Exhibit A. Petitioner has exhausted his administrative remedies, on the constitutionality of his unlawful detention and on the merits of his case). But the Government refused to file a response to Petitioner's supplemental Petition on exhaustion of administrative remedies, as they were granted enlargement of time to response to it.

On or about January to March, the Government requested for the second and third enlargement of time, sum to one hundred twenty (120) days. Again to file a response to petitioner's suplemental petition in this matter filed on November 25, 2003, (Dkt #19), which was granted.

The Government abandon to response, on petitioner's exhaustion of his administrative remedies, and claimed that Petitioner has filed an application for legalization or adjustment of status pursuant to 8 U.S.C. 1225, Immigration and nationality Act section 245, that is now being adjudicated by the Department's missouri Service Center. Accordingly, Judge Wiegand has continued the pending removal proceedings before him until this application is adjudicated. If petitioner's application is ultimately approved, Petitioner's status could be changed to that of lawful permanent Resident which could thereby result in the termination of the ongoing removal proceedings before judge Wiegand. In addition, if the application

is approved, these habeas proceedings before this Court could well be rendered moot.

On February 17, 2004, the Service (Government) sent me a Notice of Decision and falsely contend that Petitioner did not filed a timely written claim for class membership, in the <u>Catholic Social Service (CSS) v. Reno</u>, 113 S. Ct. 24 (1993), on or before October 1, 2000, (See the Notice of decision as **Exhibit 1**). When in fact the same Service (Government), administrative record indicates, that Petitioner filed, for an application for legalization, on or about June 20, 1990, with the service and was granted employment authorization as a class members in <u>Catholic Social Service (CSS) v. Reno</u>, 113 S.Ct. 2485 (1993) **(See Exhibit 2- at page 3, parag, 1)**. But when Government found out they erred, because there administrative record, indicates that Petitioner filed timely written claim for class membership, in the <u>Catholic Social Service (CSS) v. Reno</u>, on or about June 20, 1990, with the Service and was granted employment authorization as a class member in Catholic Social Service. They refused to filed a response regarding Petitioner's adjustment of status, as they were granted enlargement of time to response to it.

On or about June 1, 2004, the Government, knowing that they erred, deviated from the issue of adjustment of status and requested the fourth enlargement of time of one hundred and twenty (120) days, which this Honorable Court granted them,

on June 7, 2004. Claming that Petitioner has not fully exhaust his administrative remedies, on the issues of concellation of removal, and adjustment of status under INA sections 240 A (a)(1), waiver of inadmissibility under INA section 212 (h), and for voluntary departure were denied by Immigration Judge Charles A. Wiegand. III, or April 14, 2004. It is respectfully submitted that petitioner was deported in absentia [See **Exhibits 3- The Court schedule dated April 30, 2004**] did not apply for any of those discretionary reliefs before the Immigration judge, and is not appealing any of the immigration judge's discussion of eligibility for those reliefs either to BIA or to this Court. Petitioner only move this Honorable Court for the "Constitutionality" and "legality" of using convictions that has been vacated on legal grounds for his continued detention and/or deportation and the Constitutionality of impermissibly retroactive application of the new definition of arriving aliens to conducts already past. [A substantial Constitutional question].

Accordingly, this Court should denied the Government's Fifth enlargement of time, an attempt to mislead this court by erroneously noting that petitioner is seeking the review of denial of application for discretionary reliefs, and release Petitioner from five years unlawful detention.

### CERTIFICATE OF SERVICE

I certify that I have served a true and correct Copy of the foregoing objection of fifth enlargement of time, on the

opposing Counsel, via U.S. Postal Service Postage prepaid, properly affixed and addressed to:

Willian M. Brown, Jr.
Assistant U.S. Attorney
for the District of Connecticut
157 Church Street
Haven, Connecticut. 06510

on this 10-4-2004       Respectfully submitted

Ignatius Umeadi Okonkwo
A26-792-202
Etowah County Detention Ctr.
827 Forrest Avenue
Gadsden, Alabama 35901

-5-

EXHIBIT "1"

U.S. Department of Homeland Security
P.O. Box 648004
Lee's Summit, MO 64064



U.S. Citizenship
and Immigration
Services

February 17, 2004

Ignatius Okonkwo
803 Center Street
Manchester, CT 06040

File:   MSC#02-341-60189
        A#26-792-202
        Form I-485

In RE:  Same as above

## Notice of Decision

This letter is in reference to your Application to Register Permanent Residence or Adjust Status (Form I-485) that you filed on **September 6, 2002** under the Legal Immigration Family Equity Act (LIFE Act). Section 1104 of the LIFE Act and its Amendments provide for the legalization of certain eligible aliens who filed a written claim for class membership in the following legalization class action lawsuits: *Catholic Social Services, Inc. (CSS), League of United Latin American Citizens (LULAC)* or *Zambrano*.

Pursuant to Title 8, Code of Federal Regulations, Part 245a.20(a)(2), you were notified of our Intent to Deny your Form I-485 on **January 13, 2004**. The reason(s) for the intent were provided to you at that time and you were afforded a period of thirty (30) days to provide evidence in support of your application. To date, there has been no response to our notice. Therefore, the Service has made a decision based upon the evidence submitted with your original application.

A review of Service records and indices, your administrative file, and all evidence previously provided by you with your original application fails to establish your claim. Evidence submitted consisted of Form I-485 Rejection and Receipt notices, a copy of your marriage certificate, a copy of your Employment Authorization Document (EAD) under c22 category, a copy of Form I-20AB, Certificate of Eligibility for Non-Immigrant (F-1) Students, a copy of Form I-538, Application by Nonimmigrant Student for Extension of Stay, a copy of a Fingerprint Fee Receipt from the Texas Service Center, copies of your Nigerian passport pages, a copy of your college diploma, copies of money orders, a copy of your resume, a copy of a medical bill, copies of airline tickets, a copy of postmarked mail, copies of letters from the Belgian World Airlines, a copy of a damaged baggage report, and copies of affidavits attesting to your identity. While these documents do provide evidence of your identity and residency, they do not offer any proof that you filed a written claim for class membership.

You also submitted a copy of a Form I-687 Receipt Notice dated June 13, 2001 and a copy of a Vermont Service Center letter regarding your Legalization Questionnaire dated March 31, 2001. The questionnaire was evaluated as part of a separate program in order to determine whether you may be able to file for legalization and to have your application (Form I-687) evaluated as if it had been filed during the original May 1987-May 1988 filing period. Based on your questionnaire the Service advised you that you were

eligible to send a Form I-687 to the Texas Service Center for adjudication. Service records show that your Form I-687 was received at the Texas Service Center on June 13, 2001. But the Legalization Questionnaire from March 2001 cannot serve to establish that you made a timely written claim for class membership in order to qualify for adjustment under the LIFE Act. The LIFE Act defines eligible aliens as those who filed with the Attorney General written claims for class membership before October 1, 2000. It provides for a variety of means for proving that a claim for class membership was made, but a questionnaire filed in March 2001 simply cannot serve to meet the timely filing requirements of the LIFE Act.

In addition, you submitted many forms belonging to a Mohammed Musa, A 93 028 854. You submitted a copy of his Form I-688, a copy of his Form I-689 legalization receipt, a copy of his Form I-687 signed on June 20, 1990, a copy of an appointment notice dated August 16, 1990, and a copy of his Form for Determination of Class Membership in CSS v. Meese signed on August 23, 1990. While you have listed one of your other names used as Mohammed Musa on your Form I-765, you have not provided any proof of a legal name change. Besides the name and A-number differing from your own, Forms I-687, I-688, I-689, the appointment notice, and the Form for Determination of Class Membership all have a different date of birth listed that does not match the date of birth listed on your Form I-485. These factors raise serious questions about the authenticity of any of the forms submitted for a Mohammed Musa.

Service records also indicate that you have another A-number, A 93 410 158. However, a search of Service indices fails to reveal anything under this A-number that would indicate a claim for class membership has been filed.

Service records have failed to reveal anything that would indicate a timely written claim to class membership had ever been filed. Therefore, it has been determined that you are ineligible to adjust status under Title 8, Code of Federal Regulations, Part 245a.10 which states:

> "An eligible alien means an alien . . . who, before October 1, 2000, filed with the Attorney General a written claim for class membership, with or without filing fee, pursuant to a court order issued in the case of: *Catholic Social Services, Inc. v Meese, League of United Latin American Citizens v. INS*, or *Zambrano v. INS*."

The evidence you submitted does not establish that you filed a timely written claim for class membership in one of the legalization class action lawsuits mentioned above. Therefore, your application pursuant to section 1104 of the LIFE Act is hereby denied.

Per Title 8, Code of Federal Regulations, Part 245a.20(b), you may appeal this decision to the Administrative Appeals Office by completing the enclosed Notice of Appeal (Form I-290B) and mailing it, along with a $110.00 filing fee, to the following address:

> U.S. Citizenship and Immigration Services
> National Benefits Center
> Post Office Box 7219
> Chicago, IL 60680

Your Notice of Appeal must be filed within thirty (30) days of this notice. A brief or other written statement in support of your appeal may be submitted with the Notice of Appeal. If no appeal is filed within the time allowed, this decision is final.

Sincerely,

Robert M. Cowan
Director

RMC/Officer #: LA-102

1 Attachment

EXHIBIT "2"

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
OAKDALE, LOUISIANA

IN THE MATTER OF:

IGNATIUS OKONKWO
 aka: NWANKEONU CHUKWUDUKEN
      MUSA MOHAMMED
Respondent

A26 792 202
Oakdale, LA

IN BOND PROCEEDINGS

OPPOSITION TO MOTION TO RECONSIDER BOND

COMES NOW, the Immigration and Naturalization Service (hereinafter "the Service"), opposes the respondent's motion to reconsider for the following reason:

In an oral decision rendered on July 24, 2000, the Immigration Judge ruled that the respondent was an "arriving alien", and as such, he lacked jurisdiction over the respondent's bond proceedings.

The respondent is a native and citizen of Nigerian. His initial arrival in the United States was on June 15, 1982 at New York, New York as a nonimmigrant student. He departed the United States. He was paroled into the United States at or near New York, New York on or about November 22, 1995 to November 22, 1996 under the alias of Musa Mohammed. See Nonimmigrant Information System (NIIS) dated June 12, 2000 with INS Status Codes attached. "An alien who is paroled under section 212(d)(5) or permitted to land temporarily as an alien crewman shall not be considered to

1

have been admitted." See section 101(a)(13)(B) of the Act. The Code of Federal Regulations defines the term "arriving alien;"

> (q) The term arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States water and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport. An arriving alien remains such even if paroled pursuant to section 212(d)(5) of the Act, except that an alien who was paroled before April 1, 1997, or an alien who was granted advance parole which the alien applied for and obtained in the United States prior to the alien's departure from and return to the United States, shall not be considered an arriving alien for purposes of section 235(b)(1)(A)(i) of the Act.

See 8 C.F.R. § 1.1(g)(2000)

An arriving alien who arrives in the United States pursuant to a grant of advance parole is an "arriving alien", as that term is defined in the federal regulation. Matter of Oseiwusu, Interim Dec. 3344 (BIA 1998).

A motion to reconsider asserts that at the time of the Board's previous decision, an error was made. It is a "request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." Matter of Cerna, 20 I&N Dec. 399, at 402 n.2 (BIA 1991)(quoting Hurwitz, Motions Practice Before the Board of Immigration Appeals, 20 San Diego L. Rev. 79, 90 (1992)). The regulations require that a motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall

2

be supported by pertinent authority. 8 C.F.R. § 3.2(b)(1) (2000).

The Service instituted deportation proceedings by the issuance of an Order to Show Cause on March 3, 1987. <u>The respondent was granted voluntary departure until January 15, 1988 but failed to depart.</u> A demand was made upon a bonding company to produce the respondent. Due to the respondent's failure to appear for deportation on May 31, 1988, his $4000 bond was breached. <u>He filed a legalization application on or about June 20, 1990 with the Service and was granted employment authorization as a class member in</u> Catholic Social Service (CSS) v. Reno, 113 S. Ct. 2485 (1993). There is no evidence in the alien registration file that the respondent had applied for or was granted advance parole before his departure from the United States. At the time of his arrival, he was inadmissible to the United States as an alien convicted of a crime involving moral turpitude. On March 14, 1995, he was convicted in the Superior Court, Milford, Connecticut for the offense of Larceny Sixth Degree, in violation of Section 53a-125b of the Connecticut General Statutes.

As an "arriving alien", the Immigration Judge may not redetermine conditions of custody imposed by the Service with respect to aliens who are "arriving aliens" in removal proceedings, including aliens paroled after arrival pursuant to section 212(d)(5) of the Act after the expiration of the Transition Period Custody Rules. See 8 C.F.R. § 3.1a(h)(2)(i) (2000).

3

For the foregoing reason, the Service opposes the respondent's motion to reconsider.

Respectfully submitted,

11 August 2000
DATE

LORRAINE L. GRIFFIN
Assistant District Counsel
Immigration & Naturalization
Service, Litigation Unit
1010 East Whatley Road
Oakdale, Louisiana   71463
(318) 335-0713, ext. 139

4

EXHIBIT "3"

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
1900 E. WHATLEY ROAD
OAKDALE, LA   71463

RE: OKONKWO, IGNATIUS UMEADI
FILE: A26-792-202

TO:      OKONKWO, IGNATIUS UMEADI                DATE: Mar 23, 2004
         FDC, P. O. BOX 5010
         OAKDALE, LA  71463

Please take notice that the above captioned case has been scheduled for an INDIVIDUAL hearing before the Immigration Court on ~~at~~

1900 E. WHATLEY ROAD   *April 30, 2004 @ 2PM*
OAKDALE, LA   71463

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court. Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed. You can request an earlier hearing in writing.

Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions: (1) You may be taken into custody by the Immigration and Naturalization Service and held for further action, OR (2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act. An order of removal will be entered against you if the Immigration and Naturalization Service established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT OAKDALE, LA  THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS."  CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A list of free legal service providers has been given to you. For information regarding the status of your case, call toll free 1-800-898-7180 or 703-305-1662.  *YOU MUST BRING PHOTO IDENTIFICATION TO ENTER THE BUILDING.*

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)     PERSONAL SERVICE (P)
TO: [✓] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] INS
DATE: 3/23/04           BY: COURT STAFF   _Q.6_                       V3
Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

KPB

irrespective of the reasons why the conviction was vacated. Although the Board declined to apply that decision outside the jurisdiction of the Fifth Circuit, it appears to be binding within the Fifth Circuit's jurisdiction. Therefore, I must find that the respondent cannot establish the good moral character required for cancellation of removal and adjustment of status under section 240A(b) of the Act.

Since the respondent is not eligible for the relief sought, there is no point in receiving his applications for relief or in conducting further hearings in this matter. Accordingly, the hearing scheduled for April 30, 2004 is canceled and the following order is entered.

**ORDER:**   It is ordered that the respondent be removed from the United States to Nigeria on the charges contained in the Notice to Appear.

_April 14, 2004_
Date

_Charles A. Wiegand_
Charles A. Wiegand, III
Immigration Judge