eligible to send a Form I-687 to the Texas Service Center for adjudication. Service records show that your Form I-687 was received at the Texas Service Center on June 13, 2001. But the Legalization Questionnaire from March 2001 cannot serve to establish that you made a timely written claim for class membership in order to qualify for adjustment under the LIFE Act. The LIFE Act defines eligible aliens as those who filed with the Attorney General written claims for class membership before October 1, 2000. It provides for a variety of means for proving that a claim for class membership was made, but a questionnaire filed in March 2001 simply cannot serve to meet the timely filing requirements of the LIFE Act.

In addition, you submitted many forms belonging to a Mohammed Musa, A 98 028 854. You submitted a copy of his Form I-688, a copy of his Form I-689 legalization receipt, a copy of his Form I-687 signed on June 20, 1990, a copy of an appointment notice dated August 16, 1990, and a copy of his Form for Determination of Class Membership in CSS v. Meese signed on August 23, 1990. While you have listed one of your other names used as Mohammed Musa on your Form I-765, you have not provided any proof of a legal name change. Besides the name and A-number differing from your own, Forms I-687, I-688, I-689, the appointment notice, and the Form for Determination of Class Membership all have a different date of birth listed that do not match the date of birth listed on your Form I-485. These factors raise serious questions about the authenticity of any of the forms submitted for a Mohammed Musa.

Service records also indicate that you have another A-number, A 93 410 158. However, a search of Service indices fails to reveal anything under this A-number that would indicate a claim for class membership has been filed.

Service records have failed to reveal anything that would indicate a timely written claim to class membership had ever been filed. Therefore, it has been determined that you are ineligible to adjust status under Title 8, Code of Federal Regulations, Part 245a.10 which states:

> "An eligible alien means an alien . . . who, before October 1, 2000, filed with the Attorney General a written claim for class membership, with or without filing fee, pursuant to a court order issued in the case of: *Catholic Social Services, Inc. v Meese*, *League of United Latin American Citizens v. INS*, or *Zambrano v. INS*."

The evidence you submitted does not establish that you filed a timely written claim for class membership in one of the legalization class action lawsuits mentioned above. Therefore, your application pursuant to section 1104 of the LIFE Act is hereby denied.

Per Title 8, Code of Federal Regulations, Part 245a.20(b), you may appeal this decision to the Administrative Appeals Office by completing the enclosed Notice of Appeal (Form I-290B) and mailing it, along with a $110.00 filing fee, to the following address:

U.S. Citizenship and Immigration Services
National Benefits Center
Post Office Box 7219
Chicago, IL 60680

Your Notice of Appeal must be filed within thirty (30) days of this notice. A brief or other written statement in support of your appeal may be submitted with the Notice of Appeal. If no appeal is filed within the time allowed, this decision is final.

Sincerely,

Robert M. Cowan
Director

RMC/Officer #: LA-102

1 Attachment

E X H I B I T   "3"

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
OAKDALE, LOUISIANA

IN THE MATTER OF:        )
                         )
IGNATIUS OKONKWO         )        A26 792 202
  aka: NWANKEONU CHUKWUDUKEN  )   Oakdale, LA
       MUSA MOHAMMED     )
Respondent               )
                         )
IN BOND PROCEEDINGS      )

OPPOSITION TO MOTION TO RECONSIDER BOND

COMES NOW, the Immigration and Naturalization Service (hereinafter "the Service"), opposes the respondent's motion to reconsider for the following reason:

In an oral decision rendered on July 24, 2000, the Immigration Judge ruled that the respondent was an "arriving alien", and as such, he lacked jurisdiction over the respondent's bond proceedings.

The respondent is a native and citizen of Nigerian. His initial arrival in the United States was on June 15, 1982 at New York, New York as a nonimmigrant student. He departed the United States. He was paroled into the United States at or near New York, New York on or about November 22, 1995 to November 22, 1996 under the alias of Musa Mohammed. See Nonimmigrant Information System (NIIS) dated June 12, 2000 with INS Status Codes attached. "An alien who is paroled under section 212(d)(5) or permitted to land temporarily as an alien crewman shall not be considered to

1

have been admitted."   See section 101(a)(13)(B) of the Act.   The
Code of Federal Regulations defines the term "arriving alien;"

> (q)   The term arriving alien means an applicant for
> admission coming or attempting to come into the United
> States at a port-of-entry, or an alien seeking transit
> through the United States at a port-of-entry, or an alien
> interdicted in international or United States water and
> brought into the United States by any means, whether or not
> to a designated port-of-entry, and regardless of the means
> of transport.   An arriving alien remains such even if
> paroled pursuant to section 212(d)(5) of the Act, except
> that an alien who was paroled before April 1, 1997, or an
> alien who was granted advance parole which the alien applied
> for and obtained in the United States prior to the alien's
> departure from and return to the United States, shall not be
> considered an arriving alien for purposes of section
> 235(b)(1)(A)(i) of the Act.

See 8 C.F.R. § 1.1(g)(2000)

An arriving alien who arrives in the United States pursuant
to a grant of advance parole is an "arriving alien", as that term
is defined in the federal regulation.   Matter of Oseiwusu,
Interim Dec. 3344 (BIA 1998).

A motion to reconsider asserts that at the time of the
Board's previous decision, an error was made.   It is a "request
that the Board reexamine its decision in light of additional
legal arguments, a change of law, or perhaps an argument or
aspect of the case which was overlooked."   Matter of Cerna, 20
I&N Dec. 399, at 402 n.2 (BIA 1991)(quoting Hurwitz, Motions
Practice Before the Board of Immigration Appeals, 20 San Diego L.
Rev. 79, 90 (1992)).   The regulations require that a motion to
reconsider shall state the reasons for the motion by specifying
the errors of fact or law in the prior Board decision and shall

2

be supported by pertinent authority.    8 C.F.R. § 3.2(b)(1)(2000).

The Service instituted deportation proceedings by the issuance of an Order to Show Cause on March 3, 1987. <u>The respondent was granted voluntary departure until January 15, 1988 but failed to depart</u>. A demand was made upon a bonding company to produce the respondent. Due to the respondent's failure to appear for deportation on May 31, 1988, his $4000 bond was breached. <u>He filed a legalization application on or about June 20, 1990 with the Service and was granted employment authorization as a class member in Catholic Social Service</u> (CSS) v. <u>Reno</u>, 113 S. Ct. 2485 (1993). There is no evidence in the alien registration file that the respondent had applied for or was granted advance parole before his departure from the United States. At the time of his arrival, he was inadmissible to the United States as an alien convicted of a crime involving moral turpitude. On March 14, 1995, he was convicted in the Superior Court, Milford, Connecticut for the offense of Larceny Sixth Degree, in violation of Section 53a-125b of the Connecticut General Statutes.

As an "arriving alien", the Immigration Judge may not redetermine conditions of custody imposed by the Service with respect to aliens who are "arriving aliens" in removal proceedings, including aliens paroled after arrival pursuant to section 212(d)(5) of the Act after the expiration of the Transition Period Custody Rules. <u>See</u> 8 C.F.R. § 3.1a(h)(2)(i) (2000).

For the foregoing reason, the Service opposes the respondent's motion to reconsider.

Respectfully submitted,

11 August 2000
DATE

LORRAINE L. GRYFFIN
Assistant District Counsel
Immigration & Naturalization
Service, Litigation Unit
1010 East Whatley Road
Oakdale, Louisiana  71463
(318) 335-0713, ext. 139

4

E X H I B I T  "4"

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3852

---

IGNATIUS UMEADI OKONKWO,
A26 792 202,
Petitioner,

v.

JANET RENO,
Attorney General of the United States,
Respondent.

---

## RESPONDENT'S NOTICE OF WITHDRAWAL OF JURISDICTIONAL ARGUMENT MADE IN MOTION TO DISMISS UNTIMELY PETITION FOR REVIEW

---

Respondent respectfully notifies this Court that she no longer seeks dismissal of petitioner Okonkwo's petition for review pursuant to section 242(a)(2)(C) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(C) (1999), which divests the Court of jurisdiction to consider petitions filed by certain criminal aliens. Respondent no longer seeks dismissal on this ground because, since filing the motion to dismiss, she has learned that Okonkwo's underlying conviction which provided the basis for a section 242(a)(2)(C) of the INA dismissal has been vacated. The Court, however, must still dismiss this petition for review for lack of subject matter jurisdiction because Okonkwo's petition was filed untimely.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2000, Respondent filed a Motion to Dismiss Okonkwo's petition for review and opposition to motion for stay of removal. One of the bases for dismissal asserted by Respondent was that Okonkwo was precluded from petitioning this Court for review because he had been convicted of Larceny, sixth degree, which constitutes a crime involving moral turpitude

covered in section 212(a)(2) of the INA, 8 U.S.C. § 1182(a)(2).  See INA § 242(a)(2)(C), 8 U.

S.C. § 1252(a)(2)(C) (1999).  On December 7, 2000, Respondent received information from

Okonkwo that his Larceny conviction had been vacated by the State of Connecticut Superior

Court at Milford.  See Exhibit A (Order vacating conviction dated October 30, 2000).

## DISCUSSION

As a result of this vacatur by the Superior Court of the State of Connecticut, Okonkwo's

conviction is void, and no longer provides a basis for invoking the jurisdictional bar in section

242(a)(2)(C) of the INA, 8 U.S.C. § 1252(a)(2)(C) (1999).  Okonkwo no longer is removable

from the United States under section 212(a)(2)(A)(i) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i), for

having committed a crime involving moral turpitude.  However, Okonkwo remains removable

from the United States under section 212(a)(7)(A)(i)(I) of the INA, 8 U.S.C.

§ 1182(a)(7)(A)(i)(I), because he attempted to enter the United States without possessing valid

entry documents.  Moreover, because Okonkwo's petition for review was filed untimely with this

Court, and because Okonkwo cannot cure this jurisdictional defect, this Court lacks jurisdiction

to entertain his petition for review, and must dismiss for the reasons presented in Respondent's

original Motion to Dismiss.

/ / /

/ / /

/ / /

2