Ignatius Umeadi Okonkwo
#A26-792-202
Etowah County Detention Center
827 Forrest Avenue
Gadsden, AL. 35901

October 8, 2004.

Honorable Alvin W. Thompson
United States District Judge
For the District of Connecticut
450 Main Street
Hartford, CT. 06103.



RE: **ADDENDUM TO PETITIONER'S OBJECTION TO FIFTH ENLARGEMENT OF TIME; FOR ADJUDICATION OF THE DETENTION CLAIM AND MOTION FOR PRELIMINARY OR FOR RELEASE FROM CUSTODY PENDING FINAL OUTCOME OF HABEAS PETITION. OKONKWO v. ASHCROFT, 3:02CV-1733 (AWT)**

DEAR Judge Thompson:

Petitioner, **Ignatius Okonkwo**, Pro-Se, writes this letter as an Addendum to his objection to the Government's motion for Fifth Enlargement time which was recently received, and to move Your Honor based on recently decided case laws that just came to my attention to either assume jurisdiction over this Petition prior to the BIA's Order or adjudicate his detention claims and/or the Motion for Preliminary Injunction pending the final decision by both the BIA and this Court.

As a ground thereof, **Okonkwo** asserts as Follows:

1. In a recent decision from the Second Circuit's Court of Appeals the Court recognized a narrow exception to the general rule in a limited circumstances where **manifest injustice will occur.** See **Marrero-Pichardo v. Ashcroft**, 2004 U.S. App..LEXIS 13630(2ND. CIR. July 1st, 2003) [Holding that "Notwithstanding Habeas failure to exhaust claims before the BIA, ...we nonetheless have jurisdiction to consider the Petitioner's claim if necessary to avoid manifest injustice".].

The Government's "Additional Motion for Fifth Enlargement of time" simply invite this Court to continue to grant an extension and perpetuate Okonkwo's detention because its sister agency, the BIA have decided not to release its decision on Okonkwo's appeal. The Government cites **Theodoropoulos**, and **Beharry**, but did not reveal to this court that the Second Circuit recently crafted

(1)

a narrow exception, to the general rule announced in **Theodoropoulos and Beharry** in cases like Okonkwo where there has been a **'fundamental miscarriage of justice'**.

In this case, Okonkwo asserts that there will be a 'fundamental miscarriage of justice' if this court did not review his claim, especially since the outcome of Okonkwo's claim is already pre-determined by the BIA. Okonkwo's central claim is whether his vacated conviction is valid for Immigration purpose./1 The BIA in its precedent opinion in **Matter of Pickering**, 23 I&N Dec. 621 at n. 2 (BIA 2003), that "Vacated conviction remains valid for deportation within the Fifth Circuit." **ID** citing **Renteria-Gonzales v. INS**, 322 F. 3d. 804, 822-23 (5th Cir. 2003)/2

However, this Court is not bound by either the Fifth Circuit or the BIA Precedent. It thus, 'make little sense' to wait for the BIA in a seemingly futile effort to exhaust an administrative remedies that will not change the outcome of Okonkwo's situation.

Due to the foregoing recent change in law and the fundamental miscarriage of justice involved in prolonging Okonkwo's detention, which has now about Five years and counting, this court should deny the Government's Motion **Fifth Extension of time** and simply address the merits of Okonkwo's contentions that, inter alia **(1)** His Vacated conviction is invalid for deportation purposes, and **(2)** He is a Lawful Resident without a criminal conviction and thus could not be removed.

## OKONKWO'S DETENTION CLAIM AND MOTION FOR PRELIMINARY INJUNCTION

In asking for its Fifth Extension of time for an alleged failure to exhaust remedies, the Government **hides** from this court the fact that Okonkwo's Habeas Petition also includes the lawfulness of his continued detention and the fact that he had already exhausted his remedies on the detention claims.

Petitioner move the court that even if it is unwilling to address the merits of petitioner's removal claim at this time, it should nonetheless rule on his claim that he is being unlawfully detained or his detention claim, because he has already **exhausted administrative remedies on those claims.**

---

/1- In an attempt to mislead the Court, the Governmnet continue to allege that Okonkwo's claim involved an Applications for Cancellation of Removal, 212(h) waiver and Voluntary Departure. **Okonkwo asserts that he did not apply for, neither is he challenging the denial of Applications for Discretionary reliefs**, rather, his claims involves principally, a pure question, of whether his vacated criminal conviction remains valid for deportation purposes.

/2-Courts reviewing BIA decisions apply their own Circuit's law, even if the decision, as here, is made in accordance with law of other Circuits. **Rosendo-Ramirez**, 32 F. 3d. 1085, 1092 (7th Cir. 1994).

Additionally, this court should rule on the Motion for Preliminary Injunction currently pending before the court and Order Okonkwo's release from custody pending the final adjudication of this petition since the Government is asking for infinite numbers of extention of time./3

A recent decision from the Western District of Texas supports the Petitioner's positions that he is entitled to be released from custody pending the final adjudication of this Petition. See **Sanchez v. Winfrey** 2004 U.S. Dist. LEXIS 8907 (W.D.Tex. 2004). In **Sanchez**, the court relying on a Second Circuit's decision **Mapp v. Reno**, 241 F. 3d. 221 (2nd Cir. 2001), granted the release of the Habeas Petitioner from custody because, like the Petitioner in this case, she did not have criminal conviction, was not adjudged to be a danger to the society or significant flight risk and have substantial possibility of success on the merits of his case.

This Court should find the **Sanchez** decision persuasive and Order Okonkwo's release from custody. This Court has already found substantial possibility of success on the merits by granting Okonkwo's a Stay of Removal, and like the Petitioner in **Sanchez**, Okonkwo have no valid criminal conviction, and was not determined to be a danger to the community or significant risk of flight.

Accordingly, this Court should adjudicate Petitioner's detention claim or release Okonkwo from custody via an Order of Preliminary Injunction pending the final outcome of this Petition.

### CONCLUSION

WHEREFORE, based on the foregoing, this Court should grant Okonkwo the following reliefs:

1. Deny the Government's Motion for Fifth enlargement of time and address the merits of Okonkwo claim based on the recent second circuit's opinion in **Marrero-Pichardo**, announcing an exception to exhaustion if 'fundamental miscarriage of justice will occurr, and

---

/2(contd.)Here in the Second Circuit, a conviction vacated on legal and constitutional ground is **not valid for removal**. See **U.S. V. Campbell**, 167 F. 3d. 94 (2nd Cir. 1999).

/3 The Government Reply to Motion for reconsideration at pg. 2 noted that Petitioner's appeal brief was filed on July 12, 2004

    2. Address the merits of Okonkwo's Detention claims since he has already exhausted administrative remedies on these claims; or

    3. Grant a Priliminary Injunction directing Okonkwo's release pending the outcome of this action.

    4. Grant other reliefs the court may deem just and proper.

Respectfully Submitted,

Ignatius Umeadi Okonkwo
Petitioner, Pro-Se

cc: William M. Brown, Jr., Esq.,
    Assistant United States attorney
    For the District of Connecticut
    157 Church Street,
    New Haven, CT. 06510.

---

/3- (contd.) Its recent Motion for Fifth Enlargement of time now stated erroneously that the BIA brief was filed on August 2, 2004. This Court should note this factual inaccuracies for the record. The actual date the appeal briefs was filed is July 12, 2004. The Court should not allow the Government to use fraud and deceit to receive an extension of time. See The government's reply to motion for reconsideration dated July 27, 2004, at page 2, paragraph 1.