UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 OCT 25 A 11: 11

===============================================================

| IGNATIUS UMEADI OKONKWO, Petitioner, | |
|---|---|
| V. | CIV. NO. 3:02CV1733 (AWT) |
| JOHN ASHCROFT, Attorney General of the United States, Respondent. | |

===============================================================

**PETITIONER FULLY EXHAUSTION OF ADMINISTRATIVE REMEDIES**

===============================================================

Petitioner, **Ignatius U. Okonkwo**, Pro-se litigant (hereinafter "Petitioner/Plaintiff"), respectfully moves this Honorable Court to now review the Constitutional of his unlawful detention claim pursuant to section 236 (c) of the INA, codified at 8 U.S.C. section 1226 (c) does not retroactive apply to Petitioner, since he was release in 1995, without incarceration before that statutory section become effective on October 9, 1998, and without conviction, and as an arriving alien pursuant to INA section 235 (b)(2), as an alien with a permanent resident card, and have no conviction is not an **arriving alien**.

Petitioner asserts that he has now exhausted his administrative remedies as per the allegation of him, not fully exhaust his administrative remedies by the respondent, and that further his mandatory detention under the relevant statutes is not authorized by statute. Therefore, Petitioner contends that this court has subject matter jurisdiction to entertain his

claims.

To demonstrate that the administrative agency has full opportunity to resolve the aforesaid issues, **Petitioner attached, as a Exhibit 1- the Board of Immigration Appeals decision affirming the Immigration Judges determination, dated October 15, 2004.**

The doctrine requiring that a party exhaust administrative remedies prior to seeking judicial review is designed to assure that administrative agencies have "a full opportunity to resolve a controversy or correct [their] own errors before judicial intervention. See **Beharry v. Ashcroft**, 329 F. 3d. 51, 56 (2nd Cir. 2001) (discussing "numerous purposes" served by administrative exhaustion). See also **Sagermark v. INS**, 767 F. 2d 645, 648 (9th Cir. 1985): See also **Mohammed v. Slattery**, 842 F. supp. 1553, 1557 (S.D.N.Y. 1994): **Chan v. Reno**, No. 95 Civ. 2586, 1997 WL 122783, at *36-37 (S.D.N.Y. Mar. 17, 1997). Exhaustion requirements are **satisfied when the agency was in fact rule on an issue**. See **Sagermark**, 767 F. 2d.at 648 (whether or not the issue was technically before the BIA, the BIA addressed it thoroughly enough).

In the instant matter, Petitioner conviction upon which his detention and deportation are based, was vacated, on October 30, 2000, and the Government **Conceded** to it, both in District Court and Circuit Court. (See **Exhibit 2- both order of concession**). As a result of the Governments concession, the United States Court of Appeals for the third Circuit, issued an order staying Petitioner's removal, to file a timely motion to reopen before

the Board of Immigration Appeals pursuant to 8. C.F.R. section 3.2 (c) advising the Board, **inter-alia**, of the vacation of conviction, in the Connecticut of sixth degree Larceny. (See **Exhibit 3- The Circuit Court Order).**

On November 8, 2001, the Board of Immigration Appeals, reopened Petitioner's case and remanded it back to the Immigration Court, holding that the underlying **Criminal conviction**, which the Government had based it charges of removability has been **vacated**, on legal structural defects at trial and on Constitutional ground. The Board further questioned, "whether there is now a criminal conviction rendering the Petitioner not only removal but also statutorily ineligible for relief, under section 1101 (a)(48)(A) (2001), as in the **matter of Roldan-Santoyo**, interim decision 3377 (BIA 1999), finding that the Petitioner's Court order was not with in the **parameter's of Roldan**, because the law under which the conviction was **vacated**, was not an **expungement** or **rehabilitative** statute. See **exhibit 4- The Board order of November 8, 2004**, it's further litigations is forbidden by **Res-Judicata**. The Board also ordered the Petitioner, to establish his eligibility for relief from removal or **seek termination**.

Three years later, the Immigration Judge retroatively relying on a Fifth Circuit's case laws posited that Petitioner's vacated conviction remains valid for the purpose of Immigration laws, irrespective that, the decision is only binding within the Fifth Circuit Jurisdiction not in Second Circuit. However, this Court is not bound by neither the Fifth Circuit case laws nor the BIA's

interpretation of such laws, to a resident of the state of Connecticut like Petitioner Okonkwo.

Thus, applying the Second Circuit's case laws, which this Court is bound to follow, there is no longer any doubt that Petitioner Okonkwo is now being unlawfully detained. Thus, this Honorable Court, should release Petitioner from this unlawful detention. See **Campbell v. United States**, 167 F, 3d. 98-99 (2nd. Cir. 1999) (indicating that a conviction vacated on legal grounds is invalid for the purpose of Immigration act).

Finally, Petitioner contends that the Board of Immigration Appeals abused his discretion by affirming the Immigration Judge's determination without opinion, when the Immigration and Naturalization Service now ("BICE"), did not prove deportability by clear, unequivocal, and convincing evidence of a valid conviction for Immigration purposes. See **Woodby v. INS**, 385 U.S. 276 (1986), and it is respectfully submitted that Okonkwo, did not apply for any of those discretionary reliefs before the Immigration Judge, and did not appealed any of the IJ's discussion of eligibility for such relief's either to the BIA or to this Honorable Court. Nonetheless, such relief's was cured, when both parties at the hearing filed the joint statement of uncontested facts, and also the Court's findings of fact, discussion and conclusion of laws, stated that it is uncontested and indisputed and are noted with a "U" in parenthesis after each such findings that Petitioner Okonkwo, was issued a resident card on September 6, 1990, and also the government administrative record both in Oakdale,

Louisiana, and Pennsylvania, established beyond the reasonable doubt that Petitioner filed a timely written claim for class membership in the **Catholic Social Service Inc. (CSS) v. Reno**, 113 S. Ct. 2485 (1993) on or before October 1, 2000.

### C O N C L U S I O N

WHEREFORE, Petitioner pray's, based on the foregoing reasons, citation and authorities, facts and evidences, this Honorable Court, should vacate the Board of Immigration Appeals Order affirming the Immigration Judge's removal order, and release Petitioner from five years unlawful detention.

Dated October 20, 2004.

Respectfully Submitted

Ignatius U. Okonkwo
#A26-792-202
Etowah County Detention Ctr
827 Forrest Avenue
Gadsden Alabama. 35901

### CERTIFICATE OF SERVICE

I certify that I have serve a true and correct copy of the foregoing motion on the opposing Counsel, via U.S. Postal Service, postage prepaid, properly affixed and addressed to:

William Brown, Jr.
Assistant U.S. Attorney
157 Church Street
New Haven, CT. 06510.

Ignatius U. Okonkwo

EXHIBIT "1"



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**OKONKWO, IGNATIUS UMEADI**
**EDC, 827 FORREST AVENUE**
**GADSDEN, AL  35901-0000**

FEDERAL DET. CENTER-OAKDALE 2
P.O. Box 1128
OAKDALE, LA  71463

Name: **OKONKWO, IGNATIUS UMEADI**                    A26-792-202

Date of this notice: 10/15/2004

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*F.F.K.*

Frank Krider
Acting Chief Clerk

Enclosure

Panel Members:
    HESS, FRED

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A26-792-202 - Oakdale                                               Date:

In re:   OKONKWO, IGNATIUS UMEADI                                OCT 15 2004

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Pro se

ON BEHALF OF DHS: Jerry A. Beatmann, Assistant Chief Counsel

ORDER:

   PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

_____
FOR THE BOARD

EXHIBIT "2"

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

IGNATIUS OKONKWO

    Petitioner

vs.

IMMIGRATION AND NATURALIZATION
SERVICE,

    Respondent

No. 4:CV-00-2057

Petition Filed 11/27/00

(Judge Muir)

FILED
WILLIAMSPORT, PA

JAN 2 8 2002

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

ORDER

January 28, 2002

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before us is the petition for writ of habeas corpus filed Ignatius Okonkwo (hereinafter "Okonkwo"). Okonkwo claims that he is being unlawfully detained pursuant to a final order of deportation because that order is based on a conviction which was overturned after the order had been issued. On December 18, 2001, we issued an order requiring the Immigration and Naturalization Service to submit a supplemental response addressing the merits of Okonkwo's petition because the Immigration and Naturalization Service's initial response was based strictly on procedural issues which have since been resolved. We issued the December 18, 2001, order because it appeared that Okonkwo's petition has merit.

On January 17, 2002, the INS timely filed in Harrisburg its supplemental response to Okonkwo's petition. In that document, the Immigration and Naturalization Service concedes that the conviction upon which Okonkwo's detention and deportation are based has been vacated. (Document 25, p. 3) Nonetheless, the Immigration and Naturalization Service argues that Okonkwo's petition should be denied without prejudice or stayed because Okonkwo has filed administrative matters with the Immigration and Naturalization Service which remain pending. We do not see how the administrative matters referenced by the Immigration and Naturalization Service affect the issues in this matter, and the Immigration and Naturalization Service has not identified any substantive connection.

Okonkwo's petition was filed in this court in November of 2000. The uncontested evidence of record supports his claim that there is no lawful basis to detain him. We are of the view that the Immigration and Naturalization Service has had ample time to address Okonkwo's case and that its declination to rule on Okonkwo's pending matters is not a valid reason to either deny his petition or stay this case.

We will require the Immigration and naturalization to file an explanation of what, if any, legitimate grounds to detain

Okonkwo currently exist. If no such reason exists, we will grant his petition.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The government shall, within 20 days after the date of this order, file an explanation of what, if any, legitimate grounds to detain Okonkwo currently exist.

_____
MUIR, U. S. District Judge

MM:ga

3

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3852

IGNATIUS UMEADI OKONKWO,
A26 792 202,
Petitioner,

v.

JANET RENO,
Attorney General of the United States,
Respondent.

RESPONDENT'S NOTICE OF WITHDRAWAL OF JURISDICTIONAL ARGUMENT
MADE IN MOTION TO DISMISS UNTIMELY PETITION FOR REVIEW

Respondent respectfully notifies this Court that she no longer seeks dismissal of petitioner Okonkwo's petition for review pursuant to section 242(a)(2)(C) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(C) (1999), which divests the Court of jurisdiction to consider petitions filed by certain criminal aliens. Respondent no longer seeks dismissal on this ground because, since filing the motion to dismiss, she has learned that Okonkwo's underlying conviction which provided the basis for a section 242(a)(2)(C) of the INA dismissal has been vacated. The Court, however, must still dismiss this petition for review for lack of subject matter jurisdiction because Okonkwo's petition was filed untimely.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2000, Respondent filed a Motion to Dismiss Okonkwo's petition for review and opposition to motion for stay of removal. One of the bases for dismissal asserted by Respondent was that Okonkwo was precluded from petitioning this Court for review because he had been convicted of Larceny, sixth degree, which constitutes a crime involving moral turpitude

covered in section 212(a)(2) of the INA, 8 U.S.C. § 1182(a)(2). See INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C) (1999). On December 7, 2000, Respondent received information from Okonkwo that his Larceny conviction had been vacated by the State of Connecticut Superior Court at Milford. See Exhibit A (Order vacating conviction dated October 30, 2000).

## DISCUSSION

As a result of this vacatur by the Superior Court of the State of Connecticut, Okonkwo's conviction is void, and no longer provides a basis for invoking the jurisdictional bar in section 242(a)(2)(C) of the INA, 8 U.S.C. § 1252(a)(2)(C) (1999). Okonkwo no longer is removable from the United States under section 212(a)(2)(A)(i) of the INA, 8 U.S.C. § 1182(a)(2)(A)(i), for having committed a crime involving moral turpitude. However, Okonkwo remains removable from the United States under section 212(a)(7)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(I), because he attempted to enter the United States without possessing valid entry documents. Moreover, because Okonkwo's petition for review was filed untimely with this Court, and because Okonkwo cannot cure this jurisdictional defect, this Court lacks jurisdiction to entertain his petition for review, and must dismiss for the reasons presented in Respondent's original Motion to Dismiss.

/ / /

/ / /

/ / /

2

## CONCLUSION

For the aforementioned reasons, Respondent respectfully withdraws her argument that section 242(a)(2)(C) of the INA, 8 U.S.C. § 1252(a)(2)(C), compels dismissal of this petition for review, but continues to assert that the petition must be dismissed because it was untimely filed.

Respectfully submitted,

DAVID W. OGDEN
Assistant Attorney General
Civil Division

TERRI J. SCADRON
Senior Litigation Counsel

_____
JOHN M. MCADAMS, JR.
Attorney, United States Department of Justice
Civil Division, Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
202-616-9339

Dated: December 8, 2000

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2000, I caused one copy of Respondent's Notice of Withdrawal of Jurisdictional Argument Made in Motion to Dismiss Untimely Petition for Review, by having it placed in a mail room of the United States Department of Justice for same-day delivery, postage pre-paid, addressed, as follows:

> Mr. Ignatius Umeadi Okonkwo, Pro Se
> # 61326
> INS Number A26 792 202
> York County Prison
> 3401 Concord Road
> York, PA 17402

JOHN M. MCADAMS, JR.
Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
202-616-9339

EXHIBIT "3"

*AMENDED FPS-8

December 4, 2000

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. 00-3852

IGNATIUS OKONKWO

   VS.

JANET RENO

   (AGENCY NO. 26-792-202)

Present: SLOVITER, ROTH AND AMBRO, <u>CIRCUIT JUDGES</u>

    Submitted are.

   (1)   Petitioner's petition for review;

   (2)   Petitioner's motion to stay removal;

   (3)   Respondent's motion to dismiss for lack of jurisdiction;

   (4)   *Petitioner's opposition to respondent's motion to dismiss; and

   (5)   *Respondent's notice of withdrawal of jurisdictional argument;

in the above-captioned case.

                Respectfully,

                Clerk

MMW/SR/zm

_____ORDER_____

The order staying petitioner's removal is continued without prejudice to petitioner's right to file a timely motion to reopen before the Board of Immigration Appeals pursuant to 8 C.F.R. § 3.2(c) advising the Board, <u>inter alia</u>, of the vacation of the conviction in Connecticut of sixth-degree larceny.

                By the Court,

                /s/ Sloviter
                Circuit Judge

Dated: DEC 1 3 2000

SMA CCTC: TGS, AC

JOINT EXHIBIT 20

EXHIBIT "4"

U.S. Department of Justice  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File:  A26 792 202 - Oakdale

Date: NOV - 8 2001

In re: IGNATIUS UMEADI OKONKWO

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:  Pro se

ORDER:

PER CURIAM. The respondent's motion is granted. *See Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997). The respondent contends that the criminal conviction which supports one of the charges of removability has been vacated. The question here is whether there is now a criminal conviction rendering the respondent not only removable but also statutorily ineligible for relief. *See* 8 U.S.C. § 1101(a)(48)(A) (2001); *Matter of Roldan-Santoyo*, Interim Decision 3377 (BIA 1999). Consequently, the proceedings will be reopened and the record will be remanded to enable the Immigration Judge to consider the new evidence offered by the respondent relating to removability under section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2001) as an alien convicted of a crime involving moral turpitude; as well as section 212(a)(7)(A)(i) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i) (2001); and to determine whether the respondent can now establish his eligibility for relief from removal, or seek termination. Accordingly, the record is returned to the Immigration Court for further proceedings consistent with this opinion.

FOR THE BOARD