UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
IGNATIUS UMEADI OKONKWO,        :
                                :
        Petitioner,             :
                                :
     v.                         :     Civ. No. 3:02CV1733(AWT)
                                :
ATTORNEY GENERAL JOHN           :
ASHCROFT, et al.,               :
                                :
        Respondents.            :
-------------------------------x
```

**ORDER TRANSFERRING VENUE**

In their Response to Order to Show Cause (Doc. # 61), the respondents argue that as an alternative to dismissing the instant petition for lack of personal jurisdiction, the court should transfer it to the Western District of Louisiana because venue is not proper in the District of Connecticut. The court agrees.

The factual background in this matter is set forth in detail in the Opinion filed July 19, 2002 by United States District Judge Muir, of the United States District Court for the Middle District of Pennsylvania, and in the Decision of the Immigration Judge, dated April 14, 2004, by Immigration Judge Charles A. Wiegand, III, sitting in Oakdale, Louisiana. Until October 15, 2004, petitioner Okonkwo had pending with the Board of Immigration Appeals his appeal from the decision of Immigration Judge Wiegand. On that date, the Board of Immigration Appeals informed the petitioner that Immigration Judge Wiegand's decision

had been affirmed and that the immigration judge's decision was, therefore, the final agency determination.  Title 8, United States Code § 1252(b)(2) requires an alien to seek review of the final order of removal in "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."  Therefore, in this case, any review of the final order of removal available to the petitioner was required to be sought in the United States Court of Appeals for the Fifth Circuit, the judicial circuit covering Oakdale, Louisiana, where the petitioner's removal proceeding was completed.  See 8 U.S.C. § 1252(b)(2); Hadera v. INS, 136 F.3d 1338, 1341 (D.C. Cir. 1998).

    Thus, for the reasons discussed with the parties at the telephonic status conference on April 15, 2005, the court concluded that it is appropriate to transfer this case to the United States District Court for the Western District of Louisiana, pursuant to 28 U.S.C. § 1631.

    Accordingly, this case is hereby transferred to the United States District Court for the Western District of Louisiana, and the Clerk shall transmit the file to that District.

    It is so ordered.

    Dated this 18th day of April 2005, in Hartford, Connecticut.

                                                    /s/AWT

                               Alvin W. Thompson
                         United States District Judge