UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD, CONNECTICUT

| | |
|---|---|
| IGNATIUS UMEADI OKONKWO,<br>        Petitioner,<br><br>    v.<br><br>JOHN ASHCROFT, ATTORNEY<br>GENERAL OF THE UNITED<br>STATES, ET. AL.<br>        Respondents, | CIV. No. 3:02cv1733 (AWT) |

## PETITIONER'S OBJECTION TO GOVERNMENT'S RESPONSE TO ORDER TO SHOW CAUSE, AND FOR RELEASE FROM CUSTODY PENDING FINAL ADJUDICATION OF PETITION

Petitioner, Ignatius Umeadi Okonkwo, Pro-se, hereby submits this responsive pleading in opposition and in objection to the Government's "Response to Order to Show Cause".

He also uses this opportunity to request for his release from custody pending final adjudication of this Petition, due to the delays caused by the Government's evasion of the meritorious issue raised  in this petition.

As grounds thereof, Okonkwo asserts as follows:

I. **INTRODUCTION:**

After Seven Requests for Extensions of Time, and after having filed  several procedural and substantive motion over three years that this Petition has been  pending before

-1-

this Court, the Government , in apparent attempt to 'forum

shop' ; cause delays and evade this meritorious Habeas

Corpus Petition, has once again, asked the court for

a 'costly dismissal' or a 'time consuming transfer' of this

Petition based on a meritless claim that this court lacks

personal jurisdiction because Petitioner has not named the

proper respondent'

For the reasons given in the arguments below, the Government

argument should be dismised, and this court should 'Order

Okonkwo's Release from custody' pending its final adjudication

of this Petition, due, in part to the length of his detention

while the Government  seeks and obtain seven extensions of time.

## II. PROCEDURAL HISTORY:

This court is well versed with the procedural history

of this case, due to the several submissions by the Petitioner

and the Government for the three years this case has been

pending, thus, Okonkwo needs not repeat, and according to

Federal Rules of Civil Procedure, Rule 10(c), he incorporate

and adopt the  previous submissions, including the Joint

Statement of Unocntested Fact, as if included herein.

Petitioner, however, disputes the Government's contention

that "The IJ denied Okonkwo [discretionary] reliefs requested,

In fact, Okonkwo did not ask the IJ for any discretionary

relief, rather he assert before the IJ, that because his convictions

has been vacated, and because the 'Joint Statement of Uncontested

Facts' explicitly noted that he has been granted a Temporary
Resident Statuts, under his religious name, Mohammed Musa, he is
no longer removable and the removal proceedings must terminated.

Petitioner also brings to the attention of the Court, for
the purpose of the Venue argument that he is a long term resident
of Connecticut. His family, wich includes his spouse children and
brother still resides in Connecticut, and the vacated conviction
at issue in this case occured in Connecticut.

Petitioner brings these facts to the Court's attention
because the Government falsely represented at page 13 of its motion
that Petitioner was transferred to Oakdale from Hartford... there
is no evidence that the Field Director had any contact with Connecticut.

Because, as argued below, the Attorney General is the proper
custodian of this Petitioner and traditional Venue consideration
favors the retention of this case in Connecticut, coupled with the
Government's waiver of 'personal jurisdiction argument, this
Honorable Court should reject the Government's attempt to distort
the facts of this case.


## III. THE GOVERNMENT'S PREVIOUS SUBMISSIONS:


The respondent first filed a response to the Court's
Order to  show Cause in November 27, 2002, which it captioned

**Motion to Dismiss For Lack of Personal Jurisdiction.** See

Docket Sheet, at Entry No. _7_ . In that Response, the

Government raised essentially the same argument as

that in this case, to wit, that Attorney General is

not Okonkwo's custodian; and that venue is only proper in

the Western District of Louisiana. See _id_

Okonkwo filed a detailed and comprehesive response

to this Petition, in a pleading dated January 23rd, 2003,

See Docket Sheet at Entry No _10_. That pleading also

addresses the merits of Okonkwo's petition and urges the

Court to grant a Summary Judgement on the questions of

(1) Whether mandatory detention as applied to Okonkwo, a

lawful resident ; whose conviction has been vacated is

constitutional, and (2) Whether he was properly classified as an

Arriving alien, etc. See _id_ at pages 16-21.

Knowing that it has been defeated in its attempt to

'technically pretermitt' this Petition, the Government

'rolled out' a 'Reply brief on February 27, 2003, in which

the Government this time attempt to prevent justice by

arguing that 'this Petition is succesive or is barred by

the abuse of the writ doctrine'; and a contention that

Okonkwo has not exhausted his administrative remedies.

Again, Okonkwo filed a detailed and comprehensive response.

After Okonkwo's Response to the Reply Brief, the

Government will not relent. This time, it filed what it

termed a 'Surreply' on April 11, 2003. See Docket at

Entry No. _13_ . In its 'SurReply' the Government reargued

-4-

its 'abuse of the writ/successive petition' defense and also
maintained that the Petitioner 'had not yet exhausted administrative
remedies.' The Government also argued in its 'SurReply' that Okonkwo
detention is unconstitutional" See **id**

   After Okonkwo's Response to Government's Surreply was
submitted, and after the Government then knew that there is
no 'escape hatch' from the meritorious claims being presented
by the Petitioner in this case, it then engaged in other
'nefarious litigation strategies' to wit, continued requests
for extensions of time, allegedly to allow an exhaustions
of administrative remedies before the IJ and the BIA, before
this court addressed the merits.

   Specifically, in two of its attempts to secure an extension
from this court, the Government 'succintly represented' to this
Court that once administrative remedies were exhausted' this
court may then 'address the merit of this Petition. See e.g.
**Respondents Reply to Motion to Reconsideration** at page 2 ["The
Court should refrain from **'acting on this petition'** until such
time as the BIA acts on Petitioner's appeal... the BIA  should
be afforded the opportunity  to review this matter and correct any
mistakes ... without premature **'intervention'** by the District
Court"][Appended as **Exhibit 1]**. See also, **Respondent's Objection
to    Motion for Preliminary Injunction,** [Adressing the merits
of the Petitioner's Detention Claim, and advising the  court
that 'it may address the merits of this case once administrative
remedies are exhausted'][Appended as **Exhibit 2]**

Petitioner having now exhaust the administrative remedies, and the Respondents having proclaimed to this Court that the only reason why the merits of this case should not be decided is because he has a pending appeal before the BIA, the court should not now allow the Government to 'evade the merits' of this Petition by now stating that the court lacked personal jurisdcition over this Matter. In fact, this issue should be considered waived, since the Government's primary defense was a 'Exhaustion or lack thereof of administrative remedies', and the Petitioner has now exhausted these remedies. Accordingly, the Government's Response asking the Court for dismissal for lack of personal jurisdiction should be denied as waived, or the Court should find that it have jurisdiction over this matter and address he merits of this case. The Court should further Order Okonkwo's release from custody pending its adjudication of this Petition.

IV.                          **ARGUMENT**

**THE GOVERNMENT HAS WAIVED ANY JURISDICTIONAL ARGUMENT. IF THIS COURT CONSIDERS THE JURISDICTIONAL QUESTION, ATTORNEY GENERAL IS THE PROPER RESPONDENT, THE COURT HAS PERSONAL JURISDICTION OVER THE ATTORNEY GENERAL, AND VENUE IS PROPER IN THE DISTRICT OF CONNECTICUT**

A. **The Government Has Waived Any Jurisdictional Argument By Only Invoking 'Exhaustion as its Grounds for Seeking Extensions:**

Under Federal Rule of Civil Procedure, Rule 12(h)(1) "A defense of lack of jurisdiction over the person [or] improper venue is waived ... if omitted from [pre-answer] motion [asserting other defenses]. See FRCP. Rule 12(h)(1)[**Waiver or Preservation**

of Certain Defenses"]. See also **Rumsfeld v. Padilla**, ___ US ___,
124 S. Ct. 2711, 2728 (2004)[Kennedy, J. concurring]["objections
to the filing of petition based ... grounds (of immediate custodian
and territorial jurisdiction rules) can be waived by the Govern-
ment"]; **Batista-Taveras v. Ashcroft**, 2004 WL 2149095, at *6
(SDNY, Sept. 23, 2004)[holding that venue is a "waivable defect"
and that "any objection to venue has been waived" as the Government
**did not press[] the point" after it initially raised the issue**];
**Seretse-Kharma v. Ashcroft**, 215 F.Supp.2d. 37, 41, & n.8 (D.D.C.
2002)["... the Respondents cannot make a second motion - whether
written or oral - to raise the omitted defense of lack of personal
jurisdiction over Lewis" and the FRCP, Rule 12(h) 'works against
piecemeal consideration of a case' and was designed to forbid[s]
successive motions"]

In this case Okonkwo first filed his Petition in 2002.
Although the Government first filed a Motion to Dismiss for
Lack of Personal Jurisdiction, and venue, it had since abandoned
that defense, after having read Okonkwo's colorable answer
to its motion. It had not pressed the point since that time,
but had instead raised other defenses. For example, it is
Reply Brief and SurReply, it raises an 'abuse of the writ and
succesiveness defense. In fact, at one point during this proceeding,
the Government addresses the merits of Okonkwo's detention
claim and noted that the Supreme Court's decision **Demore v.
Kim**, 538 U.S. 510 (2003) forecloses Petitioner's release from
detention. Recently, the only defenses Petitioner raised was
a contention that Okonkwo did not exhaust administrative remedies

and this court should allow the IJ and the BIA to review the propriety of his removal order and/or detention prior to its intervention.

Having raised other defenses, especially the lack of exhaustion of administrative remedies, and Okonkwo having now exhausted those remedies, the Government should not be allowed to raised the defense for lack of personal jurisdiction, as it has explicitly 'waived' that defense.

The Government never raised a defense of lack of personal jurisdiction or improper venue in any of it's numerious motions for extensions of time to allow exhaustion of remedies, or in the last motion for extension of time. The Government responded to Okonkwo's motion for preliminary injunction addressing the possibility of success on the merit. It was only after this Court scheduled a 'status conference' and after it became clear that this court 'vindicate Okonkwo's legal rights' that the Government now 'whipped out' a 'Response to order to Show Cause' rearguing an issue that has been 'laid to rest. See **Nwaokolo v. INS**, 314 F.3d. 303, 306 (7th cir. 2002)["[T]he INS has waived any objection to venue ... by failing to object to this court's consideration of the case until we requested briefing on the transfer question months after Ms. Nwaokolo filed her Petition and Stay motion"] That challenge, however, is too late. See also **Ramos v. Ashcroft**, 371 F.3d. 948 (7th Cir. 2004)[Denying Government's motion for transfer where the motion was filed in lieu of a substantive brief].

In sum, the Government has waived defense of personal jurisdiction by not asserting those defense in its numerous motions for extensions of time and in their other substantive motions. Such waiver, of course, could not occur if the question of the proper respondent were one of subject matter jurisdiction. The Supreme Court has made clear, however, that the issue of the proper respondent to a habeas petition is one of personal jurisdiction and/or venue, not subject matter jurisdition. **Padilla**, 124 S.Ct. at 2717, n.4 ["We use the word jurisdiction in the sense that is used in the Habeas Statute, 28 USC 2241(a), and not in the sense of subject matter jurisdiction of the District Court"]; id at 2727 [Kennedy, J. Concurring]["These rules, however, are not jurisdictional, in the sense of a limitation on subject matter jurisdiction. That much is clear from the many cases in which Petitions have been heard on the merits despite their non-compliance with either both rules"], accord **Abimbola v. Ridge**, 3:02CV856 (MRK)(D. Conn. March 8, 2005), Slip opinion at page 2, n.1 [Assuming without deciding that the court had jurisdiction, even though Mr. Abimbola is detained outside the State of Connecticut"]; **Rasul v. Bush**, _____ U.S. ___ 124 S.Ct. 2686, 2698 (2004)[Finding that subject matter jurisdiction was all that was required to confer jurisdiction on the District Court']

Accordingly, this court may assume jurisdiction over this Petition, even if the Government has not waived personal jurisdiction or venue, which Okonkwo asserts it did.

### B. Attorney General is the Proper Respondent in an Immigration Habeas Petition Challenging Final Order of Removal

Were this Court not to find this Waiver in effect., the decisions of the majority of the Senior Judges in this District that have held that "Attorney General is the Proper respondents of Immigrants' Habeas petition " See e.g. **Murray v. Ashcroft**, 2004 U.S. Dist. LEXIS 1602 (D. Conn. Feb. 4, 2004)[Eginton, Senior District Judge] [Holding 'Attorney General properly named]; **Mandarino v. Ashcroft**, 318 F. Supp.2d. 13, 17 (D. Conn. 2003)[Dorsey, Senior District Judge][Same]; **Barton v. Ashcroft**, 152 F.Supp.2d. 235 (D. Conn. 2001); **Lecky v. Reno**, 120 F. Supp.2d. 225 (D. Conn. 2000)[same]/[1]

Other Districts in this Circuit had also overwhelmingly found Attorney General to be proper respondent in Habeas Corpus involving challenge to final order of removal or detention See e.g. **Walters v. Ashcroft.**, 291 F. Supp.2d. 237, 242-43 (SDNY 2003)[Collecting New York District Court's cases holding that Attorney General is the proper custodian of Immigration Detainees]; **So v. Reno**, 251 F. Supp.2d. 1112, 1128 (EDNY 2003)[Finding Attorney General a proper custodian].

---

/[1] - A rather small and insignificant numbers of cases in this District has held that Attorney General is not a proper Respondent. See **Berthold v. Ashcroft**, 2003 WL 1056635 (D. Conn. 2003); **Pearce v. Ashcroft**, 2003 WL 1145458 (D. Conn. 2003) These cases however may be distinguished because Petitioners in those case have no ties to Connecticut to begin with. For instance, **Berthold** is a resident of Massachusetts, with a Massachusetts conviction, and no ties whatsoever in Connecticut.

The recent Supreme Court in **Padilla**, 124 S.Ct. 2711, does not change or alter the holding in these cases. First, as the Government concedes, **Padilla** expressly does not reach the question of habeas Petitions brought by immigrants challenging removal orders. id at 2718 n.8. ["In [an earlier case] we left open the question of Whether Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation ... Because the issue is not before us today, we again decline to resolve it." Many lower Courts in this have recognized that **Padilla** did not shift the state of the law for immigration Habeas petitioner. See **Garcia-Rivas v. Ashcroft**, 2004 WL 1534156 (SDNY, July 7, 2004)[holding that the Attorney General is the proper Respondent post-**Padilla**]; **Batista-Taveras v. Ashcroft**, 2004 WL 2149095, at *6 (SDNY, Sept. 23, 2004)[same]; **Somir v. Unitd States**, 315 F.Supp.2d. 215, 217 (EDNY 2005)[Joining "the chorus of judges in the Southern and Eastern District of New York who have held that the Attorney General is a proper respondent in Immigration cases where the Petitioner is challenging the Government efforts to remove him from this country]; **Barahona v. Ashcroft**, 2005 WL 475276 (SDNY, Feb. 25, 2005)[same].

Furthermore, the **Padilla** Court's rationale in holding that the immediate custodian is the proper respondent where an 'enemy combantant' is challenging his detention is inapplicable to Immigration Petiitons. **Padilla** was concerned with "core""habeas challenges to present physical  confinement" and recognized that such challenges are distinct  from those by "an alien detained pending deportation." 124 S.Ct. at 2718, n.8. Immigration Habeas

-11-

Petition presents distinct issues and concerns, which may explain
why the Court distinguished immigration Petitions and chose to
limit its holding to non-immigration petitions. See id.

Immigration cases are different for several reasons.  First,
in 'Core' habeas Petitions, the Government seeks to continue the
Petitioner's confinement while the Petitioner seeks to be released
from confinement . In Immigration cases, in contrast, the
Government seeks to release the detainee **and deport him** to
another country./2  The Government is trying to have it both
ways: It is trying to   remove Okonkwo to Nigeria, thereby
removing him from the custody of "Etowah Warden" or the
District Director", yet insisting that such parties are the
appropriate respondents. Were a Federal Court considering
a  Habeas petition not to grant a stay, there is the real
posibility that any "immediate custodian" will not have any
control over the Petitioner by the time the federal district
court rules on the habeas petition. And, because no other
considerations (such as venue considerations) have been taken

/2 - The Government here was intent on deporting Okonkwo to
Nigeria. Had your honor not intervene and grant a stay of
removal, his deportation would have been imminent.

-12-

into account, the Respondent would then be someone with
no connection to or responsibility for, petitioner's removal
proceedings.

Second, were **Padilla** to apply to immigration cases,
then the proper respondent would be the the Chief of Corrections
(Warden) of Etowah County jail as he has "immediate custody"
of the party detained" **Padilla**, 124 S.Ct. at 2717 (quoting
**Wales v. Whitney**, 114 U.S. 564, 574 (1886)). Such a rule would
make little sense in immigration context, however, because
immigration petitioners are frequently transferred between
federal detention centers and even to state-run or private
facilities. See **Roman v. Ashcroft**, 340 F.3d. 314, 320 (6th
Cir. 2003)["It is clear that the INS does not  vest power over
detained aliens in the wardens of the detention facilities
because the INS relies on state and local facilities to
house federal INS detainees"]. See generally, **Armentero
v. INS**, 340 F.3d. 1058, 1068 (9th Cir. 2003)[Finding that
"immigration detainees are physically detained in a host
of institutions, ranging from specialized immigration detention
centers to federal prisons to state and local prisons and
jails"].

Okonkwo was initially taken into custody by the INS while
he was in the custody of the Connecticut Department of
Correction; he was then held at Hartford Community Correction
Center; he was then transferred to Oakdale Federal Detention
Center; then to York County Jail in Pennsylvania; and back

-13-

to Oakdale, Louisiana, and now in Gadsden, Alabama. At
Etowah County Jail where he is currently detained, the
Warden [Chief of Corrections] is merely acting as an agent
of the Immigration Authorities and has absolutely no power
over his detention. Furthermore, if the rule were that
the Warden was the appropriate respondent, when the Government
transfers a detained  immigrant, the Court where the original
Petition was filed would retain jurisdiction, See **Padilla**,
124 S.Ct. at 2721, even though that Court would then have
absolutely no connection to the case at hand. Indeed, the
Government recognizes the incongruity of applying **Padilla**'s
immediate custodian requirement to immigration Petiiton
by conceding that Okonkwo's immediate custodian could be
either the Warden or the District Director. See Government's
Argument at Page 6 [... the proper respondent to this Habeas
Petition is the warden of Etowah County Detention Center];
But See Government's Argument at Page 7 ["To the extent
that the Petitioner is challenging his final Order of removal
... the only proper respondent is the BICE Field Office
Director for the Western District of Louisiana]/3

  Third in Immigration habeas Petitions the challenged

-----------------------------------

/3 - Furthermore, **Padilla** held that in "core challenges",
124 S.Ct. at 2718, "there is generally only one  proper
Respondent to a given prisoner's habeas Petition" id at
2717, So if the Government is to argue that Attorney General
is not a proper Respondent, it must explain which of these
two parties is the proper respondents. A rule insisting
that the District Director is the appropriate Respondent

detention is  always pending removal and is therefore inextr

icably ties to the administratively final Order of removal,

rather than 'mere physical custody'. As the **Padilla** Court

recognized, "the immediate physical custodian rules, by

its term, **does not apply when a habeas Petition challenges**

**something other than his present physical confinement."**

124 S.Ct. at 2719. While some Petitioners, like Okonkwo,

may  also challenge their        detention, See argument

IV; infra this is not "at bottom a simple challenge to

physical custody" See _id_ at 2721. Instead, his detention

is part-and-parcel of his final order of removal and his

custody concerns are collateral to being deported pursuant

to an illegal removal order. Indeed, the Government focus

is not on detaining Mr. Okonkwo---as described above, it

whishes to release him from and place him on the next plane

to Nigeria--but on removing him from the United States.

   In a nutshell, the Attorney General remains the proper

Respondent, even after **Padilla**. The Court expressly left

open the question of whether Attorney General remain the

custodian immigrant Habeas Petitioner, because such challenges

are not 'core challenges' to present physical confinement

---

/3 - is similarly illogical from jurisdictional standpoint.
The federal Detention Center where the Petitioner was detained
at the time he filed the instant Petition is in the Western
District of Louisiana, while the District Director office
is located in New Orleans, under the jurisdiction of the
Eastern District of Louisiana. Naming the District Director
then, would not allow Federal District Courts to avoid
difficult question of venue. Moreso, since Okonkwo is now
detained within the Northern District of Alabama.

at issue in **Padilla**. Thus, this court should find, like the majority of the Courts that have decided the issue after **Padilla** that Attorney general is, and remains the Petitioner's Custodian. As one District Judge in this District apply noted: "... it seems contrary to the interest of justice to allow Attorney General to move immigration detainees around the country (including the jurisdictions where the laws may be less favorable to them)/4 and then to argue that he is not properly the respondent to a given Petition" See **Patterson v. INS**, 2004 U.S. Dist. LEXIS 9236 & n.6 (D. Conn. May 14, 2004), citing **Alcaide-Zaelaya v. McElroy**, 2000 WL 1616981, *5 (SDNY, Oct. 27, 2000)["It is clear that absent such a rule, there will be almost no on the Government's ability to forum shop"]; and **Oakdale Justice**: **Routine Vacature of Stays in the Western District of Louisiana**, 9-01 Benders Immigration Bulletin 2 (Jan, 1, 2004)[Studying Habeas cases in the Western District of Louisiana and finding Petitioners whose cases are transferred there routinely have their Stays of removal lifted].

Accordingly, the Court should hold that Attorney General is Okonkwo's custodian.

---

/4 - It is the Petitioner's position that the only reason Okonkwo was transferred to Louisiana was to take advantage of the Fifth Circuits 'draconian' case laws. For instance, the Court in the Fifth Circuit has held that a 'Vacated conviction remains valid for the purpose of immigration' See **Renteria-Gonzalez v. INS**, 322 F.3d. 804, 812 (5th Cir. 2002), but see **Manderino v. Ashcroft**, , 318 F.Supp.2d. 13, 18 (D. Conn. 2003)[following Second Circuit's law, and holding that "When Petitioner's sentence was vacated ... it became a nullity and thus of no legal effect"].

**C. Attorney General Has Sufficient Contact with Connecticut Generally, and as related to Petitioner's removal Action to Allow this Court to Assert Personal Jurisdiction Over Him.**

Recognizing that Attorney general is the proper Respondent, if this Court finds that personal jurisdiction has not been waived, it must then consider whether it has jurisdiction over Attorney General. Indeed, this is an easy question because, as the Second Circuit recognized "The Attorney general transacts business in New York on a regular basis, [and is therefore] unquestionably subject to a long-arm jurisdiction under New York law"/5 **Henderson v. INS**, 157 F.3d. 106, 124, n.19 (2nd, Cir. 1998)

Furthermore, this Court may find that specific jurisdiction over the Attorney General given his contacts with Connecticut due to Mr. Okonkwo's removal: The Attorney General began removal proceeding while Okonkwo was in the custody of the Connecticut's Department of Correction. First by contacting the warden to notify him of the INS investigation. Ultimately, the Attorney General's agent took Okonkwo into INS custody directly from his prison facility in Connecticut. Additionally, the Attorney General is trying to remove Petitioner due to his vacated criminal conviction which occurred in Connecticut.

/5 - It should be noted that the "Connecticut's Long Arm Statute is modelled after the New York Statute" and must find pertinent the the judicial interpretation given by the Second Circuit in **Henderson**. See e.g. **Marczeski v. Kamba**, 2001 WL 21 23704, *1 (D. Conn. 2001)(AWT), cited by the Government at page 9, n.10 ["Connecticut's Long arm statute is nearly identical to New York"]

Therefore, the Attorney general has "purposefully avail[ed] himself of the priviledge of transacting business in Connecticut (thus satisfying due process concerns), and .. Petitioner's causes of action are [o] ut of" those activities within the state. **Henderson**, at 123. See also **Murray v. Ashcroft**, 2004 U.S. Dist. LEXIS 1602 (D. Conn. February 4, 2004)[Concluding that the "Attorney General Transacts business in Connecticut when they issue and/or implement detention or deportation orders that profoundly affects individuals and their families residing in Connecticut"] See also **Mandarino v. Ashcroft**, 318 F.Supp.2d. 13, 17 & n.2 (D. Conn. 2003)[same].

In sum, this court should find that Attorney General's contact with Connecticut in this case is sufficient under the Connecticut's transaction of business prong, as the Court's in **Murray** and **Mandarino**, and reject the Government's contention to the contrary.

   (D)  **The District of Connecticut is the Appropriate Venue for this Challenge to Final Order of removal as the Relevant Events Occurred Within this District.**

For similar reasons and others the District of Connecticut is also the appropriate venue for this Petition./6 Traditional venue consideration apply in habeas corpus proceedings. **Braden v. 30th Judicial Circut Court**, 410 U.S. 484, 500 (1973), and "factors to be considered in determining whether venue is proper

---

/6  - Like Personal jurisdiction, venue is waivable and should be deemed waived by the Government's failure  to object to venue here when seeking extensions for 'failure to exhaust administrative remedies'.

-18-

in Habeas suit include: (1) "Where all of the material events took place"; (2) where the 'records and witnesses pertinent to the Petitioner's claims are likely to be found; and (3) the convenience of the forum for both the Petitioner and Respondent. See Henderson, 157 F.3d. at 128 n.25 (citing Braden, 410 U.S. at 493-94). Such factors all speak to this Court as the best available forum. First, most of the material events occurred in Connecticut. Okonkwo and his family resides in the State of Connecticut, and he coninued to reside there until his incarceration. He was in the Custody of the Connectocut's Department of correction when the Attorney General's designee here in the State of Connecticut issued a Notice of Appear ("NTA") and Notice of Custody Determination commencing his unlawful detention. The NTA charges Okonkwo as deportable or inadmissible for a [vacated] conviction which occurred here in the State of Connecticut and was adjudicated a the Milford Superior Court, here in Connecticut. Second Petitioner's criminal records and witnesses to those crimes are found at or near the District of Connecticut. Petitioner's spouse, children and brother all resides here in Connecticut, and will not be able to travel to Louisiana as a witness, should that be neccessary because of work and other obligations.

The U.S. Attorney's office maintained a presence here in Connecticut, through the Office of the U.S. Attorney

-19-

in New haven Connecticut, and has been working on this case
for since 2002.

While Petitioner is currently detained in Gadsden, Alabama,
Plaintiff's conveninence is not generally relevant to a venue
determination. Leroy v.Great W. United Corp. 443 U.S. 173, 183-84
(1979), and to the extent it is relevant to residence, family
and community are all here in Coonecticut. Barnarby v. Reno,
127 F.Supp.2d. 322, 324 (D. Conn. 2001)[Assuming  jurisdition
over the Petitioner of a Connecticut's resident, with a Connecticut's
conviction, in similar situation].

Moreover, the fact that Okonkwo is now detained in Alabama,
instead of Louisiana, where the Government want this case to be
transferred serves  to support the Petitioner's contention
that the Government motion is nothing but an attempt to
'forum shop' for a favorable venue. Moreover, there was no
indication that this court could not appropriately resolve this
matter here in the District of Connecticut, where this case has
been pending for over three years, instead of in Louisiana
where the Petitioner would have to start from the scratch.
See So v. Reno, 251 F. Supp.2d. 1112, 1130 (EDNY 2003)["To
transfer this case to Louisiana now would effect a substantial
waste of judicial resources, both in this Circuit, where [the
case has been pending for a while], and in Louisiana, where the
courts would have to start from the scratch"].

Therefore, like the So Court, this court should maintain
its strong interest in this case, both to avoid such a waste

of judicial resources and to protect the rights of a long term
resident of Connecticut.

    II. MERITS OF OKONKWO'S HABEAS PETITION:

    THE COURT SHOULD VACATE THE BIA"S FINAL ORDER OF REMOVAL
    BECAUSE HIS CONVICTION HAS BEEN VACATED AND THE GOVERNMENT
    HAS CONCEDED TO HIS STATUS AS A LAWFUL RESIDENT

    The fact and merits of Okonkwo's case is straightforward
and undisputed. The INS charges him as inadmissible or deportable
for conviction at Milford Superior Court for Larceny in the
6th Degree, and not in possession of valid  Entry document.

    However, the Milford Superior Court vacated the Larceny
6th conviction for which the INS relies for its allegation of
Inadmissibility. Also, in a "Joint Statement of Uncontested
facts" agreed to by the Government and the Petitioner in a
proceeding in the Middle District of Pennsylvania, the Government
conceded to the fact that Okonkwo was granted a Lawful Resident

status, under his religious name "Mohammed Musa". Thus, this

court, must simply vacate the Immigration Judge's Written Decision
which was summarily affirmed by the BIA, and pronounce Okonkwo
a Lawful Resident of the United States, for which the conviction
forming he basis of his deportability has been vacated.

    Moreover, the gravaman of the Immigration Judge's final
Order of removal was a contention that  under the Fifth Circuit
law, " A vacated conviction remains valid for purposes of the
immigration laws" See Immigration Judge's Written Decision

-21-

at    pp. 9-10, citing Renteria-Gonzalez v. INS, 322 F.3d. 804, 812 (5th Cir. 2002).

However, this court is not bound by the Fifth Circuit's laws, as courts reviewing BIA Decisions apply their own Circuit Laws, even if the decision, as here, is made in accordance with the law of other Circuits. See Rosendo-Ramirez v. INS, 32 F.3d. 1085, 1092 (7th Cir. 1994).

Applying the Second Circuit's law to the fact of this case, Okonkwo asserts that the Immigration Court's Order of Removal must be reversed. In this District, and in the Second Circuit, a vacated conviction is  invalid, for an Immigration or for any other purpose. See United States v. Maldonado, 996 F.2d. 598, 599 (2nd. Cir. 1993)[Holding that "When a sentence has been vacated, the defendant is placed in the same position as if he had never been sentenced"], accord, Mandarino v. Ashcroft,  318 F. Supp. 2d. 13, 18 (D. Conn. 2003)["When a Petitioner's sentence is vacated,... it became a nullity, thus of no legal effect"].

Recently, the Second Circuit reaffirmed the notion that a vacated conviction is invalid for the purpose of deportation in Johnson v.  Ashcroft,, 378 F.3d. 164 (2nd. Cir. 2004). In Johnson, the alien's conviction was vacated pursuant to the New York's criminal post conviction statute. Although, the INS conceded in that case, that a vacated conviction rendered the conviction, an inadequate factual predicate, nonetheless, its

-22-

conclusion that "... the vacatur of of Petitioner's May, 7, 1998 conviction was material and constituted previously unavailable evidence" and that it is more appropriate for the Board to reopen [the proceeding] upon being informed of the vacatur" stands for the general principles that a vacated conviction, is invalid for the purpose of deportation proceeding. See Johnson, 378 F.3d. at 171, citing Wiedesberg v. INS, 896 F.2d. 1179, 1182-83 (9th Cir. 1990)[Finding that BIA abused its discretion where it declined to reopen an alien's proceedings subsequent to the nullification of the sole conviction on the basis of which he was adjuded deportable"]

In a nutshell, because the sole conviction for which Okonkwo was adjudged inadmissible has been vacated, under this Circuit's law, this court must vacate the BIA's final order of removal, and pronounce Okonkwo a Lawful Resident of the United States based on the Government concession to that status, under his religious name, Mohammed Musa.

III. OKONKWO'S CHALLENGE TO HIS CONTINUED DETENTION

(A) The Court Should Order Okonkwo's Release on his Own Recognizance Pending Final Determination on the Merits of this Case:

Because Okonkwo is likely to succeed on the merits of his case, due to the vacature of his conviction, this court has the authority to, and should Order Okonkwo's release from custody on his own recognizance on any reasonably supervisory condition

-23-

pending this Courts's final determination  of this Petition.

Other District Courts to review Habeas Petititons in similar circumstances had overwhelmingly granted release to aliens where, as in this case, there is a substantial possibility of success on the merits of the case. For example, in Sanchez v. Winfrey, 2004 U.S. Dist. LEXIS 8907 (W.D. Tex. April 28, 2004) granted the release of the Petitioner.  In concluding that Sanchez, the court held, relying inter-alia, on the Second Circuit's decision in Mapp v. Reno, 241 F.3d. 221 (2nd. Cir. 2001), that 'because the applicant has not been convicted of any type of criminal offense ... and posed no risk of flight or danger to the society if released' coupled with the fact that     Petitioner presents a substantial  claim that has been found as meritorious by other courts warrants that the Petitioner be released from custody pending theoutcome of the Habeas Corpus proceedings.

In this case, like in the Sanchez v. Winfrey, supra case, Okonkwo no longer have a conviction and consequently cannot be said to pose any danger to the society or risk of flight, therefore, this Court, like the Sanchez court must Order his release from custody pending the final outcome of his Petition. Moreso, since the vacatur of his criminal conviction demonstrate that he is is not removable and thus have a substantial possibility of sucess on the merit of this case.

Other courts have ordered the release of Petitioner's
from custody, pending adjudication of their Petitions for
Review or Habeas Corpus Petition. For example, in <u>Serrano v.
Anderson</u>, 2004 U.S. Dist. LEXIS 1332 (D.Oregon, July 9, 2004)
[Ordering the release of a Petiitoner, with a pending Petition
For review]; <u>North v. Rooney</u>, 2003 U.S. Dist. LEXIS 11229
(D.N.J. June 18, 2003)[Enjoining the INS from taking the
Petitioner  into custody, based inter, alia, on the possibility
of success on the merits of his case].

    (B) ALTERNATIVELY, THE COURT SHOULD FIND THAT PETITIONER'S
        FIVE YEARS DETENTION UNDER SECTION 236(c) IS
        UNREASONABLE, EVEN UNDER THE SUPREME COURT'S MANDATE
        IN DEMORE V. KIM, SINCE IT HAS EXTENDED BEYOND THE
        TIME FOUND TYPICAL BY THE COURTS, WHILE PETITIONER
        DID NOT CONCEDE TO REMOVABILITY.

Although the Petitioner had an administratively final
order of removal, under the second circuit's case laws,
he is still deemed to be detained under section 236, because
his final order of removal is subject to a stay of removal.
See <u>Wang v. Ashcroft</u>, 320 F.3d. 130, 147 (2nd. Cir. 2003)
[holding that where an alien is granted a stay of removal
pending habeas review, his detention status, should be construed
under the aegis of section 236, instead of section 241(a)],
accord, <u>Milbin v. Ashcroft</u>,293 F.Supp.2d. 158, 161, (D. Conn.
2003)["until this decision is filed, Milbin continues to be
subject to mandatory detention under section 236(c), as this
Court's Stay Order ... remains in effect."]. See also,
<u>Quezada-Bucio v. Ridge</u>, 317 F. Supp.2d. 1221, 1223-4
(W.D. Wash. 2004)[citing and collecting cases holding that

where an alien's removal is subject to a stay of removal, his detention status is reverted back to section 236(c)]; Rogowski v. Reno, 94 F. Supp.2d. 177, 181-2 (D. Conn. 1999)[Section 236, rather than 241 applies when an alien is granted a stay of removal].

Having established that Okonkwo is being detained under section 236(c), since he continued to litigate the merit of his removal proceedings, the Petitioner now asserts that even under the Supreme Court's mandate in Demore v. Kim, 538 U.S. 510 (2003), his detention is unreasonable and unconstitutional since that detention period has extended beyond five years, while Okonkwo asserts that he is not deportable based, inter alia, on the vacatur of his criminal conviction.

In Demore v. Kim, supra, the Supreme Court re-emphasised the importance of duration of detention pending challenge to removability. Although the Court upheld the mandatory detention scheme under section 236(c); it did so because of the 'very limited time of detention at stake in section 236(c)' See id at 538 U.S. 510, 123 S.Ct. 1721, & n.12

The Demore v. Kim Court noted in pertinent part of its opinion that detention period under section 236(c) not only have a definite termination point, in majority of the cases, it lasts for less than 90 days, and for about four months, in cases like this where the Petitioner takes an appeal.

In this case, Okonkwo was detained under section 236 since coming to the INS custody in 2000, his 236 detention continued because this court granted a stay of removal.

Thus, his detention of over Five years while the Government resist its meritorious attempts to vindicate his legal rights is unreasonable and unconstitutional since it had exceeded the time found typical in Demore v. Kim, due in part to Government legal maneuvering or its nefarious litigation strategies.

The issue of unreasonable detention was of major concerns to Justice Kennedy in his concurring opinion in Kim, wherein he noted that:

> "Were there to be an unreasonable delay by the INS in pursuing and completing removal proceedings, it could become necessary to inquire whether the detention is not to facilitate removal or to protect against the risk of dangerousness, but to detain for another reason. ... Lawful Permanent Resident could be entitled to individualized determination of their risk of flight or dangerousness, if the continued detention becomes unreasonable or unjustified"

See Demore v. Kim, 538 US at 532 [Kennedy, J. concurring].

In a recent opinion from the Eastern District of New York, the Honorable Nicholas Garaufis found in Patrick Lincoln Brown v. Ashcroft, 02-CV-3954 (NGG)(EDNY, February 16, 2005) that "during the period when an alien is granted a stay of removal, he is being detained under section 236(c)", the court also found that "Brown's prolonged period of detention of 33 months during this period is unreasonable and unconstitutional" Slip Opinion, Appended as Exhibit 2.

This Court should find Judge Garaufis, cogent and well-reasoned opinion persuasive, and conclude that like the alien in Brown, Okonkwo's prolonged detention of about five years

-27-

under section 236(c) is unreasonable and unconstitutional. See
also Zgombic v. Farquharson , 2003 WL 212443248, *1 (2nd. Cir.
2003)[Describing Justice Kennedy's concurrence in Kim as explicating
his understanding that majority opinion may allow a challenge to
detention, when for example, there has been unreasonable delay"]

In sum, Okonkwo's detention of five years under section
236(c) clearly violate the Demore v. Kim  mandate, especially
since he did not concede to removability.

To the extent that the Government will want to argue that
Okonkwo is not being detained under section 236(c), but rather
under section 235(b), due to his classification as an inadmissible
and an arriving alien by the INS, he asserts that the
arbitrary classification as an 'arriving alien does not
strips him of his 'due process protection.  Indeed, Court in this
District that have the mandatory detention challenges by
arriving aliens have applied the same due process standards
to these aliens. See e.g. Zgombic v. Farquharson, 89 F.Supp.2d.
220, 236 (D.Conn. 2000)[noting that 'Merely be leaving the country
foe Nine months, Zgombic  did not abandon her residency or
extinguish her due process"]; Alaka v. Elwood, 225 F.Supp.2d. 547
558-59 (E.D. Pa. 2002)["there is no reason for an alien in regular
removal proceeding to be entitled to bond, when the ground is
deportability, but to be prohibited, when the ground is inadmissi-
bility], id at n.55.

Moreover, the recent Supreme Court's decision in Clark
v. Martinez, _____ US ___ (2005) extending Zadvydas reliefs to

-28-

inadmissible and excludable alien indicates that 'for due process analysis' the Government cannot treat Okonkwo different from other aliens, simply because of its classification of him as an inadmissible, as opposed to deportable.

Therefore, whether Okonkwo's detention is deemed to be under section 236, 235(b), or 241(a)[7] as long as he was not provided with an individualized hearing before a neutral arbiter, to wit, a neutral immigration Judge, Justice Kennedy's concurrence in Demore v. Kim, mandates his release from custody, as he has been detained for an unreasonable period of about five years, while he is not conceding that he is remvable.

Accordingly, this court should find that Okonkwo's continued and prolonged detention of about five years and counting into the future is unreasonable, unconstitutional and in violation of the Supreme Court's decision in Demore v. Kim, supra, especially, since, unlike the alien in Kim he did not concede to removability.

---

/7 - Some Courts have also extended Zadvydas relief to aliens like the Petitioner who is granted a 'Stay of Removal' pending an Habeas and/or Petition For Review. See e.g. Oyedeji v. Ashcroft, 332 F. Supp. 2d. 747 (M.D. Pa. 2004)[Releasing a Nigerian with a pending Petition for review and a Stay of removal under Zadvydas]; Lawson v. Gerlinski, 332 F.Supp. 2d. (M.D. Pa. 2004)[releasing a Jamaican with a stay of removal pending Habeas review]; Arevalo v. Ashcroft, 260 F.Supp.2d. 349 (D. Mass. 2003)[Concluding that alien with a stay of removal cannot be indefinitely detained under Zadvydas]; Abukar v. Ashcroft, 2004 U.S. Dist. LEXIS 5998 (D. Minn. 2004)[same]. This court may elect to follow the reasoning of these courts and may Order Okonkwo's release under Zadvydas mandate.

## CONCLUSION

WHEREFORE, based on the foregoing arguments, citation and authorities, this Honorable Court is respectfully urged to grant the following reliefs:

1. Assume jurisdiction over this matter;[8]

2. Issue a Writ of Habeas Corpus directed at the Respondents to release the Petitioner from custody on his own recognizance or under appropriate supervisory condition, pending the final outcome of this Petition., and

3, Vacate the BIA final Order of removal, because

   (a) Okonkwo's vacated conviction is invalid for the purpose of immigration proceedings; and;

   (b) The Government has conceded to Okonkwo's lawful resident status, under his religious name, Mohammed Musa.; and;

4. Grant tohter reliefs, the Court may deem just and proper,

Dates: April 20, 2005.                    Respectfully Submitted,

                                      Ignatius U. Okonkwo
                                      #A26-792-203
                                      Etowah County Jail
                                      827 Forrest Avenue
                                      Gadsden, AL. 35901

---

/8 - At a status conference held prior to the completion of this motion, this court indicated its willingness to transfer this action to the Western District of Louisiana. If the Court Transfer Order has been entered, then the court should construe the 'jurisdictional and venue argument' as a 'Motion for Reconsideration' or to 'Alter and Amend' the court's Order.

## CERTIFICATE OF SERVICE

I certify  that I have served a true and correct copy of
the foregoing Pleading on the opposing counsel, via U.S.
Postal Service, postage prepaid, properly affixed and addressed
to:

Mr. Douglas P. Morabito
Assitant U.S. Attorney
District of Connecticut
157 Church Street
New Haven, CT. 06508

on this 20th day of April 2005.

Ignatius Umeadi Okonkwo
Petitioner, Pro-Se

-31-